| | |
|---|---|
| 1  BARRY DUNN (SBN 151340) | PETER B. SCHNEIDER |
|    dunnb@fdazar.com | pschneider@gsnlaw.com |
| 2  Franklin D. Azar (CO SBN 13131) | KEITH GRADY |
|    azarf@fdazar.com | kgrady@gsnlaw.com |
| 3  Nathan J. Axvig (CO SBN 31099) | GRADY SCHNEIDER, LLP |
|    axvign@fdazar.com | 1801 Congress, 4th Floor |
| 4  Jason B. Wesoky (CO SBN 34241) | Houston, Texas |
|    wesokyj@fdazar.com | Tel: (713) 228-2200 |
| 5  FRANKLIN D. AZAR & ASSOCIATES, P.C. | Fax: (713) 228-2210 |
|    14426 East Evans Avenue | (*Pro Hac Vice Applications to be filed*) |
| 6  Aurora, Colorado 80014 | |
|    Tel: (303) 757-3300 | |
| 7  Fax: (303) 757-3206 | |
|    (*Pro Hac Vice Applications to be filed*) | |

TODD M. SCHNEIDER (SBN 158253)
tschneider@schneiderwallace.com
JOSHUA G. KONECKY (SBN182897)
jkonecky@schneiderwallace.com
LISA M. BOWMAN (SBN 253843)
lbowman@schneiderwallace.com
SCHNEIDER WALLACE
COTTRELL BRAYTON KONECKY
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 421-7100
Fax: (415) 421-7105
TTY: (415) 421-1665

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEFFREY JOHNSON, JENNIFER RIESE, AND SHAUN SIMMONS, individually, and on behalf of others similarly situated, | Case No. C-09-03596 |
| Plaintiffs, | **FIRST AMENDED COMPLAINT**<br>  **(1) BREACH OF CONTRACT;**<br>  **(2) UNJUST ENRICHMENT;**<br>  **(3) PROMISSORY ESTOPPEL;**<br>  **(4) VIOLATIONS OF CALIFORNIA LABOR CODE AND WAGE ORDERS;**<br>  **(5) VIOLATIONS OF THE CALIFORNIA UNFAIR BUSINESS PRACTICES ACT;**<br>  **(6) ACCOUNTING** |
| vs. | |
| HEWLETT-PACKARD COMPANY and DOES 1-25 Inclusive, | |
| Defendants. | |
| | **CLASS ACTION** |
| | **TRIAL BY JURY DEMANDED** |

---

COMPLAINT FOR BREACH OF CONTRACT, FAILURE TO PAY WAGES, ETC.
*JOHNSON V. HEWLETT PACKARD CO.,* Case No. C-09-03596

Plaintiffs Jeffrey Johnson, Jennifer Riese, and Shaun Simmons, individually and on behalf of others similarly situated ("Plaintiffs"), bring this class action complaint against Defendant Hewlett Packard, Inc. ("Hewlett Packard" or "HP") and Does 1-25 inclusive (collectively "Defendants") and allege the following:

**PRELIMINARY STATEMENT**

1. This case arises from Defendants' generally applicable conduct with respect to the operation of a malfunctioning computer system—the "Omega" computer system—used to track sales and calculate wages due to Defendants' sales representative employees throughout the country. The Omega computer system is an order management system that Defendants use companywide to tally sales for its sales representative employees. The system, however, has systemically failed to accurately track the sales, earned commissions, and resulting earned bonuses of Hewlett Packard's sales representatives, thus resulting in the unlawful denial of millions of dollars in earned wages to the sales representatives. Worse, Defendants' corporate policies and common course of conduct, both before and after becoming aware of the computer malfunctions and resulting unpaid wages, has been wholly insufficient to ensure that the sales representatives are the paid monies owed to them.

2. Plaintiffs state claims for breach of contract, unjust enrichment, promissory estoppel and accounting to recover all unpaid wages and interest due. Plaintiffs further state claims under provisions of the California Labor Code and applicable Wage Orders that require full, complete and timely payment of all wages and the provision of wage statements that accurately account for all earnings. Indeed, through their common policies, procedures and course of conduct, Defendants have systematically failed to timely pay wages owed and have issued wage statements to Plaintiffs and members of the class that misrepresent and/or omit the employees' true earnings. Plaintiffs also state a claim under California's Unfair Business Practices Act for unfair competition by Defendants, predicated on these violations.

3. On behalf of themselves and all other similarly situated, Plaintiffs seek injunctive and declaratory relief, compensation for all unpaid wages, an accounting, liquidated and/or other damages as permitted by applicable law, statutory and civil penalties, attorneys' fees, interest, and

costs.

**PARTIES**

4. Plaintiff Jeffrey Johnson is an individual who resides in Colorado and who is a citizen of Colorado. Mr. Johnson worked as a sales representative for HP from February 22, 2005, until August 1, 2008, for the Higher Education sales department/team and the Pennsylvania/New Jersey higher education group. Mr. Johnson sold millions of dollars worth of equipment and services each year to HP customers. However, defendant HP failed to account for all of Mr. Johnson's sales and failed to pay him commissions earned and payable or accurate bonuses.

5. Plaintiff Jennifer Riese is an individual who resides in Colorado and who is a citizen of Colorado. Ms. Riese worked as a sales representative from April 1, 2002, through February 27, 2009. Ms. Riese moved to the Public Sector in November 2005, selling to public entities such as school districts in a five-state territory. Ms. Riese then transferred to the Partner Solution organization in November 2007. Ms. Riese sold millions of dollars of equipment and services on behalf of HP. However, defendant HP failed to account for all of Ms. Riese's sales and failed to pay her commissions earned and payable or accurate bonuses.

6. Plaintiff Shaun Simmons is an individual who resides in Colorado and who is a citizen of Colorado. Mr. Simmons worked as a sales representative for HP from December 2002 until October 13, 2008. Mr. Simmons worked in commercial sales where his territory included Alabama and the panhandle of Florida. Mr. Simmons transferred to TSG in 2003 where he took responsibility for the IBM GS/HP relationship. Mr. Simmons sold millions of dollars of equipment and services on behalf of HP. However, defendant HP failed to account for all of Mr. Simmons' sales and failed to pay him commissions earned and payable or accurate bonuses.

7. Defendant Hewlett Packard is a company organized and existing under the laws of the State of Delaware, with its principal place of business in California. HP does business throughout the United States. Hewlett Packard provides computer hardware, software, and services to various clients in California and nationwide.

8. The true names and capacities, whether individual, corporate, associate, representative, or otherwise of Defendants named as DOES 1 through 25 are unknown to Plaintiffs

at this time, and they are therefore sued by such fictitious names. Plaintiffs will amend this Complaint to allege the true names and capacitates of DOES 1 through 25 when Plaintiffs know them. Each of DOES 1 through 25 is in some manner legally responsible for the violations of law alleged here.

9. At all times mentioned here, each of the Doe Defendants was the agent and employee of each of the remaining Defendants, and in doing the things alleged, was acting within the scope of such agency. The acts charged in this amended complaint as having been done by Defendants were committed, authorized, ordered, ratified, and/or done by HP's officers, agents, employees, and/or designated and/or authorized representatives, while actively engaged in the management of HP's business and/or affairs and while acting with real and/or apparent authority of Defendants.

10. "Defendant" or "Defendants" refers to each defendant individually and collectively.

**JURISDICTION AND VENUE**

11. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5,000,000. Plaintiffs estimate that there are approximately 50,000 sales representatives in the proposed class. Defendants owe each sales representative employed by HP a minimum of tens of thousands of dollars in earned commissions. Thus, the number of employees HP failed to compensate multiplied by the amount owed to each employee far exceeds $5,000,000.

12. Members of the class of Plaintiffs are citizens of States different from that of Defendant. HP transacts business in California and its principle place of business is in California. Plaintiffs are Colorado citizens. Fewer than two-thirds of all members of the Class are California citizens.

13. Venue is proper in this Court because HP's principle place of business is in Northern California. Thus, most of the relevant information and witnesses for HP are located in Northern California. This lawsuit is based on facts that warrant assignment to a division in this district, including that HP maintains business locations in Santa Clara County and does significant business here.

//

**FACTUAL ALLEGATIONS APPLICABLE TO ALL CLASS MEMBERS**

14. Defendant HP's wrongful and unlawful conduct has been widespread, recurring and uniform across its locations. Defendant HP's wrongful and unlawful conduct arises out of and is based on corporate systems and polices developed at and administered from HP's headquarters in Northern California.

15. In their positions as sales representatives, Plaintiffs were to receive a salary from HP. In addition, defendant HP agreed to pay each Plaintiff commissions on sales and a bonus if they exceeded certain quotas.

16. Defendant HP used a computer program called Omega to record, track, and calculate each Plaintiff's commission on each sale. Pursuant to HP's policies, credit for sales was dependent on Omega's calculations.

17. Defendant HP has admitted the Omega system has malfunctioned, been subject to delays, and caused problems with paying commissions to employees and that such problems are chronic and persistent.

18. Defendant HP knew of shortcomings in the Omega system that resulted in wage statements and reports that did not accurately reflect the commission and bonus wages owed at any given time.

19. Defendant HP acknowledged internally that millions of dollars in wages have gone unpaid.

20. Defendant HP had all data available to determine how much Plaintiffs were owed, yet Defendants have failed to pay the wages owed.

21. HP's unlawful conduct has been widespread, repeated and consistent at locations involving its salespeople and the Omega system.

22. The above-described systematic failure to pay Plaintiffs commissions earned and to properly credit Plaintiffs for sales caused Plaintiffs damages in an amount to be proven at trial. All conditions precedent necessary to bring the claims asserted in this Complaint have been met.

//

//

## CLASS ALLEGATIONS

23. Plaintiffs bring this case as a class action on behalf of a Class consisting of:

> All current and former employees of HP in the United States who sold equipment or services on behalf of HP and whose sales, commissions and/or earnings were tracked by the Omega computer system used by HP, for the period of time beginning August 6, 2005 (four years prior to the filing of the original complaint) until resolution of this Action.

24. <u>Numerosity</u>: Plaintiffs estimate there are more than 50,000 current and former employees in the Class. Given defendant HP's massive size and the systematic nature of HP's failure to comply with common and statutory law, the members of the Class are so numerous that joinder of all members is impractical.

25. <u>Common Questions of Law and Fact</u>: Common questions of law and fact exist throughout the defined Class.   These include:

    a. The operation and use of the Omega computer system by Defendants in tracking and calculating the sales, commissions, and bonus wages earned by sales representatives throughout the country.

    b. The malfunctions of the Omega computer system;

    c. Defendants' policies, omissions, and common course of conduct with respect to the Omega computer system and its malfunctions;

    d. Whether Defendants' systemic policies and practices regarding the failure to accurately and completely compensate Plaintiffs and the Class members for their work violates Defendants' compensation plans and contracts with the employees;

    e. Whether Defendants' systemic policies and practices regarding the failure to accurately and completely compensate Plaintiffs and the Class members for their work violates California common law;

    f. Whether Defendants' systemic policies and practices regarding the failure to accurately and completely compensate Plaintiffs and the Class members for their work violates the California Labor Code and applicable Wage Orders;

    g. Whether Defendants systemic policies and practices regarding the failure to

        accurately and completely compensate Plaintiffs and the Class members for their work constitutes unfair competition in violation of California Business and Professions Code § 17200 *et seq.*;

    h.    Whether Defendants' payroll policies and practices have violated California's labor laws and/or the Unfair Business Practices Act by yielding wage statements that do not accurately reflect the employee earnings and/or other items listed in Labor Code § 226(a);

    i.    Whether Defendants violated Labor Code §§ 201-202 and/or the Unfair Business Practices Act by failing to promptly pay Plaintiffs all wages upon termination of their employment;

    j.    The proper formula for calculating an accounting, restitution, unjust enrichment, damages, and waiting time penalties, and other statutory or civil penalties owed to Plaintiff and the Class as a result of the violations alleged here;

    k.    The crafting of appropriate declaratory and injunctive relief.

26. <u>Typicality</u>: Plaintiffs' claims are typical of the claims of the members of the Class. Plaintiffs and Class Members have been sales representatives for HP. Plaintiffs, like the other members of the Class, were subject to the same set of policies and system of Defendants regarding the tracking, crediting and payment of earned commissions and bonuses. Plaintiffs' claims are based on the same legal theories as the claims of the Class.

27. <u>Adequate Representation:</u> Plaintiffs will fairly and adequately protect the interests of the Class. There is no antagonism or conflict of interest between the the named Plaintiffs and absent class members. Plaintiffs have retained counsel competent and experienced in complex, class action litigation.

28. Certification is appropriate under FRCP 23(b)(2) because defendant HP has acted or refused to act on grounds generally applicable to the class, thereby making final injunctive relief and declaratory relief appropriate to prevent defendant HP from continuing to violate California wage and hour laws.

29. Certification is appropriate under FRCP 23(b)(3) because: (a) common questions of

law or fact predominate over questions affecting only individual members; (b) the forum is convenient to the parties, class members, and potential witnesses; the class is specifically identifiable to facilitate provision of adequate notice; and there will be no significant problems managing this case as a class action, and (c) a class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual class members have minimal interest in controlling the prosecution of separate actions.

### FIRST CLAIM FOR RELIEF
#### (Breach of Contract)

30. Plaintiffs incorporate and re-allege all paragraphs as if fully set forth herein.

31. Pursuant to the terms of Plaintiffs' employment with HP and HP's own policies, Plaintiffs agreed to sell HP services and products, and HP agreed to compensate Plaintiffs for their work, including paying Plaintiffs commissions on sales and paying Plaintiffs a bonus if Plaintiffs met certain established targets.

32. HP agreed to pay Plaintiffs pursuant to standardized, written compensation plans and contracts.

33. Accordingly, the parties entered into a binding, enforceable, and unambiguous contract for which there was adequate consideration.

34. Plaintiffs sold HP services and equipment, but defendant HP failed to pay Plaintiffs commissions on certain sales and failed to credit Plaintiffs for certain sales, thus precluding Plaintiffs from receiving bonuses because defendant HP prevented Plaintiffs from reaching certain sales targets set by HP.

35. HP's failures constitute a breach of contract.

36. As a result of defendant HP's breach, Plaintiffs were damaged in an amount to be determined at trial including, but not limited to, commissions and bonuses owed.

### SECOND CLAIM FOR RELIEF
#### (In the Alternative to the First Claim for Relief – Unjust Enrichment / Implied Contract / Quantum Meriut)

37. Plaintiffs incorporate and re-allege all paragraphs except paragraphs 30-36 as if fully set forth herein.

38. Plaintiffs agreed to sell HP's products and services in exchange for a salary, commissions, and bonuses.

39. Despite Plaintiffs' requests and demands, HP has failed and refused to pay for the benefits it received from Plaintiffs, namely sales revenues generated by Plaintiffs.

40. Defendants would be unjustly enriched, and Plaintiffs inequitably injured, if HP were not required to pay a reasonable sum for these benefits received from Plaintiffs.

41. Defendants know they are retaining a benefit to Plaintiffs' detriment under circumstances that make such retention unjust.

42. As a result of Defendants' actions, Plaintiffs have been damaged in an amount to be determined at trial.

Wherefore, Plaintiffs and the class request relief as provided below.

### THIRD CLAIM FOR RELIEF
**(Promissory Estoppel)**

43. Plaintiffs incorporate and re-allege all paragraphs as if fully set forth herein.

44. Through Defendants' conduct in employing Plaintiffs and the Class members, Defendants made a clear and definite promise that Plaintiffs and the Class members would be paid commissions on sales made for Defendants.

45. HP's policies, procedures, and employment manuals contain terms that are sufficiently definite to create a promise on behalf of Defendants to Plaintiffs and the Class members that they would be paid commissions on sales made for Defendants.

46. By providing Plaintiffs such policies, procedures, and employment manuals, Defendants exhibited a manifestation of willingness to enter into an employment agreement which justified Plaintiffs and the Class members to rely on Defendants' offer to provide commissions for sales made for Defendants. Plaintiffs and Class members accepted Defendants' offer by receiving such policies, procedures, and employment manuals and working for Defendants.

47. Defendants made such promises with the knowledge and/or understanding that the Plaintiffs and the Class members were seeking employment with them. Plaintiffs and the Class members relied on such promises by Defendants to pay commissions earned by making sales for

1  Defendants. Absent such promises, Plaintiffs and the Class members would not have worked for
2  Defendants. Thus, Defendants knew or reasonably should have known that Plaintiffs and the Class
3  members would be reasonably induced to rely on such promises.

4      48. It was the mutual intent of the Parties that Plaintiffs and the Class members would be
5  provided commissions on sales made for Defendants.

6      49. Defendants knew or reasonably should have known that Plaintiffs and the Class
7  members undertook their employment with a reasonable expectation that they would be paid for all
8  their wages earned, including commissions.

9      50. Plaintiffs and the Class members reasonably relied on Defendants' aforementioned
10 promises and were induced to perform all the work requested by Defendants, including making
11 sales for Defendants. Defendants have not fulfilled their promise to pay Plaintiffs and the Class
12 members for all wages earned.

13     51. Plaintiffs and the Class members acted to their substantial detriment in reasonable
14 reliance on Defendants' promise to pay them for wages earned. Injustice can be avoided only if
15 this Court mandates that Defendants pay their employees all wages earned but not paid.

16     52. Allowing Defendants to reap the rewards of sales made by Plaintiffs and the Class
17 members without paying commissions for such sales would allow Defendants to profit without any
18 legal consequences and would be unjust.

19     53. Defendants are liable to Plaintiffs and the Class members for damages incurred as a
20 result of Defendants' failure to pay earned wages.

21     Wherefore, Plaintiffs and the class request relief as provided below.

22 <center>**FOURTH CLAIM FOR RELIEF**</center>
23 <center>**(Paying Lower Than Designated Wage: Cal. Lab. Code § 223)**</center>

24     54. Plaintiffs incorporate and re-allege all paragraphs as if fully set forth herein.

25     55. California Labor Code § 223 provides: "Where any statute or contract requires an
26 employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage
27 while purporting to pay the wage designated by statute or by contract."

28     56. Defendants have, through their use of and policies surrounding the Omega computer

SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP

system, including the known malfunctions and inaccuracies of that system, systemically and secretly paid lower wages to their sales representatives than the amounts set forth in the sales compensation plans and other contracts between Defendants and the sales representatives.

57. Plaintiffs are entitled to their earned bonuses and commissions pursuant to their sales compensation plans and contracts. Defendant is liable to Plaintiffs and the class alleged here for unpaid wages, interest, costs and attorneys fees pursuant to California law.

Wherefore, Plaintiffs and the class request relief as provided below.

## FIFTH CLAIM FOR RELIEF
### (Failure to Pay Wages: Cal. Lab. Code § 218)

58. Plaintiffs incorporate and re-allege all paragraphs as if fully set forth herein.

59. At all relevant times, HP failed to pay wages in the form of Plaintiffs' commission and bonuses as required by California law.

60. During the course of Plaintiffs' employment, HP allowed, suffered, and permitted Plaintiffs and putative class members to perform work for the benefit of HP without being paid the wages owed them for this labor.

61. As a result, Plaintiffs and putative class members are entitled to wages pursuant to California law, including, but not limited to, Cal. Lab. Code §§ 201, 202, 203, 204 and 218.

62. Plaintiffs, on their own behalf and on behalf of other similarly situated, seek as damages in an amount to be determined, interest, fees and costs pursuant to California law.

Wherefore, Plaintiffs and the class request relief as provided below.

## SIXTH CLAIM FOR RELIEF
### (Failure to Pay Wages: Cal. Lab. Code § 204)

63. Plaintiffs incorporate and re-allege all paragraphs as if fully set forth herein.

64. At all relevant times, HP failed to pay wages in the form of Plaintiffs' commission and bonuses as required by California law.

65. During the course of Plaintiffs' employment, HP allowed, suffered, and permitted Plaintiffs and putative class members to perform work for the benefit of HP without being paid the wages owed them in a timely manner as required by § 204.

66. As a result, Plaintiffs and putative class members are entitled to wages and penalties

1  pursuant to California law, including, but not limited to, Cal. Lab. Code §§ 204 and 210.

2      67.    Plaintiffs, on their own behalf and on behalf of other similarly situated, seek as
3  damages in an amount to be determined, interest, fees and costs pursuant to California law.

4      Wherefore, Plaintiffs and the class request relief as provided below.

**SEVENTH CLAIM FOR RELIEF**
**(Failure to Provide Itemized Wage Statements; Cal. Lab. Code § 226)**

7      68.    Plaintiffs incorporate and re-allege all paragraphs as if fully set forth herein.

8      69.    Defendant HP is required to comply with California wage and hour law. Defendant HP is required to provide accurate itemized wage statements for each pay period to Plaintiffs and putative class members pursuant to California law including, but not limited to, Cal. Lab. Code § 226.

12      70.    Within the applicable time period prior to the filing of this complaint up through and including the present date through adjudication, defendant HP failed to provide timely, accurate itemized wage statements to Plaintiffs and putative class members. The wage statements do not accurately reflect the actual rate of pay, actual gross wages earned, actual net wages earned, or appropriate deductions. When defendant HP did pay Plaintiffs and putative class members, it included dates on the pay stubs, but those dates did not accurately reflect the dates for which Plaintiffs and putative class members were being paid. Defendant HP has admitted that the Omega system was often six months behind; thus, pay stubs provided to Plaintiffs and putative class members were inaccurate in violation of Cal. Labor code § 226.

21      71.    Plaintiffs, on their own behalf and on behalf others similarly situated, seek payment of actual damages pursuant to Cal. Lab. Code §226(e) for each employee who did not receive accurate itemized wage statements during their employments with defendant HP. Plaintiffs also seek the payment of costs, interest, and attorneys' fees pursuant to California law.

25      Wherefore, Plaintiffs and the class request relief as provided below.

**EIGHTH CLAIM FOR RELIEF**
**(Failure to Compensate Employees: Cal. Lab. Code §§ 2926, 2927)**

28      72.    Plaintiffs incorporate and re-allege all paragraphs as if fully set forth herein.

SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP

73. California Labor Code §§ 2926 & 2927 provide that an employee who is not employed for a specified term and who is dismissed by his employer or quits is entitled to compensation for services rendered up to the time of such dismissal.

74. Plaintiffs and certain members of the class were not employed for a specified term and either were dismissed or quit, but did not receive their earned commissions and bonuses through the date of their separation from HP.

75. Plaintiffs class members seek unpaid wages, interest, costs and other relief, in an amount to be determined, pursuant to California law.

Wherefore, Plaintiffs and the class request relief as provided below.

## NINTH CLAIM FOR RELIEF
**(Recovery of Waiting Time Penalties: California Labor Code §§ 201, 202, and 203)**

76. Plaintiffs incorporate and re-allege all paragraphs as if fully set forth herein.

77. California Labor Code § 203 provides that if an employer willfully fails to pay, without abatement or reduction, in accordance with California Labor Code §§ 201, 201.5, 202 and 205.5, any wages of an employee who is discharged or who resigns, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid up to a maximum of thirty (30) days.

78. During all relevant times, defendant HP had and continues to have a consistent and uniform policy, practice and procedure of willfully failing to pay Plaintiffs' earned and unpaid wages in the form of commissions and bonuses at the termination of their employment, in violation of California Labor Code §§ 201 and 202.

79. Plaintiff and certain members of the class are no longer employed by defendant HP, in that they were either discharged from or quit defendant HP's employ.

80. During all relevant times, defendant HP willfully failed to pay Plaintiffs and members of the class who are no longer employed by HP a sum certain for earned wages in the form of commission and bonuses, at the time of their termination or within seventy-two (72) hours of their resignation, and failed to pay those sums for thirty (30) days thereafter.

81. During all relevant times, defendant HP willfully failed to pay Plaintiffs and members of the class who are no longer employed by HP, because HP knew these commissions and bonuses were

1  due, but nevertheless failed to pay them.

2      82.    Plaintiffs and members of the class who are no longer employed by defendant HP are entitled to penalties pursuant to California Labor Code § 203, in the amount of each person's daily wage multiplied by thirty (30) days.

    Wherefore, Plaintiffs and the class request relief as provided below.

### TENTH CLAIM FOR RELIEF
**(Private Attorneys General Act of 2004, Cal. Lab. Code §2698 *et seq.*)**

83.    Plaintiffs incorporate and re-allege all paragraphs as if fully set forth herein.

84.    Pursuant to the Private Attorneys General Act of 2004, Cal. Lab. Code §2698 *et seq.*, Plaintiffs gave notice to defendant HP and to the California Labor and Workforce Development Agency of HP's violations of the California Labor Code on October 23, 2009, more than thirty-three (33) days from the date of this Amended Complaint.

85.    The State of California has declined to investigate the allegations against HP.

86.    Pursuant to California Labor Code § 2699(a), Plaintiffs and Class Members are entitled to civil penalties provided in California law including, but not limited to, Cal. Lab. Code §§ 210, 226.3 and 225.5.

87.    Plaintiffs and Class Members also are entitled to the civil penalties set forth in California Labor Code § 2699(f) for violations of provisions of the Labor Code that do not themselves carry civil penalties, including, but not limited to, Cal. Lab. Code §§ 201, 203, 218, and 226(e), 2926, and 2927.

88.    Plaintiffs a members of the class are entitled to receive civil penalties and attorneys' fees provided for in Cal. Lab. Code § 2698 *et seq.* and otherwise.

    Wherefore, Plaintiffs and the class request relief as provided below.

### ELEVENTH CLAIM FOR RELIEF
**(Unfair/Unlawful/Fraudulent Business Practices:  Cal. Bus. & Prof. Code § 17200, *et seq*.)**

89.    California Business and Professions Code §§17200, *et. seq.* (also referred to as the "Unfair Business Practices Act" or "Unfair Competition Law"), prohibits unfair competition in the form of any unlawful, unfair or fraudulent business act or practice.

90. California Business and Professions Code §17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

91. Labor Code §90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

92. Beginning at an exact date unknown to Plaintiffs, but at least since the date four years before the filing of this suit, Defendant has committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent business practices and acts described in this Complaint, including, but not limited to:

    a. violations of Labor Code §§ 218, 223, 2926, 2927 pertaining to unpaid wages;

    b. violations of Labor Code §§ 201-203; and

    c. violations of Labor Code §§ 226.

93. The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages and discouraging overtime labor underlying them, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§17200, *et. seq.*

94. The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§17200, *et seq*. Among other things, the acts and practices have taken from Plaintiffs and the class wages rightfully earned and paid to them to recover for occurrences or losses outside of their control and not the result of their willfulness or gross negligence, while enabling HP to gain an unfair competitive advantage over law-abiding employers and competitors.

95. As a direct and proximate result of these acts and practices, Plaintiffs and the class have suffered a loss of money and property, in the form of unpaid wages that are due and payable to them.

//

96.     Business and Professions Code §17202 provides: "Notwithstanding Section 3369 of the Civil Code, specific or preventive relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition."  Plaintiff and the class are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business and Professions Code §17202.

97.     Plaintiffs' success in this action will enforce important rights affecting the public interest and in that regard Plaintiffs sue on behalf of themselves and others similarly situated. Plaintiffs and the class seek and are entitled to unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

98.     Plaintiffs take upon themselves enforcement of these laws and lawful claims.  There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiffs by forcing them to pay attorneys' fees from the recovery in this action.  Attorneys' fees are appropriate pursuant to Code of Civil Procedure §1021.5 and otherwise.

Wherefore, Plaintiffs and the class request relief as provided below.

### TWELFTH CLAIM FOR RELIEF
**(Accounting)**

99.     Plaintiffs incorporate and re-allege all paragraphs as if fully set forth herein.

100.    Defendant HP failed to properly account for sales made by and commissions owed to Plaintiffs.

101.    Plaintiffs are not in a position to completely and accurately determine the exact amount owed to them.

102.    Defendants must provide a full accounting to Plaintiffs to enable Plaintiffs to determine the exact amounts owed to Plaintiffs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and the class Plaintiffs seek to represent in this action request the following relief:

1. For an order certifying this action as a collective action and as a class action under Fed.

1     R. Civ. P. 23 and appointing Plaintiffs as Class Representatives and Plaintiffs' attorneys
2     as Class Counsel;
3  2. For damages and restitution according to proof at trial for all unpaid wages;
4  3. For a declaratory judgment that Defendant has violated Business and Professions Code
5     §§ 17200 et seq., as a result of these violations of the law and California public policy
6     protecting wages;
7  4. For preliminary, permanent and mandatory injunctive relief prohibiting HP, its officers,
8     agents and all those acting in concert with HP from committing in the future those
9     violations of law alleged here;
10 5. For an equitable accounting to identify, locate and restore to all current and former
11    employees the wages they are due, with interest;
12 6. For statutory wages pursuant to California law including, but not limited to, California
13    Labor Code §§203 and 226;
14 7. For a finding that HP acted willfully in each violation of California's wage-and-hour
15    laws;
16 8. For an award of restitution, according to proof, under the law and the Business and
17    Professions Code §§17200-17205, with interest;
18 9. For an order awarding Plaintiffs and the class compensatory damages, including lost
19    wages, earnings and other employee benefits and all other sums of money owed to
20    Plaintiffs and class members, together with interests on these amounts, according to
21    proof;
22 10. For an order awarding Plaintiffs and the Class civil penalties pursuant to applicable law
23    cited here and the unfair Business Practices Act, with interest;
24 11. For pre-judgment and post-judgment interest, as provided by law;
25 12. For liquidated damages for Plaintiffs and the class for all wages earned;
26 13. For all applicable penalties for the violations set forth here;
27 14. Reasonable attorneys' fees and costs of suit;
28 15. For an award of all "civil penalties" under the Private Attorneys General Act of 2004,

Cal. Lab. Code § 2698 et seq.; and

16. For such other and further relief as the Court may deem proper.

Respectfully submitted,

Date:  December 4, 2009                FRANKLIN D. AZAR & ASSOCIATES, P.C.

GRADY SCHNEIDER, L.L.P.

SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP


      /s/ Lisa M. Bowman
LISA M. BOWMAN
Counsel for Plaintiffs

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all claims for which they are entitled to a jury trial.

Respectfully submitted,

Date:  December 4, 2009                FRANKLIN D. AZAR & ASSOCIATES, P.C.

SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP


      /s/ Lisa M. Bowman
LISA M. BOWMAN
Counsel for Plaintiffs