1   MORGAN, LEWIS & BOCKIUS LLP
    MELINDA S. RIECHERT, State Bar No. 065504
2   ROBERT J. SMITH, State Bar No. 162784
    *Admitted pro hac vice*
3   2 Palo Alto Square
    3000 El Camino Real, Suite 700
4   Palo Alto, CA  94306-2122
    Tel:  650.843.4000
5   Fax:  650.843.4001
    mriechart@morganlewis.com
6   rsmith@morganlewis.com

7   BARBARA I. ANTONUCCI, State Bar No. 209039
    One Market, Spear Street Tower
8   San Francisco, CA  94105-1126
    Tel:  415.442.1000
9   Fax:  415.442.1001
    bantonucci@morganlewis.com

10
    Attorneys for Defendant
11  HEWLETT-PACKARD COMPANY

12                          UNITED STATES DISTRICT COURT

13                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

14

15  JEFFREY JOHNSON, JENNIFER RIESE,        Case No. C-09-03596 CRB
16  SHAUN SIMMONS and JEFFREY
    KOSSICK, individually, and on behalf of  **DEFENDANT HEWLETT-PACKARD**
17  others similarly situated,               **COMPANY'S NOTICE OF MOTION AND**
                                             **MOTION TO STRIKE PORTIONS OF**
18                   Plaintiffs,             **PLAINTIFFS' SECOND AMENDED**
                                             **COMPLAINT**
19          vs.
                                             **[F.R.C.P., Rule 12(b)(f)]**
20  HEWLETT-PACKARD COMPANY and
    DOES 1-25 inclusive,                     **MEMORANDUM OF POINTS AND**
21                                           **AUTHORITIES**
                     Defendants.
22                                           Date:    May 14, 2010
                                             Time:    10:00 a.m.
23                                           Dept.:   Courtroom 8, 19th Floor
                                             Judge:   Hon. Charles R. Breyer
24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/21661457.2

Case No. C-09-03596

MOTION TO STRIKE PORTIONS OF PLAINTIFFS' SECOND AMENDED COMPLAINT

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on May 14, 2010 at 10:00 a.m., or as soon thereafter as counsel may be heard by the above-referenced Court, located at 450 Golden Gate Avenue, San Francisco, California, 94102, Courtroom 8, 19th Floor, Defendant The Hewlett Packard Company ("Defendant") will and hereby does move this Court pursuant to the Federal Rules of Civil Procedure, Rule 12(f) for an order striking the following portions of the Second Amended Complaint ("SAC") because Plaintiffs Jeffrey Johnson, Jennifer Riese, Shaun Simmons and Jeffrey Kossick ("Plaintiffs") seek relief that is not recoverable as a matter of law and/or fail to state a claim for relief:

(1)     STRIKE the following allegations on the ground that none of the Plaintiffs has standing to bring claims on behalf of non-Californians.  Non-California Plaintiffs have no right to sue for violation of California law and such representation would result in an unconstitutional application of California law to non-California residents.

(a)  Paragraph 56, Page 12, the phrase "[a]ll current and former employees of HP in the United States ….";

(b)  Paragraph 57, Page 12, the phrase "Plaintiffs also bring this case on behalf of two subclasses to enforce the wage and hour laws of the States of California and Colorado";

(c)  Paragraph 94, Page 17, the phrase "[a]ccordingly Claims four through nine, at the present time, are brought on behalf of the General Class";

(d)  Paragraphs 95, 97, 98, 99, 100, 101, 102, 103, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 122, 123, 124, 125, 127, 128, 129, 130, 131, 132, 133, 134, 136, 137, 138, 153, 157, 159, 160, 161, 162, 163 and 164, Pages 18-22 and 24-26, the terms "Plaintiffs," "Employees" and "Class Members" insofar as those terms are defined to include non-California Plaintiffs, Employees and Class Members.

(e)  Prayer for Relief, No. 7, the phrase "[f]or an award of restitution, according to proof, under the law and the Business and Professions Code §§ 17200-17205, with interest" insofar as such relief is sought on behalf of non-California Employees, Plaintiffs and Class Members;

(f)  Prayer for Relief, No. 8, the phrase "[f]or statutory wages pursuant to California law" insofar as such relief is sought on behalf of non-California Employees, Plaintiffs and Class Members;

(g)  Prayer for Relief, No. 9, the phrase "Plaintiffs and Class Members are entitled to waiting time penalties pursuant to Labor Code § 203" insofar as such relief is sought on behalf of non-California Employees, Plaintiffs and Class Members;

(h)  Prayer for Relief, No. 11, the phrase "an order awarding Plaintiffs and Class Members all applicable statutory and civil penalties under California … law, including but [*sic*] limited to, under the California Private Attorneys General Act of 2004, Cal. Lab. Code § 2698 et seq." insofar as such relief is sought on behalf of non-California Employees, Plaintiffs and Class Members;

(i)  Prayer for Relief, No. 17 the phrase "an award of all "civil penalties" under the Private Attorneys General Act of 2004, Cal. Lab. Code § 2698 et seq" insofar as such relief is sought on behalf of non-California Employees, Plaintiffs and Class Members;

(2)      STRIKE – from Paragraph 57, Page 12, "for the period of time beginning August 6, 2005 (four years prior to the filing of the original complaint)" on the ground that the statute of limitations in Colorado for breach of a written contract is three years and for breach of an oral contract is two years.

The Motion to Strike portions the SAC is based upon this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the accompanying Motion to Dismiss, any reply filed in support of this motion, oral argument of counsel at the hearing, the files and records in this action and any other matters that Court may properly consider via judicial notice or otherwise.

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Palo Alto

DB2/21661457.2

2

Case No. C-09-03596

MOTION TO STRIKE PORTIONS OF PLAINTIFFS' SECOND AMENDED COMPLAINT

1

2     Dated: April 8, 2010                         MORGAN, LEWIS & BOCKIUS LLP

3

4                                                  By _____/s/ Melinda S. Riechert_____
                                                          Melinda S. Riechert

5                                                  Attorneys for Defendant
                                                   HEWLETT-PACKARD COMPANY
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DB2/21661457.2                           3                    Case No. C-09-03596

MOTION TO STRIKE PORTIONS OF PLAINTIFFS' SECOND AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     SUMMARY OF ARGUMENT

Plaintiffs Jeffrey Johnson, Jennifer Riese, Shaun Simmons and Jeffrey Kossick's ("Plaintiffs") Second Amended Complaint ("SAC") contains many of the same infirmities that appeared in their First Amended Complaint ("FAC").  Although Plaintiffs now include a California plaintiff,[1] they continue to improperly seek relief under various provisions of the California Labor Code and Unfair Competition Law ("UCL") on behalf of a *nationwide* class.  The application of California law, including the California Labor Code and UCL, to non-residents exceeds the scope of California's statutes, violates the U.S. Constitution, and ignores Hewlett-Packard Company's ("HP" or "Defendant") due process rights.  Accordingly, Plaintiffs' Fourth through Tenth and Thirteenth Claims for Relief should be stricken, with prejudice, as to all non-California Plaintiffs and all alleged putative class members who do not reside in California.

Additionally, the Colorado subclass, as defined, is improper since it seeks to bring claims arising four years prior to the filing of the complaint, when the statute of limitations in Colorado is three years for breach of a written contract and two years for breach of an oral contract.

## II.     STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

### A.     Plaintiffs' Second Amended Complaint

On January 19, 2010, HP moved to strike and to dismiss Plaintiffs' First Amended Complaint on the ground, among others, that non-California plaintiffs could not seek or obtain relief under California's wage and hour and unfair competition laws.  After the March 5, 2010 hearing on HP's motion, Plaintiffs filed their SAC.  Like the FAC, the SAC alleges a putative nationwide class of "*all* current and former employees of HP in the United States who sold equipment or services on behalf of HP…."  SAC ¶ 56 (emphasis added).  However, the SAC adds a California Plaintiff and alleges, *in the alternative*, two subclasses: Subclass A consisting of all current and former *California* employees; and Subclass B consisting of all current and former *Colorado* employees.  Plaintiffs state:

---

[1] As noted in the accompanying Motion to Dismiss, the California Plaintiff, Jeffrey Kossick, signed a release of claims, and thus has waived his right to bring any claims against HP.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/21661457.2                                      1                      Case No. C-09-03596

MOTION TO STRIKE PORTIONS OF PLAINTIFFS' SECOND AMENDED COMPLAINT

HP has taken the position that claims arising under California's wage and hour statutes, including but not limited to Cal. Labor Code §§ 201, 202, 203, 204, 218, 223, 226, 2926 and 2927, only apply to HP employees who worked in California, and do not apply to HP employees who work elsewhere. Although the Employees dispute HP's position, if the Court were to agree with HP, claim nos. four through nine would only apply to Subclass A, whose class representative would be Jeffrey Kossick ("Employee"). Accordingly, Claims four through nine, *at the present time are brought on behalf of the General Class*. If, however, it is ultimately determined that claims four through nine only apply to Subclass [*sic*] A, such claims shall be deemed to be brought on behalf of Subclass A.

SAC ¶ 94 (emphasis added). Plaintiffs make a similar allegation with regard to the Colorado subclass. SAC ¶ 139 ("[t]o the extent the Court determines California wage and hour statutes do not extent to HP employees based in Colorado, [the Colorado] Plaintiffs … allege the claims eleven and twelve under Colorado law.")

Even though Plaintiffs create, in the alternative, Subclasses for claims Four through Nine of the SAC, they create no such Subclasses for claims ten and thirteen. Thus, Plaintiffs continue to allege their claims under California Labor Code § 2698, the Private Attorneys General Act ("PAGA"), and California's Unfair Competition Law on behalf on the entire nationwide class and continue to assert claims for violation of California law by non-California residents. SAC ¶¶ 94, 133-138, 153-164.

## III.   ARGUMENT

### A.   The Court Should Strike Portions of the SAC

Under Rule 12(f), a defendant may move to strike language seeking relief that is not recoverable as a matter of law. *Estate of Migliaccio v. Midland Life Ins. Co.*, 436 F.Supp.2d 1095, 1100 (C.D. Cal. 2006) (citing *Tapley v. Lockwood Green Eng'rs, Inc.*, 502 F.2d 559, 560 (8th Cir. 1974)). The grounds for a motion to strike must appear on the face of the complaint or from matters the court may judicially notice. *S.E.C. v. Sands*, 902 F.Supp. 1149, 1165 (C.D. Cal. 1995). The function of a motion to strike is to avoid the expenditure of time and money that might arise from litigating spurious issues by dispensing with those issues prior to trial. *Sidney-Vinstein v. A.H. Robins, Co.*, 697 F.2d 880, 885 (9th Cir. 1983). A motion to strike may be granted where "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F.Supp. 820, 830 (N.D. Cal. 1992).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/21661457.2                          2                          Case No. C-09-03596

MOTION TO STRIKE PORTIONS OF PLAINTIFFS' SECOND AMENDED COMPLAINT

Class allegations may be stricken or limited at the pleading stage. *Sanders v. Apple Inc.*, 2009 WL 150950, *9-10 (N.D. Cal. Jan. 21, 2009) (granting motion to dismiss and motion to strike and stating "[w]here the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery"); *Hibbs-Rines v. Seagate Tech., LLC*, 2009 WL 513496, * 3 (N.D. Cal. Mar. 2, 2009) (although motion to strike was denied as premature, "defendants <u>correctly</u> assert[ed] that class allegations may be stricken at the pleading stage) (*citing Kamm v. California City Dev'l Co.*, 509 F.2d 205, 212 (9th Cir. 1975); *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935 (9th Cir. 2009 (granting defendant's motion to deny class certification which was filed before the plaintiffs had filed a motion to certify and prior to the pretrial and discovery cutoffs). In addition, Rule 23(d)(1(D) provides that "the court may issue orders that: . . . require that the pleadings be amended to *eliminate allegations about representation of absent persons . . . .*" (emphasis added). This subsection allows courts to "give clear definition" to a class action and "determine as early in the proceedings as practicable" whether class allegations can be maintained. Rule 23, Advisory Comm. Notes, 1966 Amendment, subdivision (c)(1). The Rule was enacted to ensure "the fair and efficient conduct" of class actions and to "simplify the proof and argument" required in class actions. Rule 23, Advisory Comm. Notes, 1966 Amendment, subdivision (d).

Such modification of class allegations "aims to reduce even further the possibility that a party could use the ill-founded threat of a class action to control negotiations . . . ." *In re GMC Pick-up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 785 (3d Cir. 1995) (considering the "several basic purposes" served by class actions and setting aside class action settlement based upon plaintiff's failure to meet certification requirements). Indeed, the United States Supreme Court recently made clear that it is especially vital to grant a motion to dismiss or strike in cases (such as this purported class action) where the threat of "sprawling, costly, and hugely time-consuming" discovery "will push cost-conscious defendants to settle even anemic cases." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 559, 560, n. 6 (2007) (emphasis added).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/21661457.2

3

Case No. C-09-03596

MOTION TO STRIKE PORTIONS OF PLAINTIFFS' SECOND AMENDED COMPLAINT

**B.**     **Plaintiffs' Claims Continue to be Predicated upon an Unconstitutional Application of California Law to Non-Residents.**

Plaintiffs, even a California plaintiff, cannot assert a claim on behalf of non-California residents for violation of California's Labor Laws. The extraterritorial exercise of power by a State constitutes a violation of the Commerce Clause of the United States Constitution and a party's due process rights. *Shaffer v. Heitner*, 433 U.S. 186, 197 (1977) ("[a]ny attempt directly to assert extraterritorial jurisdiction over person or property would offend sister States and exceed the inherent limits of the State's power."); *Edgar v. MITE Corp.*, 457 U.S. 624, 642-43 (1982 (plurality opinion) ("Commerce Clause … precludes the application of a state statute to [conduct] that takes place wholly outside of the State's borders."); *Healy v. Beer Institute, Inc.*, 491 U.S. 324, 336 (1989) ("A state statute is a *per se* violation of the Commerce Clause when it has an 'extraterritorial reach.'").

A state may not regulate conduct outside its borders and courts have consistently struck down state statutes under the Foreign Commerce Clause where "the practical effect of such regulation is to control conduct beyond the boundaries of the state." *Edgar*, 457 U.S. at 643 (*quoting S. Pac. Co. v. Arizona*, 325 U.S. 761, 775 (1945). This bar extends to extraterritorial application of state law to any "economic sanction" imposed by a state. *BMW of N. Am. v. Gore*, 517 U.S. 559, 572 n.17 (1995) (applying principles of comity to preclude sanctions on "violators of [state's] laws with the intent of changing the tortfeasor's lawful conduct in other States"); *White v. Ford Motor Co.*, 312 F.3d 998, 1017-18 (9th Cir. 2002), amended, 335 F.3d 833 (9th Cir. 2003) (extending *BMW* to preclude exterritorial application of a state's laws even to conduct unlawful in other states).

The party seeking extraterritorial application of any law has the burden of establishing that such application is "clearly expressed or reasonably to be inferred 'from the language of the act or from its purpose, subject matter, or history.'" *N. Alaska Salmon Co. v. Pilsbury*, 174 Cal. 1, 4 (1916). California statutes are presumed to apply only within the State's borders. *See Churchill Village LLC v. GE*, 169 F.Supp.2d 1119, 1126, 1127 (N.D. Cal. 2000) (J. Patel) ("defendant's in-state sales alone cannot properly be considered sufficient to establish a nexus with California" for

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/21661457.2

4

Case No. C-09-03596

MOTION TO STRIKE PORTIONS OF PLAINTIFFS' SECOND AMENDED COMPLAINT

1  purposes of asserting California claims under the UCL and FAA); *N. Alaska*, 174 Cal. at 4

2  (workers' compensation laws did not apply to worker injured in Alaska where defendant's office

3  and principal place of business were located in California and the plaintiff's contract for

4  employment was made in California);  *N.W. Mortgage, Inc. v. Sup. Ct.*, 72 Cal. App. 4th 214, 222

5  (1999) (concluding application of UCL claims of nonresident class members would violate due

6  process); *Tidenburg v. Bidz.com*, 2009 WL 605249, *4 (C.D. Cal. March 4, 2009) (holding that a

7  non-resident plaintiff could not state a claims for false advertising under the UCL, even though

8  she had alleged that defendant's principal place of business was in California).  .

9        As currently plead, the SAC is improper because it attempts to apply California's wage and

10  hour law to non-California residents.  The California Labor Code is intended to protect "California

11  wage earners." Cal. Lab. Code § 50.5 (emphasis added); *Tidewater Marine W., Inc. v. Bradshaw*,

12  14 Cal.4th 557 (1996) (concluding that the California wage orders only applied to workers who

13  reside and work in California).  Indeed, the California Department of Industrial Relations ("DIR"),

14  which controls wage regulations exists to protect "wage earners of California," defined as those

15  employees who **"**reside[ ] in California, receive[ ] pay in California, and work [ ] exclusively, or

16  principally, in California." *Tidewater*, 14 Cal. 4th at 578; *see Churchill Village*, 169 F. Supp. 2d

17  at 1126-277 ("a California court's adjudication of non-residents' claims that lack a nexus with

18  California 'raises significant due process problems.'") *Sarviss v. General Dyn. Info. Tech., Inc.*,

19  2009 WL 3326116 (C.D. Cal. July 14, 2009) (IWC wage orders governing overtime pay did not

20  apply to helicopter pilot even though he was a California resident, where pilot performed between

21  80 and 90% of his employment outside of California).

22        Here, Plaintiffs cannot establish their right to seek relief under California law on behalf of

23  non-California residents.  While a California plaintiff can assert a violation of California law on

24  behalf of California residents, a California plaintiff cannot assert a violation of California law on

25  behalf of non-California residents.  Accordingly, Defendant's motion to strike the claims by non-

26  California residents, including the Colorado Plaintiffs, for violation of California law, should be

27  stricken.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/21661457.2

5

Case No. C-09-03596

MOTION TO STRIKE PORTIONS OF PLAINTIFFS' SECOND AMENDED COMPLAINT

1

**C.     The Colorado Sub-Class, As Defined, is Overbroad Because It Assumes A Four Year Statute Of Limitations.**

2

3        The Colorado subclass is defined as "[a]ll current and former employees of HP working in

4   Colorado who sold equipment or services on behalf of HP …for the period of time beginning

5   August 6, 2005 (four years prior to the filing of the original complaint) until resolution of this

6   Action."  SAC ¶ 57.  In Colorado, the statute of limitations for breach of a written contract is three

7   years, and two years for breach of an oral contract.  Colo. Rev. Stat. § 13-80-101.  Therefore the

8   Court should strike "2005" and "four years" from Paragraph 57 and limit the claims of the

9   Colorado Plaintiffs and the class of Colorado residents to those that arose three years prior to the

10  filing of the complaint for claims for breach of a written contract and two years prior to the filing

11  of the complaint for breach of an oral contract.

**IV.    CONCLUSION**

12       For the foregoing reasons, HP respectfully requests that the Court strike with prejudice

13  Plaintiffs' Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth and Thirteenth Claims for Relief, as

14  to all non-California Plaintiffs and/or putative class members.  The Court should also limit the

15  claims of Subclass B or "Colorado class" to those filed within the Colorado statute of limitations.

16

17

Dated: April 8, 2010                          MORGAN, LEWIS & BOCKIUS LLP

18
                                              By _____/s/ Melinda S. Riechert_____
19                                                       Melinda S. Riechert

20                                            Attorneys for Defendant
                                              HEWLETT-PACKARD COMPANY
21

22

23

24

25

26

27

28

DB2/21661457.2

6                                          Case No. C-09-03596