1   MORGAN, LEWIS & BOCKIUS LLP
    MELINDA S. RIECHERT, SBN 065504
2   ROBERT J. SMITH, SBN. 162784
    *Admitted pro hac vice*
3   2 Palo Alto Square
    3000 El Camino Real, Suite 700
4   Palo Alto, CA  94306-2122
    Tel:  650.843.4000
5   Fax:  650.843.4001
    mriechert@morganlewis.com
6   rsmith@morganlewis.com

7   BARBARA I. ANTONUCCI, SBN 209039
    One Market, Spear Street Tower
8   San Francisco, CA  94105-1126
    Tel:  415.442.1000
9   Fax:  415.442.1001
    bantonucci@morganlewis.com
10
    Attorneys for Defendant
11  HEWLETT-PACKARD COMPANY

12  SCHNEIDER WALLACE COTRELL
    BRAYTON KONECKY LLP
13  TODD M. SCHNEIDER, SBN 158253
    JOSHUA G. KONECKY, SBN 182897
14  LISA M. BOWMAN, SBN 253843
    180 Montgomery Street, Suite 2000
15  San Francisco, CA  94104
    Tel:  415.421.7100
16  Fax:  415.421.7105
    tschneider@schneiderwallace.com
17  jkonecky@schneiderwallace.com
    lbowman@schneiderwallace.com
18
    FRANKLIN D. AZAR & ASSOCIATES, P.C.
19  FRANKLIN D. AZAR *(Pro Hac Vice)*
    BARRY DUNN (SBN 151340)
20  NATHAN J. AXVIG *(Pro Hac Vice)*
    JASON B. WESOKY *(Pro Hac Vice)*
21  TONYA MELNICHENKO *(Pro Hac Vice)*
    MEGHAN MARTINEZ *(Pro Hac Vice)*
22  RICHARD BARKLEY *(Pro Hac Vice)*
    14426 East Evans Avenue
23  Aurora, Colorado 80014
    Tel:  303.757.3300
24  Fax:  303.757.3206
    azarf@fdazar.com
25  dunnb@fdazar.com
    axvign@fdazar.com
26  wesokyj@fdazar.com
    melnichenkot@fdazar.com
27  martinezm@fdazar.com
    barkleyr@fdazar.com
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATION OF CONFIDENTIALITY AND [PROPOSED] PROTECTIVE ORDER

1  GRADY SCHNEIDER, LLP
   PETER B. SCHNEIDER
2  *(Pro Hac Vice Application to be filed)*
   KEITH GRADY
3  *(Pro Hac Vice Application to be filed)*
   1801 Congress Street, 4th Floor
4  Houston, Texas  77002
   Tel:  713.228.2200
5  Fax:  713.228.2210
   pschneider@gsnlaw.com
6  kgrady@gsnlaw.com

7  Attorneys for Plaintiffs
   JEFFREY JOHNSON, JENNIFER RIESE,
8  SHAUN SIMMONS, and JEFFREY
   KOSSICK

9

10                 UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12

13  JEFFREY JOHNSON, JENNIFER RIESE,          Case No. C-09-03596 CRB
    SHAUN SIMMONS, and JEFFREY
14  KOSSICK, individually, and on behalf of   **STIPULATION OF**
    others similarly situated,                **CONFIDENTIALITY AND**
15                                            **[PROPOSED] PROTECTIVE ORDER**
                        Plaintiffs,
16
                   vs.
17
    HEWLETT-PACKARD COMPANY and
18  DOES 1-25 inclusive,

19                      Defendant.

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
                                                   Case No. C-09-03596 CRB
              STIPULATION OF CONFIDENTIALITY AND [PROPOSED] PROTECTIVE ORDER

1    Plaintiffs Jeffrey Johnson, Jennifer Riese, Shaun Simmons and Jeffrey Kossick

2    ("Plaintiffs") and Defendant Hewlett-Packard Company ("Defendant"), through their respective

3    counsel, seek this Court's approval of this Stipulation of Confidentiality and Protective Order.

4    WHEREAS, pretrial discovery in *Jeffrey Johnson et al. v. Hewlett-Packard Company*,

5    Case No. C-09-03596 CRB) (the "Action"), may require disclosure of confidential information

6    and documents, including proprietary material, company confidential, trade secret, personnel

7    information, or other confidential information (the "Confidential Materials"); and

8    WHEREAS, Plaintiffs and Defendant (collectively the "Parties") desire to maintain the

9    confidentiality of the Confidential Materials.

10    NOW, THEREFORE, IT IS HEREBY STIPULATED by and between the Parties to this

11    Action, through their respective counsel, as follows:

12                    CONFIDENTIAL MATERIALS

13    1.    Each Party to this Action who, in response to a discovery request, or by way of

14    voluntary disclosure, produces or discloses (the "Disclosing Party") any matter, including

15    documents, things, testimony or information which such Party reasonably and in good faith

16    believes to comprise or contain Confidential Materials may designate the same

17    "CONFIDENTIAL."  Neither party shall designate any discovery materials as

18    "CONFIDENTIAL" without first making a determination that the information is properly subject

19    to protection under Fed. R. Civ. P. 26(c) and that such protection is warranted in good faith.

20    2.    The Disclosing Party shall designate as "CONFIDENTIAL" only information that

21    the Disclosing Party in good faith believes is confidential, that normally would not be revealed to

22    third parties, and that is maintained in confidence.

23    3.    All information designated as "CONFIDENTIAL" by the Disclosing Party shall

24    not be disclosed by any of the other Parties to any person or entity other than those persons

25    designated herein and, in any event, shall not be used for any purpose other than in connection

26    with the Action.  Such information may be disclosed only to the following:

27    a.    The Court (subject to provisions for filing under seal, set out below);

28    b.    Counsel of record for any Party, including their associates, paralegals, and clerical

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    personnel;

2          c.       The Parties, including employees and agents of the Parties;

3          d.       A current or former officer, director, agent, registered representative or employee

4    of a Party deemed necessary by counsel to aid in the prosecution, defense or settlement of this

5    Action;

6          e.       Persons retained or consulted by the Parties or their attorneys for purposes of this

7    litigation (including, but not limited to, accountants, marketing consultants, financial advisors,

8    statisticians and economists), if such persons reasonably require the information to enable them to

9    assist counsel in the prosecution or defense of this litigation, provided that no such disclosure

10   shall be made to any person employed by any competitor of Defendant, except upon further order

11   of the Court;

12         f.       Any court reporter who takes testimony;

13         g.       A non expert witness or potential witness at or for any deposition or other

14   proceeding in this Action; and

15         h.       Any other person as to whom the Parties agree in writing.

16   To the extent counsel or any of their expert consultants, witnesses, or potential witnesses prepare

17   summaries of "CONFIDENTIAL" materials, or cause such summaries to be prepared, such

18   summaries shall be subject to the terms of this Protective Order.

19         4.       No disclosure of materials designated as "CONFIDENTIAL" by any Disclosing

20   Party may be made to any person pursuant to the terms of paragraphs 3(d), 3(e), 3(g) or 3(h)

21   unless that person first executes an agreement to be bound by the terms of this Order in the form

22   attached hereto as **Exhibit A**.  This Order shall be binding upon the Parties (including all

23   employees and agents of the Parties), counsel for any Party (including their associates, paralegals,

24   and clerical personnel), and all persons who, pursuant to the preceding sentence, have executed an

25   agreement to be bound by the terms of this Order.  No person or entity upon whom this Order is

26   binding shall use materials designated as "CONFIDENTIAL" for any purpose other than in

27   connection with the Action.  If a witness at a deposition refuses to sign **Exhibit A**, the Parties

28   shall meet and confer with each other and, if necessary, submit the issue to the Court prior to the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATION OF CONFIDENTIALITY AND [PROPOSED] PROTECTIVE ORDER

1   disclosure to the witness of any "CONFIDENTIAL" document.

2        5.     Counsel shall keep a record of all copies of each "CONFIDENTIAL" document

3   distributed, in whole or in part, to any qualified person.  Any copy so distributed shall be returned

4   to the distributing counsel after the completion of the qualified person's consultation or

5   participation in this action.

6        6.     With respect to documents which the Disclosing Party reasonably believes contain

7   Confidential Materials, the Disclosing Party shall either stamp such documents

8   "CONFIDENTIAL" before the time of production or when photocopied and delivered or

9   designate categories of documents in container(s) marked "CONFIDENTIAL" and provide a

10  description of the designated categories of documents in the container(s).  Such documents will

11  also bear a Bates stamp number, or some other mutually agreeable identifying number.

12       7.     To the extent Confidential Materials or information obtained therefrom are used in

13  the taking of depositions, such documents or information shall remain subject to the provisions of

14  this Protective Order.  On the record at a deposition, a Party may designate as

15  "CONFIDENTIAL" the testimony which it reasonably believes discloses Confidential Materials.

16  The Designating Party shall be responsible to instruct the court reporter to segregate confidential

17  from non confidential testimony and exhibits in separate transcripts.  Confidential portions of

18  deposition transcripts shall be treated in the same manner as any other "document" described in

19  this Order.

20       8.     Nothing in this Protective Order shall prevent any Party from disclosing its own

21  Confidential Materials as it deems appropriate.  Such disclosure shall not constitute a waiver of

22  the designation of such confidential materials as "CONFIDENTIAL."

23       9.     If any Party objects to the designation of any materials as "CONFIDENTIAL,"

24  that Party shall state the objection by letter to counsel for the Party making the designation.  Each

25  Party shall have the right, on reasonable notice, and after meeting and conferring with the

26  Designating Party in a good faith effort to resolve the matter informally, to apply to the Court for

27  a determination of the issue.  Until the Court rules on the motion, the materials shall continue to

28  be treated and designated as "CONFIDENTIAL."  The burden of establishing that any

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

     CASE NO. C-09-03596 CRB

STIPULATION OF CONFIDENTIALITY AND [PROPOSED] PROTECTIVE ORDER

1   information designated as "CONFIDENTIAL" meets the definition set forth herein shall be on

2   the Party which seeks to uphold the designation.

3        10.    Any Party seeking to file Confidential Materials under seal with the Court must

4   first allow the designating part a reasonable opportunity to obtain an order from the Court,

5   pursuant to Civil Local Rule 79-5, authorizing the sealing of the particular documents, or portions

6   thereof.  Once the Party seeking to file Confidential Materials with the Court under seal has

7   obtained an order from the Court authorizing the sealing of the particular documents, or portions

8   thereof, the Party may then file Confidential Materials with the Court in sealed envelopes or other

9   appropriate sealed containers on which shall be endorsed the title of the action to which it

10   pertains, an indication of the nature of the contents of the sealed envelope or other container, the

11   word "CONFIDENTIAL," and a statement substantially in the following form:

12   
13          This envelope is sealed pursuant to Order of the Court entered [date of this Order], contains confidential information, and is not to be opened or the contents revealed except by order of the Court.

14

15        If the Court denies the application, the Party wishing to file the Confidential Materials is

16   free to do so in the normal course and not under seal regardless of the terms of this Protective

17   Order.

18        11.    Any court hearing which refers to or describes confidential information may, in the

19   Court's discretion, be *in camera*.

20        12.    If a Party in possession of materials designated as "CONFIDENTIAL" receives a

21   subpoena from a non party to this Protective Order which seeks production or other disclosure of

22   Confidential Materials, it or he shall immediately give written notice to counsel for the Party who

23   designated the materials as "CONFIDENTIAL" stating the materials sought and enclosing a copy

24   of the subpoena.  Where possible, at least 10 days' notice before production or other disclosure

25   should be provided.  In no event shall production or disclosure be made before telephonic notice

26   is given and, whenever possible, sufficiently in advance of production or disclosure to afford the

27   Party to whom such notice has been given at least three business days to take appropriate action,

28   including seeking judicial relief.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4       CASE NO. C-09-03596 CRB

STIPULATION OF CONFIDENTIALITY AND [PROPOSED] PROTECTIVE ORDER

13.     Upon final resolution of this Action, including appeals, all Parties and persons to whom any Confidential Materials have been disclosed or provided shall either destroy all such Confidential Materials or return them to the Disclosing Party; provided, however, that this obligation shall not extend to any Confidential Materials included in conformed copies of materials filed with the Court. The Parties further agree that their obligations under this Protective Order will not terminate upon final resolution of this Action, and that this Protective Order will remain in effect in perpetuity.

14.     Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this Action. The entry of this Order shall not be construed as a waiver of any right to object on any other grounds to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any Party of the obligation to produce information in the course of discovery.

15.     This Protective Order shall not prevent any Party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modify this Protective Order, subject to the approval of the Court.

16.     This Protective Order shall not control the use of any evidence during the trial of this Action. However, nothing herein shall preclude any Party from seeking the assistance of the Court in maintaining the confidential nature of any evidence which is presented at trial.

17.     After the date of the Protective Order, if a Party inadvertently produces or provides discovery of any Confidential Materials without designating them as such, the Disclosing Party may give written notice to the Party or Parties that have received the Confidential Materials that the document(s), information, response, testimony, or other discovery are Confidential Materials and should be treated as confidential in accordance with the provisions of this Order. The Party or Parties that have received the materials must treat the materials as confidential from the date such notice is received. The inadvertent disclosure of any confidential document or information shall not be deemed a waiver of confidentiality as to any other document in which such information may be contained.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5                                    CASE NO. C-09-03596 CRB

STIPULATION OF CONFIDENTIALITY AND [PROPOSED] PROTECTIVE ORDER

18.     The Parties, and any other person subject to the terms of this Order, agree that after this Action is terminated this Court shall have and retain jurisdiction over him, her, or it for the purpose of enforcing this Order for ninety (90) days following the termination of this Action.

19.     The Court may modify the Protective Order in the interests of justice or public policy.

Dated:  May 3, 2010                           MORGAN, LEWIS & BOCKIUS LLP


By    /s/ Barbara Antonucci
Barbara Antonucci
Attorneys for Defendant
Hewlett-Packard Company


Dated:  May 3, 2010                           SCHNEIDER WALLACE COTTRELL
                                              BRAYTON KONECKY


By    /s/ Lisa M. Bowman
Lisa M. Bowman
Attorneys for Plaintiffs Jeffrey Johnson,
Jennifer Riese, Shaun Simmons and Jeffrey
Kossick


Dated:  May 3, 2010                           FRANKLIN D. AZAR & ASSOCIATES, P.C.


By    /s/ Franklin D. Azar
Franklin D. Azar
Attorneys for Plaintiffs Jeffrey Johnson,
Jennifer Riese, Shaun Simmons and Jeffrey
Kossick


Dated:  May 3, 2010                           GRADY SCHNEIDER, LLP


By    /s/ Peter B.  Schneider
Peter B. Schneider
Attorneys for Plaintiffs Jeffrey Johnson,
Jennifer Riese, Shaun Simmons and Jeffrey
Kossick

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

6                    CASE NO. C-09-03596 CRB
STIPULATION OF CONFIDENTIALITY AND [PROPOSED] PROTECTIVE ORDER

IT IS SO ORDERED.

Dated: _____          _____

Hon. Charles R. Breyer
United States District Judge

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7          CASE NO. C-09-03596 CRB

STIPULATION OF CONFIDENTIALITY AND [PROPOSED] PROTECTIVE ORDER

**EXHIBIT A**

<u>WRITTEN ASSURANCE OF CONFIDENTIALITY</u>

I, _____, have read and fully understand the "Stipulation of Confidentiality and Protective Order" in *Jeffrey Johnson et al. v. Hewlett-Packard Company*, Case No. C-09-03596 CRB) (the "Protective Order").  I agree to comply with and be bound by the Protective Order.  I agree that I will not disclose any Confidential Materials, as defined in the Protective Order, to any persons or in any manner not specifically authorized by the Protective Order, and I agree that I will not copy, use or disclose any Confidential Materials except solely in connection with the case referenced above.

I declare under penalty of perjury of the laws of the United States and the State of California that the foregoing is true and correct and that this Declaration was executed at _____,

_____, on _____, 20__.


Signed: _____

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

8                                    CASE NO. C-09-03596 CRB
STIPULATION OF CONFIDENTIALITY AND [PROPOSED] PROTECTIVE ORDER