IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY JOHNSON et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>    Defendant.<br>_____/ | No. C 09-3596 CRB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS AND TO STRIKE** |

    Jeffrey Johnson, Jennifer Riese, Shaun Simmons filed their first amended class action complaint on December 4, 2009, claiming breach of employment contract, unjust enrichment, promissory estoppel, violations of California Labor Code and wage orders, violations of the California Unfair Business Practices Act, and demanding an accounting. In January, Defendant Hewlett Packard moved to dismiss Plaintiffs' first complaint and, in the alternative, to strike various portions of it.

    This Court denied the motions without prejudice and granted Plaintiffs the right to file an amended complaint. At the time, the primary issue was whether HP's employees in Colorado could sue under California's employment laws. Rather than risk this Court ruling in the negative, Plaintiffs added a former California employee, Jeffrey Kossick, as a named Plaintiff in their Second Amended Complaint.

    Defendant once again moves to dismiss and to strike, and in the alternative

asks for summary judgment.  Defendant maintains that the Colorado employees cannot sue under California employment law, and now further argues that the sole California Plaintiff—Kossick—signed an enforceable release of his claims against HP.  Defendant asks this Court to dismiss Kossick's claims on a motion to dismiss, and in the alternative on a motion for summary judgment.  However, because the complaint does not reference the general release in any way, it would be inappropriate to grant a 12(b)(6) motion on those grounds.  Nevertheless, the evidence submitted by Defendant does strongly suggest that Kossick has waived his claims.  Plaintiffs dispute this, but in an abundance of caution offer to substitute a new California plaintiff so as to avoid this issue.  In order to expedite this matter, this request is granted.  Plaintiffs are to file a third amended complaint listing a new California named plaintiff.  Defendant's motions as to Kossick are therefore denied as moot.

The remaining plaintiffs, all Colorado residents, have asserted a series of other claims centered around an alleged failure to pay wages to which they were entitled. They allege that they were not paid the sums they were due because of a malfunctioning computer program, referred to as "Omega."  Defendant moves to dismiss these claims, noting that some of Plaintiffs' allegations contradict the documentation submitted with their complaint.  While Defendant is correct to a certain extent, the complaint still asserts a straightforward contract claim that is not contradicted: the contracts entitled Plaintiffs to the payment of certain commissions, but some of these commissions were never paid because of a computer glitch.  For the reasons stated below, this is sufficient to state a claim, and the motion to dismiss these claims is DENIED.

Defendant also moves to strike portions of the complaint.  It relies on the motion to strike as a sort of preemptive motion to disallow class certification.  First, Defendant reasserts its belief that Colorado residents are not entitled to sue under California employment law.  This Court agrees, and these claims are DISMISSED WITH PREJUDICE as to the Colorado plaintiffs.  In Plaintiffs' amended complaint,

2

they are to clarify that only those employees who worked for some period in California are suing under California employment law.

However, as for the remaining contract-based claims, Defendant's de facto motion to prevent class certification is DENIED. It is simply too early to tell whether or not Plaintiffs' claims can be pursued on a class basis. Given the allegations in the complaint, they are entitled to conduct some discovery to obtain further evidence before certification is considered.

## BACKGROUND

As this case comes before this Court on a motion to dismiss, Plaintiffs' allegations in their second amended complaint ("SAC") are presumed to be true. Plaintiff Jeffrey Johnson is a resident and citizen of Colorado. Johnson worked as a sales representative for HP from February 22, 2005, until August 1, 2008. SAC ¶ 4. Plaintiff Jennifer Riese is a resident and citizen of Colorado. Riese worked as a sales representative for HP from April 1, 2002, to February 27, 2009. Id. ¶ 5. Plaintiff Shaun Simmons is a resident and citizen of Colorado who worked as a sales representative for HP from December 2002 until October 13, 2008. Id. ¶ 6. Plaintiff Jeffrey Kossick is a resident and citizen of California. Kossick worked as a sales representative for HP from November 2003 to May 2007. Id. ¶ 7.

Defendant HP is a company organized and existing under the laws of the State of Delaware, with its principal place of business in California. HP does business throughout the United States, providing computer hardware, software, and services to various clients in California and nationwide. Id. ¶ 8.

According to the complaint, Plaintiffs collectively sold equipment and services on behalf of Defendant. However, Plaintiffs allege that Defendant failed to account for all of their sales and failed to pay certain commissions and bonuses to which they were entitled. Id. ¶1. Plaintiffs allege that HP's wrongful and unlawful conduct has been widespread, recurring, and uniform across its locations. Id. ¶ 17. They allege that HP's wrongful and unlawful conduct arises out of and is based on corporate

3

systems and polices developed at and administered from HP's headquarters in Northern California. Id.

More specifically, Plaintiffs allege that, based on their contract with HP, they were entitled to receive a salary, plus commissions and bonuses when they exceeded certain target quotas. Id. ¶ 19, 22. HP's compensation and employment contracts included a series of documents ("HP Compensation Documents") and the wages that HP had offered to pay its sales representatives may also be found in oral statements by employees. Id. ¶¶ 20, 23. Omega, the program that was supposed to record, track, and calculate each Plaintiff's commission on each sale, failed to do so. Id. ¶¶ 25-27. HP acknowledged internally that millions of dollars in wages had gone unpaid. Id. ¶ 50.

## LEGAL STANDARDS

### I. Motion to Dismiss under Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191. 1199-2000 (9th Cir. 2003). Under Federal Rule of Civil Procedure 8(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "Detailed factual allegations" are not required, but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937. 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)). According to the Supreme Court, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949-50. In determining facial plausibility, whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

//

//

II.  Motion to Strike under Rule 12(f)

Federal Rule of Civil Procedure 12(f) provides that a court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter."

DISCUSSION

I.     Motion to Dismiss

   1.     Plaintiffs' Contract Claims

Defendant argues that Plaintiffs' first three causes of action must be dismissed because the complaint fails to allege a breach. This Court disagrees.

Defendant's motion goes on at some length pointing out certain inconsistencies between the allegations in the complaint and the documentation submitted along with the complaint. Defendant explains that while the complaint alleges that certain actions constituted breaches of the employment contracts, the contracts attached to the complaint indicate that those actions were entirely consistent with Defendant's contractual obligations.

This may well be true. But Defendant ignores the gravamen of Plaintiffs' complaint: that the Omega system failed to pay commissions to which Plaintiffs were entitled. See, e.g., SAC ¶ 36 ("In many instances, Omega simply did not record sales. . . . Thus, commissions earned over a several year period on 'smaller' sales amounted to at least tens of thousands of dollars per person that HP never paid."); ¶ 45 ("Additionally, Omega was always at least a month and a half in arrears, often more than three months in arrears, and could be more than twelve months in arrears. This meant, that even if sales representatives met their quota, Omega might not record the sales; instead, it might appears as if quota had not been met, thus resulting in commissions not being paid at all, or being paid three, six, or twelve months later."); ¶ 50 ("HP has acknowledged internally that millions of dollars in wages had gone unpaid."). These allegations are quite straightforward: Plaintiffs claim they earned commissions that, because of a computer glitch, were never paid, or at the very least

5

were paid late.  While Defendant tries to make much of inconsistencies in Plaintiffs' SAC, these inconsistencies are peripheral to the primary allegation.  That allegation constitutes "a short and plain statement of the claim showing that the pleader is entitled to relief," and therefore is sufficient under Rule 8.

Defendant's argument that there is no "unilateral standardized contract" is similarly unavailing.  Defendant may indeed be correct that the contracts among class members were different.   However, Defendant appears to concede that all contracts provided for the payment of commissions, and Plaintiffs have alleged that even assuming different individuals earned commissions in different ways, <u>all</u> class members suffered the same breach, and for the same reason: Defendant failed to pay the commissions to which Plaintiffs were entitled because of a computer error. Defendant may be correct that, after some discovery takes place, it will become apparent either that all earned commissions were paid or that this case is not appropriate for class certification.  However, based solely upon the allegations in the complaint and the documents attached thereto, such a decision would be inappropriate.

### 2. <u>Claims under Colorado Law</u>

Defendant's next argument is that Plaintiffs' claims under Colorado law must be dismissed because the law does not establish an employee's substantive right to commissions.  Defendant concedes in its reply, however, that Colorado law does provide for independent remedies if Plaintiffs were to prove their contractual claims. <u>See</u> Reply at 14.  While Defendant believes that these contractual claims should be dismissed, this Court has rejected those arguments.  Because these contract claims survive, so too do the claims under Colorado law.

### II. MOTION TO STRIKE

Rule 12(f) provides that the "court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Strictly speaking, Defendant's motion does not comply with the apparent meaning of Rule

6

12(f), as it does not seek to strike any redundant, immaterial, impertinent, or scandalous matter. For the most part, Defendant seeks a preemptive determination of whether this action qualifies as a class action under Rule 23, even though the Plaintiffs have not yet moved for class certification. Courts in this circuit have permitted this broad use of Rule 12(f). See, e.g., Sanders v. Apple Inc., 672 F. Supp. 2d 978, 988-89 (N.D. Cal. 2009).

First, Defendant argues that the Colorado plaintiffs are not entitled to sue under California law. Plaintiffs argue that because HP is headquartered in California, it was obligated to comply with California's employment law even as to employees who never set foot in California. However, such a rule would lead to untenable results. There is no dispute that Colorado workers are protected by Colorado law, and to further impose California law risks placing employers in impossible positions, as these two sets of laws could conflict. California employment law exists to protect California workers. See Cal. Lab. Code § 50.5; Tidewater Marine W. Inc. v. Bradshaw, 14 Cal. 4th 557 (1996). While Plaintiffs are correct that the precise reach of California law as to workers who work part time in state is uncertain, see Sullivan v. Oracle, 557 F.3d 979, 983 (9th Cir. 2009), there is no authority for the proposition that workers who never set foot in California are protected by California employment law.

Plaintiffs cite to Maez v. Chevron Texaco Corp, 2005 WL 1656908, at *3 (N.D. Cal. July 13, 2005), but that order is not to the contrary. That order, like the opinion in Sullivan, explains that the precise reach of California employment law as to cross-border workers is uncertain. The order quotes extensively from Tidewater, outlining a series of employment situations which the Legislature may or may not have intended California law to reach. For example:

> The Legislature may have . . . intended extraterritorial enforcement of . . . wage orders in limited circumstances, such as when California residents working for a California employer travel temporarily outside the state during the course of the normal workday but return to California at the end fo the day. On the other hand, the legislature may not have intended . . . wage orders to govern an out-of-state business employing nonresidents, though the

7

nonresident employees enter California temporarily during the course of the workday. Id. The discussion in Maez, as in Tidewater and Sullivan, concerned the reach of California employment law where the worker in questions moves across state lines. The opinions all recognize that such a situation raises complex issues of extraterritorial reach. However, none of these cases suggests that California law applies where the employee never sets foot in California. Therefore, these claims are DISMISSED as to the Colorado plaintiffs.[1]

Defendant also moves to strike Plaintiffs' other class claims. However, Defendant has not yet established that the SAC's breach of contract claims are not suited for class treatment, nor has it established that the class of Colorado plaintiffs cannot sue as a class under Colorado employment law. While this Court may indeed have the discretion to strike class allegations at an early stage where it is apparent that they would be unavailing, this is not such a situation. Given the allegations in this case, this Court elects to defer the question of class certification until a later stage.

## CONCLUSION

For the foregoing reasons:

(1) Defendant's motion to dismiss Kossick's claims is DENIED as moot, and Plaintiffs are instructed to file an amended complaint with a new California plaintiff within 20 days.

(2) Defendant's motion to strike the assertion of California employment law by Colorado workers is GRANTED.

//
//
//
//
//

---

[1] Because Plaintiffs' claim under Cal. Bus. & Prof. Code § 17200 relies centrally on the alleged violations of California's employment law, that cause of action is similarly dismissed as to the Colorado plaintiffs.

8

1  (3)  Defendant's motion to dismiss the breach of contract claims is DENIED.

2  (4) Defendant's motion to strike the remaining class allegations is DENIED.

3  **IT IS SO ORDERED.**

Dated: July 6, 2010

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE