UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFFREY JOHNSON, et al.,

       Plaintiff(s),

    v.

HEWLETT-PACKARD COMPANY,

       Defendant(s).

No. C09-3596 CRB (BZ)

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' FIRST MOTION TO COMPEL**

    Before me is plaintiffs' motion to compel defendant to provide further responses to the following discovery requests: (a) requests for production of documents numbers 2, 3, 4, 5, 7, 9, 10, 11, 12, 14, 16, 17, and 18; (b) interrogatory numbers 1, 3, 4, 5, 9, and 12; and (c) requests for admission numbers 1 and 2. For the reasons discussed below, plaintiffs' motion is **GRANTED IN PART AND DENIED IN PART**.

    1.  Generally, plaintiffs' motion takes issue with defendant's excessive use of boilerplate objections. Because "boilerplate, generalized objections are inadequate and tantamount to not making any objection at all," I disregard them. See <u>Walker v. Lakewood Condo. Owners Ass'n</u>, 186 F.R.D.

1

1  584, 587 (C.D. Cal. 1999). To the extent defendant is asked to
2  produce confidential or proprietary information, it should
3  have done so pursuant to a protective order. To the extent
4  defendant claims documents are protected by any privilege, the
5  documents need not have been produced if they were properly
6  identified on a privilege log.
7      2.  With respect to request for production number **2**,
8  plaintiffs' motion is **GRANTED.** Defendant is cautioned that the
9  request is not limited to documents "about the choice to use
10 OMEGA during the Compaq-HP merger."
11     3.  With respect to requests for production numbers **3**, **4**,
12 and **5**, plaintiffs' motion is **GRANTED**. Defendant must produce
13 the requested documents for all employees in addition to the
14 named plaintiffs. Plaintiffs have a right to these documents
15 because they are relevant in determining whether this class
16 action may proceed under FRCP 23, particularly whether there
17 are issues of fact and law common to class members. The Court
18 construes requests for production numbers 4 and 5 as inquiring
19 about disputes which involve a malfunction of OMEGA.
20     4.  With respect to request for production number **7**,
21 plaintiffs' motion is **DENIED**. The request is overbroad.
22 Plaintiffs fail to limit this request to documents relating to
23 malfunctions with OMEGA.
24     5.  With respect to request for production number **9**,
25 plaintiffs' motion is **GRANTED**. Defendant must produce
26 documents that were specifically identified in defendant's
27 responses to plaintiffs' interrogatories.
28     6.  With respect to requests for production numbers **10**,

2

**11**, **12**, **17**, and **18**, plaintiffs' motion is **GRANTED**.

7. With respect to requests for production numbers **14** and **16**, plaintiffs' motion is **DENIED**. Plaintiffs fail to limit these requests to documents stemming from alleged problems caused by OMEGA. Further, these requests seek information that is not necessary for plaintiffs to substantiate their class allegations and are consequently beyond the scope of what is needed at this stage of class action discovery.

8. With respect to interrogatory numbers **1**, **3**, and **4**, plaintiffs' motion is **DENIED**. Defendant adequately answers plaintiffs' complex interrogatories by identifying the computer programs and codes used to compute incentives for the plaintiffs as well as track their sales.[1] If plaintiffs need further information, it is best pursued in deposition.

9. With respect to interrogatory numbers **5** and **9**, plaintiffs' motion is **GRANTED**.

10. With respect to interrogatory number **12**, plaintiffs' motion is **DENIED**. As explained below, plaintiffs' requests for admission are improper.

11. With respect to requests for admission numbers **1** and **2**, plaintiffs' motion is **DENIED**. Plaintiffs' requests are too broad because they seek admissions as to all of defendant's employees. This is not warranted at this stage of discovery.

12. In plaintiffs' reply, they raise several issues that were not raised in their motion to compel. First, plaintiffs

---

[1] Defendant also states it provided supplemental responses to the plaintiffs further clarifying their answers to these interrogatories.

3

request that defendant identify the scope of its search efforts for the documents plaintiffs requested. Second, plaintiffs ask defendant to produce documents in their native format so that plaintiffs can access the documents' metadata. Because these issues were improperly raised for the first time in plaintiffs' reply, I do not consider them. See U.S. v. Romm, 455 F.3d 990, 997 (9th Cir. 2006).

13. Lastly, on page 6 of plaintiffs' motion to compel, plaintiffs ask me to "direct HP to pay all expenses incurred by Employees, including reasonable attorneys fees incurred in preparing and arguing the motion." This request is improper because plaintiffs have not complied with Civil Local Rules 7-8(a) and 37-3 which require motions for sanctions to be filed separately and the expenses requested to be itemized. As such, plaintiffs' request for sanctions against defendant is **DENIED**.

Defendant is **ORDERED** to produce further documents and amended discovery responses that comport with this order by **October 18, 2010**, to the extent it has not already done so.

Dated: September 27, 2010

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\JOHNSON V. HEWLETT-PACKARD\DISC 6 ORD (MOTION TO COMPEL) - VERSION3.wpd

4