UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFFREY JOHNSON, et al.,

       Plaintiff(s),

  v.

HEWLETT-PACKARD COMPANY,

       Defendant(s).

No. C09-3596 CRB (BZ)

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' SECOND MOTION TO COMPEL**

Plaintiffs seek to compel Mr. Robert Frederick Slaby to answer deposition questions. (Docket No. 80). Slaby is the current Director of Strategy for Worldwide Strategy for Sales Compensation for defendant Hewlett-Packard Company ("HP").

During Slaby's deposition, defendant's counsel objected and instructed Slaby not to answer certain questions on the grounds of attorney-client privilege, work product and Slaby's right to privacy. Plaintiffs argue that Slaby should answer the deposition questions because (1) the information sought is not protected from disclosure by the attorney-client privilege or the work product rule, and (2) questions regarding compensation are relevant and do not unduly invade the

1

deponent's privacy.  Having reviewed both parties' papers, I hereby **ORDER** the following:

1) Plaintiffs' motion to compel Slaby to answer deposition questions is **GRANTED** as to the questions plaintiff identified in its motion as **1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 20, 21, 22,** and **23**.  These questions generally ask for underlying facts that do not require disclosure of the content or substance of communications between attorney and client.  See State Farm Fire & Casualty Co. v. Super. Ct., 54 Cal. App. 4th 625, 639-40 (Cal. Ct. App. 1997) (underlying facts of an attorney-client relationship, such as whether a communication took place, the identity of parties who were present, and the date of the communication, are not privileged); Zurich Am. Ins. Co. v. Super. Ct., 155 Cal. App. 4th 1485, 1498 (Cal. Ct. App. 2007)(citing Upjohn Co. v. United States 449 U.S. 383, 395 (1981))("The [attorney-client] privilege only protects disclosure of communications, it does not protect disclosure of the underlying facts by those who communicated with the attorney").[1]

For example, question one asks Slaby why he did not do a broader search on the compensation issue.  Plaintiffs are

---

[1] Defendant's reliance on Mitchell v. Super. Ct., is misplaced.  37 Cal.3d 591 (1984).  In Mitchell, the defendants sought to elicit details about the nature and content of any warnings the plaintiff's attorney may have given the plaintiff regarding the health effects of a particular chemical.  Id. at 597.  The Mitchell Court recognized that these warnings by plaintiff's attorney to the client were communications and were consequently privileged.  Id. at 600.  Mitchell, however, does not address the issue of whether underlying facts are protected by the privilege.  Id.

2

entitled to know why.  If the only reason is because he was instructed by his counsel not to do a broader search, the witness should have answered "I cannot answer that question without disclosing privileged communications" or words to that effect.  Instead, defendant's counsel, Ms. Reichert, would not permit the witness to provide any response, objecting and instructing the witness not to answer based on attorney-client privilege and the work product rule.  In effect, Reichert is improperly answering the question by creating a record that the only reason that Slaby did not conduct a broader search is because he was advised to do so by counsel.  That testimony needs to come from Slaby in the manner discussed above.  The proper objection from Reichert would have been to instruct the witness that in answering the question, he should not disclose the contents of any communications with counsel.  This is a recurring theme in the bulk of the questions which Slaby was instructed not to answer.

Many of plaintiffs' other questions similarly ask for information that is not privileged and do not require Slaby to reveal any attorney-client communications.  Question four asks whether Slaby had a role in the legal hold.  The question could have been answered "yes" or "no"; it did not ask for the contents of communications between Slaby and counsel. Moreover, to the extent that the privilege is applicable, the question merely asks for the predicate facts supporting privilege.  Questions **5, 6, 7, 8, 9, 12, 13, 15, 16, 17, 18, 19, 20, 21, 22,** and **23** could have been answered in a similar

3

manner. Slaby is therefore ordered to provide direct[2] answers to such questions that do not inquire about attorney-client communications and instead ask about the underlying facts.[3]

    2) Plaintiffs' motion is **DENIED** as to the questions plaintiff identified in its motion as **10, 19, 24, 25, 26,** and **27**. Although defendants objected to questions **10, 19, 26,** and **27**, these questions were ultimately answered by Slaby when he explained: HP's processes for compensating sales representatives, his conversations with Mr. Wright with respect to the Wall Street Journal articles, his not recalling anything regarding payments HP made to former sales representatives after they filed department of labor complaints, and his lack of awareness of other third-party audits. For questions **24** and **25**, Slaby properly invoked the privilege by testifying that he learned about filings against HP relating to sales compensation through counsel.

    3) Plaintiffs' motion to compel Slaby to answer deposition questions is **DENIED** as to questions regarding compensation. Plaintiffs seek to compel information regarding compensation and stock options Slaby received from HP to show bias. However, Slaby's employment with HP already implies bias, and thus, exact information as to amounts of compensation is unnecessary for such a purpose. Plaintiffs have therefore failed to demonstrate a compelling need for

---

    [2] Slaby's nonresponsive answers failed to directly address questions 11 and 14.

    [3] If plaintiffs' further questioning asks for information subject to the attorney-client privilege, defense counsel may then object.

4

1 this Court to require disclosure of Slaby's financial affairs,
2 give Slaby's reasonable expectations of privacy.
3    4) Plaintiffs' argument that defendant waived its
4 privilege and work product protection is misplaced.  The fact
5 that defendant's counsel informed plaintiffs' counsel that an
6 investigation was conducted, without more, does not waive
7 either protection.
8    5) Plaintiffs also seek sanctions against the defendant.
9 This request is **DENIED** because plaintiffs have not complied
10 with Civil Local Rules 7-8(a) and 37-3 which require motions
11 for sanctions to be filed separately and the expenses
12 requested to be itemized.  Defendant, however, is admonished
13 that it must comply with the rules of discovery without
14 forcing the plaintiff to seek court intervention.
15    6) Defendant is **ORDERED** to produce Slaby for deposition
16 by **November 15, 2010**.  Slaby shall answer plaintiffs'
17 deposition questions identified earlier, as well as any
18 relevant follow-up questions, consistent with this order.
19 Dated: November 1, 2010

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\JOHNSON V. HEWLETT-PACKARD\DISC 8 ORD (MOTION TO COMPEL).wpd

5