# EXHIBIT "A"

1    ROBERT J. SMITH, State Bar No. 162784
     *Admitted Pro Hac Vice*
2    MELINDA S. RIECHERT, State Bar No. 65504
     ANNE M. BRAFFORD, State Bar No. 237574
3    MORGAN, LEWIS & BOCKIUS LLP
     2 Palo Alto Square
4    3000 El Camino Real, Suite 700
     Palo Alto, CA  94306-2122
5    Tel:  650.843.4000
     Fax:  650.843.4001
6    E-mail:   rsmith@morganlewis.com
                mriechert@morganlewis.com
7                abrafford@morganlewis.com

8    RICHARD W. BLACK, State Bar No. 467982
     *Admitted Pro Hac Vice*
9    BARBARA I. ANTONUCCI, State Bar No. 209039
     LITTLER MENDELSON
10   A Professional Corporation
     650 California Street, 20th
11   San Francisco, CA  94108-2693
     Tel:  415.433.1940
12   Fax:  415.399.8490
     E-mail:  rblack@littler.com
13               bantonucci@littler.com

14   Attorneys for Defendant
     HEWLETT-PACKARD COMPANY

15

16                   UNITED STATES DISTRICT COURT

17                 NORTHERN DISTRICT OF CALIFORNIA

18

19   JEFFREY JOHNSON, JENNIFER RIESE,        Case No. C-09-03596 CRB
     SHAUN SIMMONS, and JAMES PURVIS,
20   individually, and on behalf of others    **DECLARATION OF STACY BOYLE IN**
     similarly situated,                      **SUPPORT OF DEFENDANT HEWLETT-**
                                              **PACKARD'S MOTION FOR SUMMARY**
21                                            **JUDGMENT OF JENNIFER RIESE**
                        Plaintiffs,
22                                            Date:      March 11, 2011
            vs.                               Time:      10:00 a.m.
23                                            Dept.:     Courtroom 8
     HEWLETT-PACKARD COMPANY and             Judge:     Hon. Charles R. Breyer
24   DOES 1-25 inclusive,

25                      Defendants.

26

27

28

MORGAN, LEWIS &
 BOCKIUS LLP
 ATTORNEYS AT LAW
   PALO ALTO

DB2/22171137.7                                DECL. OF STACY BOYLE IN SUPPORT OF
                                              DEFENDANT'S MOTION FOR SUMMARY
                                              JUDGMENT (C-09-03596 CRB)

I, Stacy Boyle, do hereby declare:

1.      I am currently employed by Hewlett-Packard ("HP") as the Operations Manager for the Agent team of the Solutions Partner Organization ("SPO"). As Operations Manager, I am responsible for reviewing the team's incentive compensation on a monthly basis to ensure they receive credit for the sales influenced by the partners assigned to their territories. One of the plaintiffs, Jennifer Riese, was a member of this team. Based on my position, I have personal knowledge of the facts set forth in this declaration and, if called upon to do so, could and would testify competently thereto.

2.      Sales representatives' incentive pay for those in SPO is calculated based on "credits" for sales. Depending on a sales representative's sales plan, sales credit maybe assigned for direct transactions (i.e., sales from HP directly to the end user/customer) and for indirect transactions reported by third party partners. The term "partner sales" refers to indirect sales made through third party partners or resellers. HP's distributors are also referred to as "partners" and many of them have agreements with HP to report sales of HP products to end-user customers back to HP.

3.      As an Operations Manager, on a monthly basis, I review reports from the order management systems, where the sales representatives and partners submit orders for HP products. I conduct this review to determine which orders were influenced by partners assigned to the Agent team. Any orders that identify a partner that influenced the sale are credited to the Agent team assigned to that partner.

4.      Sometimes the sales representatives forget to list the partner that influenced a sale on an order. Since, under the terms of their sales letters, the sales representatives on the Agent team are entitled to be credited only for sales influenced by the partners assigned to them, if an order is missing information identifying the partner that influenced the order, I notify the sales representatives on the Agent team of orders with missing partner information. Once they are notified, the sales representatives on the Agent team are responsible for submitting a "Post-Agent Addition Form" to me and to the Agent Program Office to identify the partner that influenced the sale and so they can receive credit for the sales. If they do not submit an Add Form for orders

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/22171137.7                                    1

DECL. OF STACY BOYLE IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT (C-09-03596 CRB)

1    missing partners, they are not eligible to receive credit for the order.

2         5.    HP pays commissions to partners who influence the sale of HP products. The

3    Agent Program Office keeps track of the commissions paid to partners for influencing sales of HP

4    products. If the Agent Program Office attaches a partner to a particular sale or order, the partner

5    will receive commission on that order and all of the sales representatives on the Agent Team

6    responsible for that order will receive credit for that order.

7         6.    As a member of the SPO Agent Team in Fiscal Years ("FY") 2008 and 2009,

8    Jennifer Riese was eligible to receive credit for the sales of certain products influenced by certain

9    partners of HP in the Central territory. I am familiar with the list of the partners aligned to that

10   territory in FY08 and with the partners for which she was not entitled to receive credit. It was

11   part of my job to keep track of these partner in order to conduct the monthly reviews to ensure

12   that the team receive credit for the sales influenced by the partners assigned to their territories

13        7.    In FY09, Riese was eligible to receive credit for sales of certain products

14   influenced by certain partners of HP in the East territory. I am familiar with the list of the

15   partners aligned to that territory in FY09 and it was part of my job to keep track of this list.

16        8.    Following the filing of this lawsuit, I performed an analysis of Ms. Riese's

17   incentive compensation in FY08. My analysis consisted of a review of all Post-Agent Addition

18   Forms submitted by Ms. Riese in FY08.

19        9.    I compared the list of Post-Agent Adds to the FY08 credited transaction reports

20   submitted to OMEGA which show all of the orders credited towards Ms. Riese's incentive

21   compensation and for which she received incentive compensation in FY08.

22        10.   Based on that comparison, I determined that Ms. Riese received credit for all but

23   eight orders for which she submitted a Post-Agent Add form. I also determined that Ms. Riese

24   was not entitled to receive credit for the eight orders in FY08. Three of the eight orders were re-

25   billed prior orders. Ms. Riese was not entitled to receive credit for re-billed prior orders – only

26   original orders. Two of the eight orders were for the sale of products for which she was not

27   entitled to receive credit - data cartridges and PSG. The list of products assigned to her team does

28   not include product line 7A – the product identification code for cartridges. Also absent from the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/22171137.7                    2              DECL. OF STACY BOYLE IN SUPPORT OF
                                                DEFENDANT'S MOTION FOR SUMMARY
                                                JUDGMENT (C-09-03596 CRB

list of products assigned to her are any PSG products.  Ms. Riese submitted an Add for one order that was cancelled.  Ms. Riese was not entitled to be paid on cancelled orders.  One order was paid in FY07.  As to the last order, Ms. Riese withdrew her request to attach a partner to that order.

11.    As a result of my review, I did not find a single transaction that was missing or inaccurate in the report of transactions credited to Ms. Riese.  I determined that she received credit for all of the eligible orders identified in the forms she submitted.

12.    As a result, I concluded that HP accurately paid Ms. Riese's incentive compensation in FY08.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this $\underline{31^{st}}$ day of January 2011 in Rio Rancho, New Mexico.

Stacy Boyle

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/22171137.7

3

DECL. OF STACY BOYLE IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT (C-09-03596 CRB