UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY JOHNSON, et al., ) <br> )<br>Plaintiff(s),   )<br>)<br>v.   )<br>)<br>HEWLETT-PACKARD COMPANY,   )<br>)<br>Defendant(s).   )<br>_____) | No. C09-3596 CRB (BZ)<br><br>**ORDER DENYING PLAINTIFFS'<br>OBJECTIONS TO SPECIAL<br>MASTER'S DISCOVERY<br>ORDER NO. 9** |

Having reviewed the parties' papers regarding plaintiffs' objections to Judge Warren's Discovery Management Order (DMO) No. 9, **IT IS HEREBY ORDERED** that plaintiffs' objections are **OVERRULED.** On January 27, 2011, Judge Warren ruled that the plaintiffs' "use of 'Omega' is to a computer program or a system of that name, and not to an 'ecosystem' of which Omega is merely a part." Docket No. 137 at 5. Plaintiffs did not object to this Order, which specifically limited the scope of discovery, and Judge Warren has applied this definition of "Omega" throughout the time he has presided over the parties'

///

///

1

discovery disputes.[1]  Accordingly, to the extent that plaintiffs now object to Judge Warren's interpretation of "Omega" in DMO No. 9, which was based on his January 27 ruling, that objection is untimely.  See FRCP 53(f)(2)("A party may file objections to...the master's [order] no later than 21 days after a copy is served, unless the court sets a different time.")  Should Judge Breyer permit plaintiffs to file their proposed fourth amended complaint, plaintiffs should seek leave from Judge Breyer to ask Judge Warren to review his discovery ruling in light of the amended complaint.

Plaintiffs also object to DMO No. 9 to the extent that Judge Warren ruled that because the present complaint only alleges errors by the Calculator, errors by any other part of the compensation system are not relevant.  DMO No. 9 does not so rule.  I read Judge Warren's ruling in DMO No. 9 as simply confirming that defendant was permitted to make redactions consistent with DMO Nos. 3 and 6, and that defendant had averred that it has done so.  Since Judge Warren does not appear to have been asked to review specific redactions to determine whether they were improper, plaintiffs' objections

---

[1] Contrary to plaintiffs' argument, Judge Warren's January 27 Order was not a preliminary ruling.  In DMO No. 6, posted on March 14, 2011, Judge Warren confirmed that this issue had been resolved in January: "The scope of what is and what isn't 'Omega' has been a central theme in these discovery disputes.  In [DMO #3], the Referee, relying on the allegations of the operative Third Amended Complaint, resolved this issue by ruling that Plaintiffs' use of the term 'Omega' is to a computer program or a system by that name, and not to some sort of compensation 'ecosystem' of which Omega is merely a part (see, DMO #3 ¶ 5-7).  No party appealed from DMO #3."  Docket No. 176 at fn. 2.  See also Docket No. 193 at 2-3.

are misplaced.

Dated: May 27, 2011

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\JOHNSON V. HEWLETT-PACKARD\ORDER DENYING PLAINTIFF'S OBJECTIONS TO SPECIAL MASTER'S ORDER NO. 9.wpd

3