

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 05 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEFFREY JOHNSON; JENNIFER RIESE; JAMES PURVIS; SHAUN SIMMONS, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> HEWLETT-PACKARD COMPANY, <br><br> Defendant - Appellee. | No. 11-17062 <br><br> D.C. No. 3:09-cv-03596-CRB <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted May 7, 2013
San Francisco, California

Before: W. FLETCHER, GOULD, and CHRISTEN, Circuit Judges.

Appellants Jeffrey Johnson, Jennifer Riese, James Purvis, and Shaun Simmons appeal the district court's (1) denial of their motion to amend their complaint a fourth time, (2) denial of their request for additional discovery under Federal Rule of Civil Procedure 56(d), and (3) grant of summary judgment in favor

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

of Appellee Hewlett-Packard Company ("HP"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I

The district court did not abuse its discretion by denying Appellants' request for leave to amend their complaint a fourth time after it concluded that three of the factors described in *Foman v. Davis*—delay, prejudice, and prior amendment—favored denial. *See* 371 U.S. 178, 182 (1962). First, Appellants "knew or should have known" that their operative complaint was narrower than their proposed amendment as early as July 2010, when the district court relied on Appellants' narrow expression of their claims in denying HP's Motion to Dismiss or Strike class allegations. Yet Appellants did not seek leave to amend until the end of March 2011. *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (fifteen-month delay is unreasonable). Second, the district court correctly concluded that Appellants' proposed amendment would prejudice HP by significantly expanding Appellants' theory of the case and requiring additional discovery. Appellants contend that the proposed amendment represented a mere "clarification" of the operative complaint, but we conclude that the expansion was prejudicial given that HP had answered 112 requests for production, Appellants had exhausted their limits on depositions and

2

interrogatories, and summary judgment was pending. *See Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798–99 (9th Cir. 1991) (finding prejudice despite movant describing amendment as "implicit" in complaint). Third, Appellants had repeated opportunities to cure any deficiency in their complaint in the three prior amendments, which is "another valid reason for a district court to deny a party leave to amend." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809–10 (9th Cir. 1988).

We review a decision on amendment for abuse of discretion, and "[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1026 (9th Cir. 2000) (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)). The district court's denial of leave to amend was not "illogical, implausible, or without support in inferences that may be drawn from the record." *See Hall v. City of Los Angeles*, 697 F.3d 1059, 1079 (9th Cir. 2012) (quoting *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

## II

Appellants next contend that the district court abused its discretion in denying their requests for further discovery under Federal Rule of Civil Procedure 56(d). "We will only find that the district court abused its discretion if the movant

3

diligently pursued its *previous* discovery opportunities, and if the movant can show how allowing *additional* discovery would have precluded summary judgment." *Byrd v. Guess,* 137 F.3d 1126, 1135 (9th Cir. 1998) (quotation marks omitted), *superseded by statute on other grounds as stated in Hunt v. County of Orange*, 672 F.3d 606, 616 (2012) (citation omitted).  Here the district court interpreted the complaint and the decisions of the magistrate judge and the special master to exclude the information Appellants sought, making discovery of that information contingent on Appellants' motion to amend.

Even though we are not convinced that amendment of the complaint was required to support the discovery sought by Appellants, we affirm the district court's denial of their requests under Rule 56(d) for failure to demonstrate diligence.  Appellants failed to file a supporting affidavit with the district court, which is "[t]he most obvious indication of lack of diligence."  10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. Civ. § 2740 (3d ed. 2008).  Faced with this absence, Appellants point to their own declarations filed in opposition to HP's motions for summary judgment.  But those declarations are inadequate to satisfy Rule 56(d).  They merely state in conclusory terms that more discovery would enable Appellants to show they were harmed, and many of the assertions in the declarations contradicted Appellants' prior testimony.  It was

within the district court's discretion to deny further discovery under Rule 56(d) where, as in this case, "the complaining party could only speculate as to what it might discover." *Apache Survival Coal. v. United States*, 21 F.3d 895, 911 n.17 (9th Cir. 1994).

Appellants contend that their conclusory statements were adequate because requests for additional time should be granted "almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes*, 323 F.3d 767, 774 (9th Cir. 2003) (internal quotation marks and citation omitted). But Appellants were not sufficiently diligent to render the district court's decision reversible on an abuse of discretion standard of review. In *Burlington Northern*, the plaintiff brought a summary judgment motion less than one month after filing suit. *Id*. at 773. "[N]o discovery whatsoever ha[d] taken place." *Id*. at 774. We explained there that where "a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) motion fairly freely." *Id*. at 773. Here, by contrast, Appellants seek extra time to discover "raw data" that they say is essential to opposing summary judgment but that they did not request until February 2011, a year and a half after they filed their complaint, after

5

the parties conducted extensive discovery, and after the district court granted an extension of time to oppose summary judgment. *See Hall v. Hawaii*, 791 F.2d 759, 760–61 (9th Cir. 1986) (affirming summary judgment entered four months after filing of suit).

Appellants now contend that one of their first requests for production from February 2010, Request for Production 12 ("RFP 12"), had asked for similar raw data. According to Appellants, RFP 12 demonstrates their diligence. Appellants did not, however, make this argument to the district court. To the contrary, they told the district court that they did not seek this raw data before March 2011. Thus, Appellants waived this argument when they failed to raise RFP 12 before the district court.

Again, the standard of review of denial of a motion for further discovery under Rule 56(d) is abuse of discretion, and "a trial court's exercise of discretion will rarely be disturbed." *Garrett v. City & Cnty. of San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987). The district court's conclusion that Appellants were not entitled to the raw data was not illogical or implausible. We hold that "the district court did not abuse its discretion in denying [Appellants] further discovery." *Quinn v. Anvil Corp.*, 620 F.3d 1005, 1015 (9th Cir. 2010) (citing *Hinkson*, 585 F.3d at 1262).

III

The district court properly granted summary judgment to HP because none of the named Appellants raised a triable issue of fact that they were harmed because they were underpaid or paid late in breach of contract. *See Reichert v. Gen. Ins. Co. of Am.*, 442 P.2d 377, 381 (Cal. 1968); *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992). Appellants Riese and Simmons received checks from HP after concluding their employment, and they contend that questions over why they were paid late raise triable issues of fact. But neither can show that HP owes them more than they were paid, and they did not allege in their complaint that these late payments constituted a breach of contract. Johnson admits that his sales never reached the threshold at which he would be eligible for a bonus, and his suggestion that the threshold did not apply contradicts the complaint. Purvis concedes he cannot produce evidence sufficient to withstand summary judgment.

The district court also properly granted summary judgment on Appellants' Colorado Labor Code claims. Appellants proffered evidence that HP was concerned about problems with its compensation system as a whole. But this evidence is not linked to Appellants. It does not show harm to them as individuals.

IV

7

Because we affirm the district court, Appellants are not entitled to an accounting. *See Duggal v. G.E. Capital Commc'ns Servs., Inc.*, 81 Cal. App. 4th 81, 95 (Cal. Ct. App. 2000) (accounting is derivative to the underlying claims); *Andrikopoulos v. Broadmoor Mgmt. Co.*, 670 P.2d 435, 440 (Colo. Ct. App. 1983) (holding that an accounting is an "extraordinary remedy").

**AFFIRMED**.