1  MORGAN, LEWIS & BOCKIUS LLP
   MELINDA S. RIECHERT, State Bar No. 65504
2  ROBERT J. SMITH, State Bar No. 162784
   *Admitted pro hac vice*
3  2 Palo Alto Square
   3000 El Camino Real, Suite 700
4  Palo Alto, CA  94306-2122
   Tel:  650.843.4000
5  Fax:  650.843.4001
   mriechert@morganlewis.com
6  rsmith@morganlewis.com

7  ANNE M. BRAFFORD, State Bar No. 237574
   5 Park Plaza, 17th Floor
8  Irvine, California  92614-3508
   Telephone:     949.399.7000
9  Facsimile:     949.399.7001
   abrafford@morganlewis.com

10

   Attorneys for Defendant
11 HEWLETT-PACKARD COMPANY

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14

15

   JEFFREY JOHNSON, JENNIFER RIESE,     Case No. C-09-03596 CRB
16 SHAUN SIMMONS, and JAMES PURVIS,
   individually, and on behalf of others   **DEFENDANT HEWLETT-PACKARD**
17 similarly situated,                   **COMPANY'S <u>AMENDED</u> NOTICE OF**
                                         **MOTION AND MOTION FOR**
18                  Plaintiffs,          **ATTORNEYS' FEES**

19           vs.                         **MEMORANDUM OF POINTS AND**
                                         **AUTHORITIES**
20 HEWLETT-PACKARD COMPANY and
   DOES 1-25 inclusive,                  Dept.:       Courtroom 8
21                                       Judge:       Hon. Charles R. Breyer
                    Defendants.
22                                       Action Filed:      August 6, 2009
                                         Judgment Entered:  August 12, 2011
23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 24552557.3

1

HP'S AMENDED MOTION FOR
ATTORNEYS'FEES
(C-09-03596 CRB)

1          **AMENDED NOTICE OF MOTION AND MOTION**

2    **TO PLAINTIFFS AND THEIR ATTORNEY OF RECORD:**

3          **PLEASE TAKE NOTICE** that pursuant to this Court's Order dated November 22, 2013,

4    Defendant Hewlett Packard Company will and hereby does amend its Motion for Attorneys' Fees

5    to this Court pursuant to Federal Rule of Civil Procedure Rule 54(d)(2), Local Civil Rule 54-5,

6    and California Labor Code § 218.5.

7          This Amended Motion is based upon this Amended Notice of Motion and Motion, the

8    attached Memorandum of Points and Authorities, the Declaration of Anne Brafford and

9    accompanying exhibits thereto, all of which are filed and served concurrently herewith, any reply filed

10   in support of this Amended Motion, oral argument of counsel at any hearing for this Amended

11   Motion, the files and records in this action, and any other matters that the Court may properly

12   consider via judicial notice or otherwise.

13

14   Dated:  December 6, 2013                    MORGAN, LEWIS & BOCKIUS LLP

15

16                                              By   /s/Anne M. Brafford
                                                    Anne M. Brafford

17                                              Attorneys for Defendant
18                                              HEWLETT-PACKARD COMPANY

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

2

HP'S AMENDED MOTION FOR
ATTORNEYS'FEES
(C-09-03596 CRB)

DB2/ 24552557.3

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ............................................................................................. 1

II. RELEVANT PROCEDURAL BACKGROUND .............................................. 1

    A. All Plaintiffs Pursue Claims For Unpaid Wages Under California Law ............... 1

    B. The Case Was Heavily Litigated And Plaintiffs' Tactics Unnecessarily Escalated Costs And Fees ....................................................................................... 3

    C. This Court Enters Judgment For HP ...................................................................... 5

    D. The Ninth Circuit Affirms Judgment For HP ........................................................ 6

    E. HP's Pending Request For Attorneys' Fees ........................................................... 7

III. CALIFORNIA LAW GOVERNS WHETHER AN AWARD OF ATTORNEYS' FEES IS WARRANTED ................................................................................... 7

    A. As A Matter of Statutory Construction, Section 218.5 Governs HP's Entitlement To Attorneys' Fees For All Plaintiffs' Claims For Unpaid Wages ........................................................................................................................ 9

    B. Under California's Conflicts-Of-Law Analysis, Section 218.5 Governs HP's Entitlement To Attorneys' Fees For All Plaintiffs' Claims For Unpaid Wages ...................................................................................................................... 10

IV. AN AWARD OF ATTORNEYS' FEES TO HP IS MANDATORY ............. 11

    A. Plaintiffs' Request For Unpaid Wages Is Covered By Section 218.5 ................... 12

    B. Both Parties Requested Attorneys' Fees At The Initiation Of The Action ........... 14

    C. HP Is The "Prevailing Party." ............................................................................... 14

    D. Apportionment Of Fees Among Claims/Plaintiffs Is Unnecessary ...................... 15

    E. HP's Attorneys' Fees Are Reasonable ................................................................... 16

        1. The Amount Of Time Spent Was Reasonable .......................................... 18

        2. HP's Attorneys' Hourly Rates Are Reasonable ....................................... 18

V. THE COURT MAY ORDER PLAINTIFFS' COUNSEL TO PAY THE AWARD OF ATTORNEYS' FEES ................................................................. 19

VI. CONCLUSION ............................................................................................... 23

# TABLE OF AUTHORITIES

**Page**

CASES

*Acosta v. SI Corp.*,
   129 Cal. App. 4th 1370 (2005)........................................................................ 15

*Akins v. Enter. Rent-A-Car Co. of S.F.*,
   79 Cal. App. 4th 1127 (2000)........................................................................ 15

*Amtower v. Photon Dynamics, Inc.*,
   158 Cal. App. 4th 1582 (2008)...................................................................... 15

*Arno v. Club Med Boutique Inc.*,
   134 F.3d 1424 (9th Cir. 1998)........................................................................ 8

*Avikian v. WTC Fin. Corp.*,
   98 Cal. App. 4th 1108 (2002)........................................................................ 18

*Ayala v. Aldersgate Inv.*,
   2013 WL 1152615 (Cal. Ct. App. Mar. 21, 2013) ........................................ 12

*Barnd v. City of Tacoma*,
   664 F.2d 1339 (9th Cir. 1982)........................................................................ 20

*Brooks v. City of Turlock*,
   1993 U.S. App. LEXIS (9th Cir. Dec. 30, 1993) .......................................... 21

*Camacho v. Schaefer*,
   193 Cal. App. 3d 718 (1987).......................................................................... 19

*City of Burlington v. Dague*,
   505 U.S. 557 (1992) ....................................................................................... 16

*Cogent Commc'ns, Inc. v. EbroadBandNow, Inc.*,
   2005 WL 2388266 (Cal. Ct. App. Sept. 29, 2005) ...................................... 14

*Cotterill v. City & Cnty. of San Francisco*,
   2010 WL 1223146 (N.D. Cal. Mar. 10, 2010) ............................................. 22

*Csaszi v. Sharp Healthcare*,
   2003 WL 352422 (Cal. Ct. App. Feb. 18, 2003) .......................................... 12

*Cun v. Cafe Tiramisu LLC*,
   2011 WL 5979937 (Cal. Ct. App. Nov. 30, 2011)........................................ 12

*Davis v. City and County of S.F.*,
   976 F.2d 1536 (9th Cir.1992)......................................................................... 18

# TABLE OF CONTENTS
### (continued)

Page

*Diamond Multimedia Sys., Inc. v. Superior Ct.*,
  19 Cal. 4th 1036 (1999) ................................................................. 10

*Donovan v. Poway Unified Sch. Dist.*,
  167 Cal. App. 4th 567 (2008)......................................................... 17

*Drake v. Lowe's Cos., Inc.*,
  2005 WL 2562653 (E.D. Cal. Oct. 11, 2005) ................................... 9

*Drumm v. Morningstar, Inc.*,
  695 F. Supp. 2d 1014 (N.D. Cal. 2010) .......................................... 12

*Earley v. Superior Ct.*,
  79 Cal. App. 4th 1420 (2000)...................................................11, 13

*Gates v. Gomez*,
  60 F. 3d 525 (9th Cir. 1995).......................................................... 18

*Gerard v. Qualcomm Inc.*,
  2002 WL 31430591 (Cal. Ct. App. Oct. 31, 2002)......................... 12

*Graham v. Daimler-Chrysler Corp.*,
  34 Cal. 4th 553 (2004) .................................................................. 18

*Gusman v. Unisys Corp.*,
  986 F.2d 1146 (7th Cir. 1993)........................................................ 19

*Haynes v. City & Cnty. of San Francisco*,
  474 F. App'x 689 (9th Cir. 2012) ................................................... 22

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983)....................................................................... 17

*Heppler v. J.M. Peters, Co.*,
  73 Cal. App. 4th 1265 (1999)......................................................... 18

*Hilmon Co. (V.I.) Inc. v. Hyatt Int'l*,
  899 F.2d 250 (3d Cir. 1990)........................................................... 22

*Hsu v. Abbara*,
  9 Cal. 4th 863 (1995) ...............................................................14, 15

*Kearney v. Salomon Smith Barney, Inc.*,
  39 Cal. 4th 95 (2006) .................................................................... 10

*Ketchum v. Moses*,
  24 Cal. 4th 1122 (2001) ................................................................ 18

**TABLE OF CONTENTS**
(continued)

Page

*Kirby v. Immoos Fire Prot., Inc.*,
  53 Cal. 4th 1244 (2012) ............................................................................ 8

*Koehl v. Verio, Inc.*,
  142 Cal. App. 4th 1313 (2006) ................................................................. 8

*Kolb v. Turner*,
  2008 U.S. Dist. LEXIS 106537 (E.D. Cal. Dec. 31, 2008) ...................... 7

*Kona Enters., Inc. v. Estate of Bishop*,
  229 F.3d 877 (9th Cir. 2000) ..................................................................... 7

*Lanzarone v. Guardsmark Holdings, Inc.*,
  2007 WL 4351949 (C.D. Cal. Feb. 6, 2007) ............................................ 15

*Larin Corp. v. Alltrade, Inc.*,
  2008 WL 2745881 (C.D. Cal. July 11, 2008) .......................................... 22

*Laurel Vill. Bakery, LLC v. Global Payments Direct, Inc.*,
  2007 U.S. Dist. LEXIS 95238 (N. D. Cal. Dec. 14, 2007) ...................... 7

*Lutz v. Sortwell*,
  2011 WL 3241626 (Cal. Ct. App. July 29, 2011) ..................................... 9

*Marr v. Bank of Am. Nat'l Ass'n*,
  2011 WL 2912878 (N.D. Cal. July 20, 2011) .......................................... 12

*Martino v. Denevi*,
  182 Cal. App. 3d 553 (1986) ................................................................... 19

*MBNA Am. Bank, N.A. v. Gorman*,
  147 Cal. App. 4th Supp. 1 (2006) ........................................................... 19

*Morales v. City of San Rafael*,
  96 F.3d 359 (9th Cir. 1996) ..................................................................... 16

*MRO Commc'ns, Inc. v. AT&T, Co.*,
  197 F.3d 1276 (9th Cir. 1999) ................................................................... 7

*Neisendorf v. Levi Strauss & Co.*,
  143 Cal. App. 4th 509 (2006) .................................................................. 13

*Prachasaisoradej v. Ralphs Grocery Co.*
  2008 WL 344218 (Cal. Ct. App. Feb. 8, 2008) ...................................... 12

**TABLE OF CONTENTS**
(continued)

Page

*Perkins v. Mobile Hous. Bd.*,
     847 F. 2d 735 (11th Cir. 1988)...................................................................................18

*Plancich v. United Parcel Serv., Inc.*,
     198 Cal. App. 4th 308 (2011)....................................................................................14

*PLCM Grp., Inc. v. Drexler*,
     22 Cal. 4th 1084 (2000) .....................................................................................16, 18

*Ribbens Int'l, S.A. de C.V. v. Transp. Int'l Pool, Inc.*,
     47 F. Supp. 2d 1117 (C.D. Cal. 1999)..........................................................................8

*S.A. Empresa De Viacao Aerea Rio Grandense v. Boeing Co.*,
     641 F.2d 746 (9th Cir. 1981).........................................................................................8

*Serrano v. Unruh*,
     32 Cal. 3d 621 (1982) .................................................................................................18

*Seymour v. McLane Co., Inc.*,
     2011 WL 165385 (C.D. Cal. Jan. 18, 2011) .......................................................12, 15

*Sood v. Mittal*,
     2004 WL 232093 (Cal. Ct. App. Feb. 9, 2004)..........................................................14

*Steiny & Co. v. Cal. Electric Supply Co.*,
     79 Cal. App. 4th 285 (2000)........................................................................................19

*Sternwest Corp. v. Ash*,
     183 Cal. App. 3d 74 (1986).........................................................................................19

*Sullivan v. Oracle*,
     51 Cal. 4th 1191 (2011) ....................................................................................8, 9, 10

*Tolentino v. Friedman*,
     46 F.3d 645 (7th Cir. 1995).........................................................................................19

*Torres v. Auto Chlor Sys.*,
     2007 WL 2774706 (Cal. Ct. App. Sept. 25, 2007) .....................................................12

*U.S. v. Associated Convalescent Enters., Inc.*,
     766 F.2d 1342 (9th Cir. 1985).....................................................................................21

*United States v. Austin*,
     749 F.2d 1407 (9th Cir. 1984).....................................................................................20

*Villalobos v. Guertin*,
     2009 WL 4718721 (E.D. Cal. Dec. 3, 2009)........................................................passim

**TABLE OF CONTENTS**
(continued)

**Page**

*Wagner v. Lim*,
    2005 WL 635059 (Cal. Ct. App. Mar. 18, 2005) ............................................................. 12, 15

*Zalewa v. Tempo Research Corp.*,
    2013 WL 766535 (Cal. Ct. App. Mar. 1, 2013) ..................................................... 12

**STATUTES**

28 U.S.C. § 1927 ....................................................................................................... 20

Cal. Bus. & Prof. Code § 17200 ........................................................ 1, 2, 13

Cal. Code Civ. Proc. § 1033.5(a)(10) ........................................................ 7, 15

Cal. Labor Code § 15 ............................................................................. 11

Cal. Lab. Code § 200(a) ........................................................................ 13

Cal. Labor Code § 203 ................................................................... 13, 15

Cal. Labor Code § 204 .......................................................................... 13

Cal. Labor Code § 216 .......................................................................... 13

Cal. Labor Code § 218 ............................................................ 1. 10, 13, 17

Cal. Labor Code § 223 ..................................................................... 1. 13

Cal. Labor Code § 510 ..................................................................... 8, 9

Cal. Labor Code § 2926 ........................................................................ 13

Cal. Labor Code § 2927 ........................................................................ 13

Colo. Rev. Stat. § 8-4-103 ................................................................... 15

Colo. Rev. Stat. § 8-4-103(1)(a) ............................................................... 3

Colo. Rev. Stat. § 8-4-105 ............................................................... 2, 13

Colo. Rev. Stat. § 8-4-109 .......................................................................... 2

Colo. Rev. Stat. § 8-4-109(1)(b) ........................................................... 15

Colo. Rev. Stat. § 8-4-109(1)(b) and 8-4-103(1) ....................................... 13

Colo. Rev. Stat. §§ 8-4-109(3) .............................................................. 11

Colo. Rev. Stat. § 8-4-110(1) ............................................................... 11

## MEMORANDUM OF POINTS AND AUTHORITIES

I.    **INTRODUCTION.**

Pursuant to California Labor Code § 218.5, Hewlett-Packard Company ("HP") seeks attorneys' fees as the "prevailing party" in this litigation.  The four named Plaintiffs brought a class action lawsuit against HP on behalf of sales employees nationwide, arguing that HP had failed to pay bonuses and commissions in breach of contract and violation of the California Labor Code and Colorado statutes.   Because Plaintiffs never had any proof of their individual claims, this Court granted HP's Motions for Summary Judgment in their entirety.  The Court also rejected Plaintiffs' attempt to yet again amend the complaint and denied their request for additional discovery.  Section 218.5 is a mandatory fee-shifting provision, which requires an award of attorneys' fees to the "prevailing party" "[i]n any action brought for the nonpayment of wages." Because HP prevailed on all of Plaintiffs' claims, which were based on alleged nonpayment of "wages," HP is entitled to reasonable attorneys' fees for defending this lawsuit. Thus, for the reasons below, HP's Motion should be granted, and Plaintiffs <u>and their attorneys</u> should be ordered to pay HP's fees.

II.   **RELEVANT PROCEDURAL BACKGROUND.**

A.    <u>**All Plaintiffs Pursue Claims For Unpaid Wages Under California Law.**</u>

From the outset of the litigation, Plaintiffs asserted claims for unpaid wages under California law, even though three of them are from Colorado.  Specifically, on August 6, 2009, three former sales representatives from Colorado filed (but never served on HP) their original Complaint—Jeffrey Johnson, Jennifer Riese, and Shaun Simmons (collectively referred to as the "Colorado Plaintiffs").  (ECF Docket. ("Dckt.") #1.)

On December 4, 2009, the Colorado Plaintiffs filed a First Amended Complaint ("FAC"), which they served on HP.  (Dckt. # 8.)   The FAC asserted the following claims: breach of contract; unjust enrichment; promissory estoppel; violations of California Labor Code §§ 223, 218 (based on 201-204, 218), 204, 226, 2926, 2927, 201-03, 2698; Cal. Bus. & Prof. Code § 17200 (based on the California Labor Code violations); and a claim for an accounting.  No claim was asserted under Colorado law.  The crux of the claims in the FAC was that HP failed to pay

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1

HP'S AMENDED MOTION FOR
ATTORNEYS' FEES
(C-09-03596 CRB)

DB2/ 24552557.3

1   Plaintiffs and putative class members earned incentive pay or paid them late.  Declaration of

2   Anne Brafford ("Brafford Decl.") filed concurrently herewith, ¶ 3.

3        On January 19, 2010, HP filed a Motion to Dismiss. (Dckt. #20.)  One focus of the Motion

4   to Dismiss was the Colorado Plaintiffs' lack of standing to assert violations of the California

5   Labor Code.  (Dckt. #20.)  On February 12, 2010, Plaintiffs filed their Opposition to HP's Motion

6   to Dismiss, which included an extensive argument about the applicability of the California Labor

7   Code.  *See* Pls' Response to HP's Motion to Dismiss at 5-13. (Dckt. #40.)  Plaintiffs argued that

8   the Labor Code applied not only to the Colorado Plaintiffs, but that it "should extend to all

9   Employees in the putative nationwide class."  *Id.* at 8:3-4.  When the Court expressed doubt at

10  the hearing on March 5, 2010 about the reach of the Labor Code, Plaintiffs agreed to amend the

11  FAC to include a California Plaintiff.  Brafford Decl. ¶ 4.

12       On March 25, 2010, Plaintiffs filed their Second Amended Complaint ("SAC"), which

13  added Jeffrey Kossick as a plaintiff who worked in California.  (Dckt. #44.)  The SAC once again

14  contended that the California Labor Code applied to <u>all</u> Plaintiffs as well as the putative class.

15  SAC ¶ 94 (claiming to "dispute" HP's "position that claims arising under California's wage and

16  hour statutes…only apply to HP employees who worked in California, and do not apply to HP

17  employees who worked elsewhere").  In case the Court disagreed with them, Plaintiffs' SAC also

18  added claims under Colo. Rev. Stat. § 8-4-109 and Colo. Rev. Stat. § 8-4-105.  *Id.*

19       On April 8, 2010, HP filed a Motion to Strike the Colorado Plaintiffs' claims under the

20  California Labor Code because they constituted an improper attempt to apply California's

21  statutory wage provisions to employees who did not work or reside in California.  (Dckt. #45).

22  HP also filed a Motion to Dismiss the SAC, arguing, in part, that Kossick should be dismissed

23  because he had executed a valid release of all claims.  (Dckt. #46.)  On June 11, 2010, Plaintiffs

24  filed their Oppositions to Defendant's two Motions.  (Dckt. #53, 54.)  Plaintiffs argued that

25  Kossick remained a viable plaintiff because his release might be invalid.  (Dckt. # 53.)  In

26  addition, Plaintiffs argued at length that the California Labor Code applied to all employees

27  nationwide.  *See* Pls' Opp. to Def.'s Mot. to Strike Pls' Amended Compl. at 4-6.  (Dckt. #54.)

28       On July 6, 2010, the Court issued its Order on HP's Motions.  (Dckt. #62).  The Order

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

HP'S AMENDED MOTION FOR
ATTORNEYS' FEES
(C-09-03596 CRB)

DB2/ 24552557.3

acknowledged Plaintiffs' agreement to dismiss Kossick—the sole California resident—and to

find a substitute California plaintiff.  *Id.*  The Court granted HP's motion to strike claims under

California law by non-California employees. *Id.*  The Order stated the following: "Defendant

reasserts its belief that Colorado residents are not entitled to sue under California employment

law.  This Court agrees, and these claims are DISMISSED WITH PREJUDICE as to the

Colorado plaintiffs.  In Plaintiffs' amended complaint, they are to clarify that only those

employees who worked for some period in California are suing under California employment

law." *Id.* at 2:26-3:2; *see also Id.* at 7 ("[T]here is no authority for the proposition that workers

who never set foot in California are protected by California employment law.").  In short, HP

prevailed entirely on its arguments that Kossick was barred from seeking unpaid wages under

California law and that the California Labor Code did not apply to non-California workers.

On July 21, 2010, Plaintiffs filed a Third Amended Complaint ("TAC"), which HP

answered on August 9, 2010 and November 4, 2010 (Dckt. #69, 71, 101.)  The TAC added two

California Plaintiffs—Michael DeBever and James Purvis.  *Id.*  (On November 22, 2010,

DeBever was dismissed. (Dckt. #116.))   The TAC indicated that, because the Court had ruled

that the California Labor Code provisions on which Plaintiffs had relied in the SAC did not apply

to any employee who never worked in California, those claims would be pursued only on behalf

of Plaintiffs and putative class members who had worked in California.  TAC ¶ 94.  Plaintiffs also

added breach of good faith allegations to their claim for breach of contract and added a claim for

violation of Colo. Rev. Stat. § 8-4-103(1)(a).

**B.   The Case Was Heavily Litigated And Plaintiffs' Tactics Unnecessarily Escalated Costs And Fees.**

Plaintiffs' unduly aggressive litigation tactics, refusal to extend normal professional

courtesies during litigation, and refusal to engage in meaningful meet and confer communications

to resolve issues informally began early in the case.  This should be considered in deciding

whether to order Plaintiffs' counsel to participate in payment of HP's fees.

On February 23, 2010, in the midst of Defendant's Motions described above—motions

that could have drastically impacted the scope of the case—Plaintiffs propounded the First Sets of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 24552557.3

3

HP'S AMENDED MOTION FOR
ATTORNEYS' FEES
(C-09-03596 CRB)

Requests for Admissions, Interrogatories, and Requests for Production of Documents.  Brafford Decl. ¶ 9.  The far-flung discovery requests sought voluminous documents, data, and information not reasonably tailored to obtain evidence relevant to Plaintiffs' individual claims or necessary to substantiate their class allegations.  *Id.*  Nonetheless, on May 4, 2010, HP served responses and objections, as well as documents.  *Id.*  HP's subsequent attempts to meet and confer with Plaintiffs—and ultimate agreement to provide supplemental responses to address all issues raised by Plaintiffs—is described in HP's Opposition to Plaintiffs' first motion to compel.  (Dckt. #76.)  Despite HP's efforts, Plaintiffs filed a Motion to Compel with almost no meaningful attempt to meet and confer.  Brafford Decl. ¶ 9.  As discovery proceeded, it became increasingly clear that meet and confer efforts with Plaintiffs' counsel could not be productive.  *Id.*  Therefore, although HP originally had objected to the assignment of a Discovery Referee to resolve discovery issues due to the cost, HP ultimately agreed to the assignment with the expectation that the Discovery Referee could assist in the management of Plaintiffs' counsel's behavior.  *Id.*

Discovery was significant as to the class-related issues, and numerous disputes arose due to Plaintiffs' continual efforts to obtain discovery broader than the scope of their pleadings.  *Id.* ¶ 10.  Between the parties, there were 19 depositions and hundreds of discovery requests.  *Id.*  In response to Plaintiffs' more than 130 requests for production of documents, HP produced 338,789 pages.  *Id.*

There also were multiple discovery disputes.  Plaintiffs filed multiple motions to compel discovery responses, and more than 10 disputes resulted in Orders from the Magistrate Judge and Discovery Referee.  *Id.* ¶ 11.  Many of these disputes involved the scope of Plaintiffs' claims regarding HP's sales compensation system.  *Id.*  Plaintiffs sought discovery relating to all aspects of HP's sales compensation structure, while HP maintained that Plaintiffs' claims were limited to the alleged malfunction of the OMEGA software tool, and therefore Plaintiffs' class-related discovery must be limited to OMEGA malfunctions.  *Id.*  The Magistrate Judge and Discovery Referee agreed with HP.  *Id.*

On March 24, 2011, after more than a year of litigation, Plaintiffs filed a Motion to Amend their Complaint, seeking to file a *Fourth* Amended Complaint.  (Dckt. #180.)  The sole

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Palo Alto

DB2/ 24552557.3

4

HP'S AMENDED MOTION FOR
ATTORNEYS' FEES
(C-09-03596 CRB)

basis for the proposed amendment was to re-define the definition of the word "OMEGA" to include HP's entire sales compensation system. *Id.* If granted, the amendment would have drastically altered the case and forced the re-opening of already-resolved discovery issues and the re-examination of multiple discovery orders. Brafford Decl., ¶12. On April 22, 2011, HP filed its Opposition and supporting Declaration, which set forth the long history of the parties' dispute about the scope of Plaintiffs' pleadings and Plaintiffs' inexplicable delay in seeking the amendment at issue. (Dckt. # 194, 195.) The Opposition also argued that Plaintiffs' representations to the Court displayed bad faith, because they failed to disclose significant, relevant orders and the true history of the dispute. *Id.* On August 12, 2011, the Court ruled in favor of HP and denied Plaintiffs leave to amend. (Dckt. #240.) The Court also considered, but did not decide, that Plaintiffs' conduct may have been in bad faith. (*Id.* at 8.)

### C.    This Court Enters Judgment For HP.

On February 4, 2011, HP filed four Motions for Summary Judgment ("MSJs") seeking dismissal of all claims by all Plaintiffs. (Dckt. # 140-157.) HP filed an amended MSJ as to Plaintiff Purvis on April 1, 2011 to incorporate Purvis' deposition, which occurred after the original MSJ filing. (Dckt. # 182-184.) The MSJs argued, among other things, that Plaintiffs lacked any contractual basis for their claims and any evidence of under-payment—whether as the result of an OMEGA malfunction or otherwise. (Dckt. # 140-157.)

On April 21, 2011, Plaintiffs filed two Opposition briefs—a Consolidated Opposition on behalf of the Colorado Plaintiffs and a second Opposition on behalf of Purvis, the California Plaintiff—which they supplemented on May 6. (Dckt. #191-192, 201-205.) In their Consolidated Colorado Opposition, the Colorado Plaintiffs again argued that California law applied to their contract claims for unpaid wages. *See* Colorado Opp. 8. In support of those claims, the Colorado Plaintiffs relied almost exclusively on the California Department of Labor Standards Enforcement's Policies and Interpretations Manual ("DLSE Manual"), which summarizes the DLSE's positions on the enforcement of the California Labor Code and regulations. *See* Colorado Opp. 16-17. They chose this tactic despite the Court's prior ruling that the California Labor Code did <u>not</u> apply to the Colorado Plaintiffs.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 24552557.3

5

HP'S AMENDED MOTION FOR
ATTORNEYS' FEES
(C-09-03596 CRB)

On July 28, 2011, the Court conducted a hearing on HP's four MSJs, Plaintiffs' Motion to Amend, Plaintiffs' challenge to Discovery Management Order ("DMO") No. 9 (involving plaintiffs' continued attempt to expand discovery beyond OMEGA malfunctions), and HP's challenge to DMO No. 10 (involving discoverability of raw sales data).  Brafford Decl. ¶ 14.

On August 12, 2011, the Court issued an Order that granted all of HP's MSJs in their entirety.  (Dckt. #240.)  In the same order, the Court denied Plaintiffs' Motion to file a Fourth Amended Complaint, denied Plaintiffs' appeal of DMO No. 9, and found moot HP's appeal of DMO No. 10 given the other rulings.  *Id.*  In the Court's analysis of the MSJs, it rejected Plaintiffs' argument that California law applied to the Colorado Plaintiffs' contract claims for unpaid wages.  *Id.*  The Court's overarching ruling was that the Plaintiffs themselves lacked evidence that HP denied them any earned incentive pay or paid them late.  *Id.*  As the Court noted, "Plaintiffs' opposition is based almost exclusively on evidence that, as a general matter, HP experienced problems with its incentive pay system and those problems were widespread." *See* Order of Aug. 12, 2011 at 9:15-17; *see also id.* at 17 ("Plaintiffs rely exclusively on general evidence of problems in HP's incentive pay system to support their claims of breach of contract….[P]laintiffs do not link HP's problems with actual failure to pay them what they were owed under their sales contracts.").  As HP highlighted in its briefing, despite a lengthy discovery period, Plaintiffs' counsel made little inquiry about the circumstances of the individual Plaintiffs, and never sought written discovery or depositions to understand how each Plaintiff's sales plans worked.  *See* HP's Consolidated MSJ Reply at 42-43 (Dckt. #216).  HP would have succeeded even if Plaintiffs' counsel had paid more attention to Plaintiffs themselves.  But Plaintiffs' counsel's almost exclusive focus on generalized, class-related issues with HP's sales compensation process was a result of their own strategic decisions.  This should be considered in deciding whether to order Plaintiffs' counsel to participate in payment of HP's fees.

### D.    The Ninth Circuit Affirms Judgment For HP.

On August 26, 2011, Plaintiffs filed a notice of appeal from this Court's rulings and entry of judgment for HP.  (Dckt. # 247.)  On September 5, 2013, The Ninth Circuit entered judgment affirming this Court's rulings. (Dckt. #271).  On September 19, Plaintiffs petitioned the Ninth

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 24552557.3

6

HP'S AMENDED MOTION FOR
ATTORNEYS' FEES
(C-09-03596 CRB)

Circuit for panel and en banc rehearing. On October 25, the Ninth Circuit denied Plaintiffs'
petition. (Dckt. #275). On November 5, the Ninth Circuit issued a mandate and rendered
effective its judgment affirming this Court's rulings. (Dckt. #277)

**E.      HP's Pending Request For Attorneys' Fees.**

Following this Court's Order granting summary judgment in favor of HP, on September 1,
2011, HP filed a Bill of Costs in this Court. (Dckt. #251.) On September 30, 2011, HP filed a
Motion for Attorneys' Fees under Labor Code Section 218.5. (Dckt. #260-261.) On October 25,
this Court entered an order granting the parties' request to defer briefing, hearing, and
consideration of HP's Motion for Attorneys' Fees and Bill of Costs until after the Ninth Circuit's
decision on appeal. (Dckt. #265.)

On November 20, 2013, HP filed a Motion for Administrative Relief seeking to resume
briefing, consideration and hearing of its pending requests for attorneys' fees and costs. (Dckt.
#279.) On November 25, the Court granted HP's Motion and ordered HP to file an amended
motion for attorneys' fees by December 6. (Dckt. #282.) HP files the instant Amended Motion
pursuant to the Court's order.

**III.      CALIFORNIA LAW GOVERNS WHETHER AN AWARD OF ATTORNEYS'
FEES IS WARRANTED.**

Federal courts sitting in diversity (as the Court does here) apply the law of the forum state
regarding an award of attorneys' fees. *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877 (9th
Cir. 2000); *MRO Commc'ns, Inc. v. AT&T, Co*., 197 F.3d 1276, 1282 (9th Cir. 1999) ("[i]n an
action involving state law claims, we apply the law of the forum state to determine whether a
party is entitled to attorneys' fees, unless it conflicts with a valid federal statute or procedural
rule"); *see also Kolb v. Turner*, 2008 U.S. Dist. LEXIS 106537, at *32-33 (E.D. Cal. Dec. 31,
2008)*; Laurel Vill. Bakery, LLC v. Global Payments Direct, Inc.*, 2007 U.S. Dist. LEXIS 95238,
at *6-7 (N. D. Cal. Dec. 14, 2007).

California law allows a party to recover reasonable attorneys' fees when authorized by
contract or statute. Cal. Code Civ. Proc. § 1033.5(a)(10). Under California Labor Code § 218.5,
attorneys' fees "shall" be awarded to the prevailing party in "any action brought for the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 24552557.3

7

HP'S AMENDED MOTION FOR
ATTORNEYS' FEES
(C-09-03596 CRB)

nonpayment of wages." *E.g., Koehl v. Verio, Inc.,* 142 Cal. App. 4th 1313, 1328 (2006) (upholding the award of fees and costs to a defendant pursuant to Cal. Lab. Code § 218.5).  The statute is a reciprocal fee recovery provision that works in favor of either employees or employers, whichever is the prevailing party in a lawsuit claiming unpaid wages. *Kirby v. Immoos Fire Prot., Inc.,* 53 Cal. 4th 1244, 1248 (2012) (Section 218.5 "awards fees to the prevailing party whether it is the employee or the employer; it is a two-way fee-shifting provision.").

Here, there can be no doubt that Section 218.5 governs HP's award of fees as the prevailing party against the claims for nonpayment of wages by the California Plaintiff, James Purvis. Under the circumstances here, Section 218.5 also governs HP's fee award against the Colorado Plaintiffs.  The conclusion that Section 218.5 governs HP's entitlement to attorneys' fees against the Colorado Plaintiffs is drawn from two inquiries: (1) whether Section 218.5 applies as a matter of statutory construction and (2) whether the conflict-of-law principles call for application of California law in the event another state also purports to regulate an award of attorneys' fees in this context.  *See Sullivan v. Oracle*, 51 Cal. 4th 1191, 1197 (2011) (analyzing whether the overtime requirement of Cal. Labor Code § 510 applies to out-of-state employees).

The Court's rulings that the California Labor Code provisions relating to unpaid wages do not apply to the Colorado Plaintiffs do not control whether Section 218.5 governs an award of attorneys' fees.  "A separate choice-of-law inquiry must be made with respect to each issue in a case." *S.A. Empresa De Viacao Aerea Rio Grandense v. Boeing Co.*, 641 F.2d 746, 749 (9th Cir. 1981).  The law governing *liability* does not automatically govern the right to *attorneys' fees. See Arno v. Club Med Boutique Inc.,* 134 F.3d 1424, 1426 (9th Cir. 1998) ("There is no support for [the] position that the law governing liability for the tort automatically controls the fee issue."); *Ribbens Int'l, S.A. de C.V. v. Transp. Int'l Pool, Inc.,* 47 F. Supp. 2d 1117, 1120 (C.D. Cal. 1999) (although the court ruled that Pennsylvania law governed liability and damages with respect to various contract and tort claims, "that ruling does not foreclose further consideration of the choice of law issue with respect to the issue of entitlement to attorney's fees").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 24552557.3

8

HP'S AMENDED MOTION FOR
ATTORNEYS' FEES
(C-09-03596 CRB)

**A.  As A Matter of Statutory Construction, Section 218.5 Governs HP's Entitlement To Attorneys' Fees For All Plaintiffs' Claims For Unpaid Wages.**

As a matter of statutory construction, the plain language of Section 218.5 covers not only Purvis' claims but also the Colorado Plaintiffs' claims.  Section 218.5 mandates attorneys' fees to the prevailing party in "any action brought for the nonpayment of wages."  The provision applies by its terms to all prevailing parties in the state, without reference to the opposing party's place of residence.  *Sullivan*, 51 Cal. 4th at 1197 (analyzing scope of Cal. Labor Code § 510).  The provision is not limited to claims brought under the California Labor Code, and applies to any legal theories seeking the recovery of unpaid wages.  *Drake v. Lowe's Cos., Inc.*, 2005 WL 2562653, at *2 (E.D. Cal. Oct. 11, 2005) ("Section 218.5 is not limited to claims brought under the statute specifically or under the Labor Code generally"); *Lutz v. Sortwell,* 2011 WL 3241626, at *9 (Cal. Ct. App.  July 29, 2011) (dismissal of statutory claim under California Labor Code was not dispositive of right to fees under Section 218.5, which applies to any claim for "nonpayment of wages").  Here, the crux of the Colorado Plaintiffs' claims was that HP denied them wages in the form of earned bonuses and commissions.  Thus, based on an interpretation of the plain language of Section 218.5, that provision governs whether HP is entitled to fees for the Colorado Plaintiffs' claims.

The application of Section 218.5 is particularly compelling here, because the Colorado Plaintiffs repeatedly argued (unsuccessfully) that *California law governed their claims* and the claims of all employees nationwide.  For example, despite the Court's ruling in July 2010 that the California Labor Code's wage-related provisions did not apply to the Colorado Plaintiffs, Plaintiffs still argued in their Opposition to HP's MSJs that California law applied to their claims for recovery of unpaid wages.  Plaintiffs should not be permitted to seek the benefits of California law but avoid the burdens of losing such claims.  The purpose of Section 218.5's mandatory fee awarding language is to compensate employers for defending wage-related claims and to deter meritless claims.  This purpose fully applies here.  In such circumstances, there should be no question that California law applies to the determination of attorneys' fees for even the Colorado Plaintiffs who repeatedly argued that California law governed their claims.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 24552557.3

9

HP'S AMENDED MOTION FOR
ATTORNEYS' FEES
(C-09-03596 CRB)

Further, the presumption against the extraterritorial application of California law never is triggered here. That presumption "is one against an intent to encompass conduct occurring in a foreign jurisdiction in the prohibitions and remedies of a domestic statute." *Diamond Multimedia Sys., Inc. v. Superior Ct.*, 19 Cal. 4th 1036, 1060 n.20 (1999). Here, the application of Section 218.5 is not extraterritorial. Plaintiffs voluntarily filed their lawsuit in California, have continued to litigate here, and continually argued that California law applied to all Plaintiffs and putative class members. Thus, Plaintiffs' conduct giving rise to HP's right to attorneys' fees occurred in California, and Section 218. 5 properly applies to the Colorado Plaintiffs.

The Court's analysis should end here, because a conflicts-of-law analysis must proceed only "in the event another state also purports to regulate an award of attorneys' fees in this context." *Sullivan,* 51 Cal. 4th at 1197. Here, where Plaintiffs have argued that California law applies to them, Colorado law does not purport to regulate an award of attorneys' fees. There should be no question that California law applies to the determination of fee.

### B.   Under California's Conflicts-Of-Law Analysis, Section 218.5 Governs HP's Entitlement To Attorneys' Fees For All Plaintiffs' Claims For Unpaid Wages.

Even if the analysis proceeds as to whether California or Colorado law governs whether the Colorado Plaintiffs should be ordered to pay HP's attorneys' fees, a conflict of law analysis will reach the same result. California applies the government interest test in resolving choice-of-law issues. *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 107 (2006); *Sullivan*, 51 Cal. 4th at 1202. This analysis involves three steps: (1) "whether the relevant law of each of the potentially affected jurisdictions with regard to the particular issue in question is the same or different"; (2) "if there is a difference, the court examines each jurisdiction's interest in the application of its own law under the circumstances of the particular case to determine whether a true conflict exists"; and (3) "if the court finds that there is a true conflict, it carefully evaluates and compares the nature and strength of the interest of each jurisdiction in the application of its own law 'to determine which state's interest would be more impaired if its policy were subordinated to the policy of the other state,' and then ultimately applies 'the law of the state whose interest would be the more impaired if its law were not applied.'" *Kearney,* 39 Cal. 4th at

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 24552557.3

10

HP'S AMENDED MOTION FOR
ATTORNEYS' FEES
(C-09-03596 CRB)

107-108.  Under this analysis, California law governs the attorneys' fee issue.

As to the first factor, there is a difference between Colorado and California law governing attorneys' fees to a prevailing party in a claim for wages.  Under Colorado law, a prevailing employer may recover fees if the employee makes a written demand for unpaid wages within 60 days of his termination, the employer tenders a sum to resolve the demand, and the employee still files a lawsuit to recover wages but fails to recover more than the employer's offer.  *See* Colo. Rev. Stat. §§ 8-4-109(3) (establishing written demand procedure), 8-4-110(1) (establishing fees where written demand procedure fails); *see also* HP's Consolidated MSJ Reply at 35-37 (analyzing Colorado fee provision). (Dckt. # 216.) Where (as here) the plaintiff never made a written demand to prompt a responsive tender of payment by the employer, the fee provision under Section 8-4-110(1) does not apply.  Although this provision is different than California Labor Code § 218.5, there is no "true conflict."  This is so because Colo. Rev. Stat. § 8-4-110(1) does not purport to govern in circumstances where Colorado employees claim that California law governs their wage claims, there is nothing suggesting that Section 8-4-110(1) cannot be waived, and Colorado has little interest in ensuring the application of its fee provision in this context or in blocking application of California's fee provision. By contrast, California has a substantial interest in protecting California employers from baseless wage claims and from deterring abuses of its statutory provisions to try to gain a tactical advantage.

Based on the above, Section 218.5 governs HP's entitlement to attorneys' fees for all Plaintiffs' claims for nonpayment of wages.

## IV.    AN AWARD OF ATTORNEYS' FEES TO HP IS MANDATORY.

By the plain terms of California Labor Code § 218.5, a defendant should recover its fees if three elements are met: (1) the action is for the nonpayment of wages, fringe benefits, or health and welfare contributions; (2) any party has requested attorneys' fees upon the initiation of the action; and (3) the defendant is the prevailing party. Once these statutory conditions are satisfied, the Court "shall" award reasonable attorney's fees, *i.e.*, **the fees are mandatory**.  *See* Cal. Labor Code § 15 ("'Shall' is mandatory and 'may' is permissive."); *Earley v. Superior Ct.*, 79 Cal. App. 4th 1420, 1427 (2000) ("Section 218.5 entitles the prevailing party, in *any* action for "wages," to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 24552557.3

11

HP'S AMENDED MOTION FOR
ATTORNEYS' FEES
(C-09-03596 CRB)

a *mandatory* award of costs and attorney's fees *if*, as is the case here, any party requests costs and fees at the start of the case.") (emphasis in original); *Prachasaisoradej v. Ralphs Grocery Co.*, Inc., 2008 WL 344218, at *2 (Cal. Ct. App. Feb. 8, 2008) (affirming "mandatory" fee award of $275,000 to defendant employer); *Csaszi v. Sharp Healthcare*, 2003 WL 352422, at *11 (Cal. Ct. App. Feb. 18, 2003) (lower court properly concluded that attorney fees were "mandatory" to the prevailing employer under section 218.5); *Drumm v. Morningstar, Inc.*, 695 F. Supp. 2d 1014, 1018 (N.D. Cal. 2010) ("The awarding of attorney's fees is 'mandatory' in unpaid wage claims."); *Seymour v. McLane Co., Inc.*, 2011 WL 165385, at *3 (C.D. Cal. Jan. 18, 2011) (attorneys' fees under Section 218.5 are mandatory, and "[t]here appear to be no exceptions to this mandatory rule").[1]

Here, because all elements are established, HP's Motion should be granted.

## A.     Plaintiffs' Request For Unpaid Wages Is Covered By Section 218.5.

Section 218.5 mandates attorneys' fees to the prevailing party "[i]n any action brought for the nonpayment of wages."  Here, Plaintiffs' overarching contention is that HP failed to pay them "earned bonuses and commissions."  For example, Plaintiffs' TAC states the following:  "This class-action lawsuit arises out of HP's acknowledged failures over the past several years to record timely and accurately the sales of its equipment and services; and to calculate properly, and pay timely, the commissions and bonuses (together, 'wages') owed to HP's sales representatives because of unrecorded sales.  **HP's failures—which are violations of its contractual, common**

---

[1] *See also Gerard v. Qualcomm Inc.*, 2002 WL 31430591, at *6 (Cal. Ct. App. Oct. 31, 2002) (unambiguous language of Section 218.5 makes an award of fees to a prevailing employer mandatory; "If the Legislature had intended to permit recovery of attorney fees only for a successful employee, it certainly could have done so."); *Cun v. Cafe Tiramisu LLC*, 2011 WL 5979937, at *1 (Cal. Ct. App. Nov. 30, 2011) (awarding attorneys' fees to prevailing employer under Section 218.5); *Torres v. Auto Chlor Sys.*, 2007 WL 2774706, at *2-4 (Cal. Ct. App. Sept. 25, 2007) (same); *Wagner v. Lim*, 2005 WL 635059, at *5 (Cal. Ct. App. Mar. 18, 2005) (Section 218.5 is mandatory and awarding prevailing employer attorneys' fees); *Zalewa v. Tempo Research Corp.*, 2013 WL 766535, at *6 (Cal. Ct. App. Mar. 1, 2013) ("Section 218.5 contains no equitable exemption allowing the courts to give a pass to employees who invoke its provisions then lose their case, causing the employer to become the prevailing party in the litigation. Defendants are the prevailing party under § 218.5, and are entitled to recover reasonable attorney fees they incurred in this litigation, including the two appeals."); *Marr v. Bank of Am. Nat'l Ass'n,* 2011 WL 2912878, *2 (N.D. Cal. July 20, 2011) (Section 218.5 is a mandatory fee provision, which requires payment of fees to a prevailing defendant); *Ayala v. Aldersgate Inv.*, 2013 WL 1152615, *1 (Cal. Ct. App. Mar. 21, 2013) (stating that Section 218.5 contains no exceptions and awarding fees to employer).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

12

HP'S AMENDED MOTION FOR
ATTORNEYS' FEES
(C-09-03596 CRB)

DB2/ 24552557.3

1  **law, legal, and statutory obligations—have resulted in the loss by HP's sales representatives**

2  **of millions of dollars in wages**."  (Dckt. #69 at 1:6-11.)

3       The California Labor Code defines "wages" as "all amounts for labor performed by

4  employees. . . ."  Cal. Lab. Code § 200(a).  The crux of all of Plaintiffs' claims was for earned but

5  unpaid commissions and bonuses, which constitute "wages" under California law.  *See*

6  *Neisendorf v. Levi Strauss & Co.,* 143 Cal. App. 4th 509, 522 (2006) (earned bonuses and

7  commissions are "wages" within the meaning of Labor Code § 200); *Earley,* 79 Cal. App. 4th at

8  1430 (Section 218.5 is available for action brought to recover "nonpayment of contractually

9  agreed-upon or bargained-for 'wages, fringe benefits, or health and welfare or pension fund

10 contributions'").   All of Plaintiffs' claims seek to recover unpaid wages or are closely inter-

11 related with those claims. *See* TAC ¶ 69 (breach of contract claim alleging that "HP failed to pay

12 the Employees and Class Members all of the promised wages"); TAC ¶ 76 (unjust enrichment

13 claim for unpaid incentive pay); TAC ¶¶ 83-84 (promissory estoppel claim for unpaid incentive

14 pay); TAC ¶¶ 96-97 (claim under Cal. Labor Code § 223 for secretly paying less wages than are

15 owed); TAC ¶ 103 (claim under Cal. Labor Code § 218 for unpaid wages under §§ 201-04, 218);

16 TAC ¶¶ 108-10 (claim for unpaid wages and penalties under Cal. Labor Code § 204  for failure to

17 pay (and paying late) wages in form of bonuses and commissions); TAC ¶ 117 (claim for failure

18 to provide itemized wages statement under Cal. Labor Code § 216 caused damages in the form of

19 "commissions, unpaid bonuses, lost interest on monies not paid, and unpaid benefits such as

20 401(k) matching");[2] TAC ¶¶ 121-23 (claim for unpaid wages under Cal. Labor Code §§ 2926,

21 2927); TAC ¶¶ 126-28 (claim for penalties under Cal. Labor Code § 203 due to unpaid wages);

22 TAC ¶¶ 34-38 (claim under the Private Attorneys General Act of 2004, Cal. Lab. Code §2698, *et*

23 *seq.*, for penalties and fees for non-payment of wages in violation of the Cal. Labor Code); TAC ¶

24 144 (claim under Cal. Bus. & Prof. Code § 17200 for unpaid wages due under California law);

25 TAC ¶¶ 155-58 (claim for unpaid wages under Colo. Rev. Stat. § 8-4-109(1)(b) and 8-4-103(1));

26 TAC ¶¶ (claim for unpaid wages under C.R.S. § 8-4-105, which prohibits deductions from wages

27

---

[2]     Labor Code § 218.5 mandates fees for actions brought for "fringe benefits, or health and welfare
28  or pension fund contributions."  Thus, the claim for benefits also is covered.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

HP'S AMENDED MOTION FOR
ATTORNEYS' FEES
(C-09-03596 CRB)

DB2/ 24552557.3

unless an exception applies); TAC ¶¶ 172-74 (claim for an accounting to allow Plaintiffs to determine how much in unpaid wages they are owed).

**B.    Both Parties Requested Attorneys' Fees At The Initiation Of The Action.**

Section 218.5 provides for the recovery of fees "if any party to the action requests attorney's fees and costs upon the initiation of the action." Cal. Lab. Code § 218.5. The plain language indicates that the statutory requirement is satisfied if *either* party seeks attorneys' fees at the initiation of the action. *See id.*; *see also Cogent Commc'ns, Inc. v. EbroadBandNow, Inc.,* 2005 WL 2388266, at *6 (Cal. Ct. App. Sept. 29, 2005) ("[U]nder section 218.5 a timely request by either party will entitle the prevailing party to attorney fees").

Here, in every version of their Complaint, Plaintiffs requested an award of attorneys' fees. Further, HP expressly requested attorneys' fees in its Answer.[3] Such a request satisfies Cal. Lab. Code § 218.5. *See Plancich v. United Parcel Serv., Inc.*, 198 Cal. App. 4th 308, 314 (2011) (employer complied with section 218.5's requirements for awarding costs when it was the prevailing party and requested that it "be awarded its reasonable costs and attorneys' fees" in its answer to the complaint); *Cogent,* 2005 WL 2388266, at *6 (Section 218.5 "does not condition its application to cases in which a request for attorney fees was made initially under any particular statutory or contractual provision"); *Sood v. Mittal,* 2004 WL 232093, at *7 (Cal. Ct. App. Feb. 9, 2004) (defendant's request for "reasonable attorneys' fees" in the answer satisfied Section 218.5).

Accordingly, both parties requested "attorney's fees and costs upon the initiation of the action." Cal. Lab. Code § 218.5.

**C.    HP Is The "Prevailing Party."**

For purposes of an attorneys' fee statute, a "prevailing party" is the one that most fully achieved its "main litigation objectives." *Hsu v. Abbara*, 9 Cal. 4th 863, 876 (1995). Here, the Court granted HP's four MSJs, all in their entirety, and denied Plaintiffs' Motion to Amend and their challenge to DMO No. 9. The Ninth Circuit affirmed the Court's ruling in its entirety and denied Plaintiffs' petition for panel and en banc rehearing. With such results, there is no question

---

[3]    The prayer for relief in each version of HP's Answer included a request for an award of costs and reasonable attorneys' fees. *See* Amended Answer to FAC at 33:17-20 (Dckt. #101); Answer to TAC at 34:27-35:3 (Dckt. #71).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 24552557.3

14

HP'S AMENDED MOTION FOR
ATTORNEYS' FEES
(C-09-03596 CRB)

that HP achieved its main litigation objective of defeating this lawsuit and is the "prevailing party" in this matter. *See id.* ("[W]hen the decision on the litigated [] claims is purely good news for one party and bad news for the other—the Courts of Appeal have recognized that a trial court has no discretion to deny attorney fees to the successful litigant."); s*ee, e.g.*, *Seymour*, 2011 WL 165385 at *3 ("Because the Court has found that Defendants are entitled to summary judgment against Plaintiffs Seymour and McElroy, Defendants are entitled to costs and fees from them as well."); *Lanzarone v. Guardsmark Holdings, Inc.*, 2007 WL 4351949, *1 (C.D. Cal. Feb. 6, 2007) (deeming defendant to be the "prevailing party" after it moved for and obtained summary judgment, and granting defendant's motion for attorneys' fees).

In sum, HP is the prevailing party on Plaintiffs' claims for unpaid wages and both parties sought attorneys' fees through their pleadings. Consequently, an award of attorneys' fees associated with the defense of these claims is mandatory. Cal. Code Civ. Proc. § 1033.5(a)(10).

### D.      Apportionment Of Fees Among Claims/Plaintiffs Is Unnecessary.

Section 218.5 mandates an award of fees to the prevailing party on claims for nonpayment of wages. Plaintiffs may contend that not all of their claims, strictly construed, were for nonpayment of wages.[4]  Plaintiffs also surely will argue that fees under Section 218.5 should be awarded only as to litigation relating to the California Plaintiff, James Purvis. Even if true, apportionment of attorneys' fees among Plaintiffs' claims or between the California and Colorado Plaintiffs is not necessary. Courts have routinely held that apportionment of fees is not necessary when a party incurs attorneys' fees in defending a claim that allows fees and one that does not if the claims involve common issues.[5]  Similarly, apportionment among multiple plaintiffs is not required where a defendant prevails against plaintiffs suing on a common theory. *Acosta v. SI*

---

[4]      For example, Plaintiffs may argue that a request for penalties is not strictly claims for wages. *E.g.*, Cal. Labor Code § 203, Colo. Rev. Stat. § 8-4-109(1)(b), Colo. Rev. Stat. § 8-4-103. However, all of the penalties are based on the overarching argument that earned wages were not paid. All of the claims are interrelated.

[5]      *See, e.g., Akins v. Enter. Rent-A-Car Co. of S.F.*, 79 Cal. App. 4th 1127, 1133 (2000) (attorneys' fees need not be apportioned when incurred for representation of an issue common to both a cause of action for which fees are permitted and one for which fees are not when the liability issues are interrelated); *Amtower v. Photon Dynamics, Inc.*, 158 Cal. App. 4th 1582, 1604–1605 (2008) (upholding trial court's refusal to apportion fees where all claims relied on same facts and contract); *Wagner*, 2005 WL 635059, at *4-6 (fees need not be apportioned between UCL claim and Labor Code claims where UCL claim was based on violations of Cal. Labor Code to which Section 218.5

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 24552557.3

15

HP'S AMENDED MOTION FOR
ATTORNEYS' FEES
(C-09-03596 CRB)

*Corp.*, 129 Cal. App. 4th 1370, 1376 (2005) ("We have found no California authority to support the proposition that a defendant who is sued by several plaintiffs and who fully prevails against all of them bears the burden of apportioning costs where the plaintiffs were represented by the same law firm and pursued a single cause of action in a joint trial.").

Here, the main focus of the entire lawsuit was recovery of wages. As the Court found in the MSJ Order and the Ninth Circuit affirmed, Plaintiffs relied almost exclusively on general evidence of OMEGA malfunctions—not individualized evidence or arguments about each Plaintiff's circumstances or sales plans. HP had to defend itself against all claims by all Plaintiffs on the same grounds that Plaintiffs lacked evidentiary proof that they were not paid accurately due to an OMEGA malfunction and that Plaintiffs lacked a contractual basis for their claims. Accordingly, HP's entire defense was based on facts and legal theories common to all Plaintiffs and claims. Apportionment is not necessary.

### E.   HP's Attorneys' Fees Are Reasonable.

The fees HP requests are reasonable. The amount of a fee award is calculated by determining the time spent on the case and the reasonable value of that time. *PLCM Grp., Inc. v. Drexler*, 22 Cal. 4th 1084, 1095-97 (2000); *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). The Lodestar Method is the most prevalent method of calculating attorneys' fees, and there is a very strong presumption that it is reasonable. *Id.* The Lodestar amount is calculated by multiplying the number of hours reasonably expended on the litigation of a claim by a reasonable hourly rate. The Lodestar figure is considered presumptively reasonable. *PCLM Grp.*, 22 Cal. 4th at 1095-1097; *Morales*, 96 F.3d at 364 n.8 ("[t]here is a strong presumption that the lodestar figure represents a reasonable fee"). Given that "strong presumption," the Lodestar figure will be reduced only in "rare instances." *Morales*, 96 F.3d at 364 n.8. The most critical factor in determining whether to adjust the Lodestar amount is the degree of success obtained by the prevailing party:

> Where a [defendant] has obtained excellent results, his attorney

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

applied).

16

HP'S AMENDED MOTION FOR
ATTORNEYS' FEES
(C-09-03596 CRB)

DB2/ 24552557.3

> should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. . . . The result is what matters.

*Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983); *Donovan v. Poway Unified Sch. Dist.*, 167 Cal. App. 4th 567, 627-28 (2008) (affirming the trial court's award of $421,357 in attorneys' fees to prevailing party using the lodestar method, including the trial court's application of a multiplier of 0.25 to increase the award: "[a] trial court has broad discretion to determine the reasonable amount of an attorney fee award, including whether to increase . . . the lodestar figure").

Here, HP obtained an excellent result in both the lower court and appellate court. In this lawsuit involving multiple statutory and common law claims and against excessively aggressive Plaintiffs' counsel, HP secured victory for all four of its MSJs, successfully opposed the applicability of the California Labor Code to all employees nationwide, and defeated Plaintiffs' attempt to once again amend the Complaint. On appeal, the Ninth Circuit affirmed this Court's ruling and rejected Plaintiffs' petition for rehearing. Because HP completely prevailed and obtained excellent results on Plaintiffs' claims for unpaid wages, HP is entitled to recover *all* of its fees incurred in the defense of this litigation in the district court.

Notwithstanding the above, HP is not requesting all fees it is entitled to under a straight Lodestar calculation. Although California case law does not require the Court to consider the Plaintiffs' ability to pay as a factor in a fee award under California Labor Code § 218. 5, HP has taken that factor into account in evaluating what portion of its fees it should request. HP has tallied its time for work that could be directly tied to California Plaintiff Purvis for whom there is no doubt that Section 218.5 applies. Brafford Decl. ¶ 19. Although, even with this narrow focus on Purvis, HP would be entitled to seek fees related to general issues that were necessary to the litigation of all Plaintiffs (*e.g.*, pleadings, discovery disputes, *etc.*), HP did *not* calculate its requested fee award in this manner. *Id.* It narrowly focused on litigation related to Purvis, which amounts to fees of $159,634.38. *Id.* ¶ 26, 30, Exh. C (Time Detail Report), E (Lodestar Chart). Further, for the reasons explained above, HP requests that those fees be recoverable from all four Plaintiffs, not only Purvis.

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Palo Alto

DB2/ 24552557.3

17

HP'S AMENDED MOTION FOR
ATTORNEYS' FEES
(C-09-03596 CRB)

### 1.     The Amount Of Time Spent Was Reasonable.

The prevailing party is entitled to compensation for all hours reasonably expended, including those necessary to litigate a fee claim.  *Serrano v. Unruh,* 32 Cal. 3d 621, 639 (1982). Sworn statements of counsel as to the amount of time required to perform certain tasks should be given considerable weight.  *See Perkins v. Mobile Hous. Bd.*, 847 F. 2d 735, 738 (11th Cir. 1988). Counsel's billing statements also may be relied upon.  *See Heppler v. J.M. Peters, Co.,* 73 Cal. App. 4th 1265, 1297 (1999).  Once a documented fee claim is presented, the opponent of the fees must use *specific* evidence to demonstrate that the hours or rates claimed are not reasonable.  *See Avikian v. WTC Fin. Corp.,* 98 Cal. App. 4th 1108, 1118-19 (2002); *Gates v. Gomez*, 60 F. 3d 525, 534-36 (9th Cir. 1995).

Here, HP's counsel seeks a reasonable fee award.   It seeks only a small fraction of the fees to which it would be entitled under Section 218.5.  Further, although two law firms participated in the representation of HP in this litigation—Morgan, Lewis & Bockius LLP and Littler Mendelson, P.C. (after two Morgan Lewis lawyers joined Littler)—HP seeks fees only for Morgan Lewis' work.  Brafford Decl. ¶¶18, 21.  Additionally, HP is entitled to fees incurred by this Motion for fees. *See Davis v. City and County of S.F.*, 976 F.2d 1536, 1544 (9th Cir.1992) ("[T]ime spent by counsel in establishing the right to a fee award is compensable"); *Graham v. Daimler-Chrysler Corp.,* 34 Cal. 4th 553, 580-84 (2004).  But HP has decided to forego those fees as well.   As shown in the attached Declaration, HP's fees directly related to the defense of Purvis' claims amount to $159,634.38.  Brafford Decl., ¶ 27, Exh. C.  This represents total fees related to the defense of Purvis' claims in the district court, less the 25% discount that Morgan Lewis provided to HP for this matter in some months of the litigation in the district court.  *Id.*  HP applied a 25% discount to the entire fee request even though lower discounts applied for other months of the litigation.  *Id.*,¶ 24.

### 2.     HP's Attorneys' Hourly Rates Are Reasonable.

HP is entitled to an award of attorneys' fees commensurate with the hourly rates charged by attorneys in the Orange County and San Francisco Bay areas for comparable services.  *See Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001); *PLCM Grp.,* 22 Cal. 4th at 1096 (affirming

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 24552557.3

18

HP'S AMENDED MOTION FOR
ATTORNEYS' FEES
(C-09-03596 CRB)

trial court award of full amount of fees requested that were based on prevailing rates). The general rule is that prevailing attorneys should recover the rates normally charged to other paying clients for similar services. *See Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir. 1993). The rates that clients are willing to pay for those services in the free market are generally considered to be reasonable. *Tolentino v. Friedman*, 46 F.3d 645, 652-53 (7th Cir. 1995); *Sternwest Corp. v. Ash*, 183 Cal. App. 3d 74, 75 (1986) (calculating attorney's fees based on "normal attorney's fees in Los Angeles County").

Here, as shown in the National Law Journal's Survey of Firm Billing Rates, Morgan Lewis' hourly rates are consistent with other international law firms of comparable skill and experience with offices in the Orange County and San Francisco Bay area markets. Brafford Decl., ¶ 32, Exh. E. Because these rates are reasonable within their local markets, HP is entitled to recover the full value of the time that its outside counsel expended in defeating Plaintiffs' claims in the district court.

In sum, based on the billing statements and HP's counsel's Declarations, this Court should order Plaintiffs to pay HP's attorneys' fees in the amount of $159,634.38. *See, e.g.*, *MBNA Am. Bank, N.A. v. Gorman,* 147 Cal. App. 4th Supp. 1, 11 (2006) (affirming attorneys' fee award based on time records); *Steiny & Co. v. Cal. Electric Supply Co.,* 79 Cal. App. 4th 285, 293 (2000) ("[a]n attorney's testimony as to the number of hours worked is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records."); *Camacho v. Schaefer,* 193 Cal. App. 3d 718, 724 (1987) (affirming attorneys' fee award based on time records); *Martino v. Denevi,* 182 Cal. App. 3d 553, 558-59 (1986) (although time records are helpful in establishing an attorneys' fee award, an attorney's declaration stating the number of hours worked will suffice).

## V.   THE COURT MAY ORDER PLAINTIFFS' COUNSEL TO PAY THE AWARD OF ATTORNEYS' FEES.

The Court has discretion to order Plaintiffs' counsel to pay all or part of the award of attorneys' fees and should do so here. *See Villalobos v. Guertin*, 2009 WL 4718721, at *5 (E.D. Cal. Dec. 3, 2009).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 24552557.3

19

HP'S AMENDED MOTION FOR
ATTORNEYS' FEES
(C-09-03596 CRB)

In *Villalobos*, the defendant had argued that plaintiffs' counsel should be ordered to pay defendant's fees under 28 U.S.C. § 1927. *See* Brafford Decl. ¶ 45, Exh. F (Def.'s Mem. of Points and Auth. ISO Motion for Attorneys' Fees, Case No. 2:07-cv-02778, Dckt. # 35-1, filed 09/18/09). Section 1927 authorizes an award of fees against counsel when they engage in reckless or bad faith litigation tactics. *See Barnd v. City of Tacoma*, 664 F.2d 1339, 1343 (9th Cir. 1982); *accord United States v. Austin*, 749 F.2d 1407, 1408 (9th Cir. 1984). In *Villalobos*, defendant characterized plaintiffs' counsel as overly-focused on the prospect of a big payoff from a possible class action settlement to the detriment of the individual plaintiffs. *See* Brafford Decl., Ex. F, p. 4. The court held that "although plaintiff's counsel's conduct is not sanctionable under federal law, when California law compels an award of fees [under Section 218.5], the exceptional circumstances of this case compel the court to conclude that this award should lie against plaintiff's counsel." *Villalobos*, 2009 WL 4718721, at *5. As the court noted, Section 218.5 states only that fees shall be awarded to the prevailing party, "but does not specify where the award shall come from." *Id.* In the circumstances there, the court concluded that "equity demands that the award be paid by plaintiff's counsel." *Id.* It reasoned that, "[a]s explained more fully in the prior order, dismissal resulted from counsel's failure to properly plead, and counsel's subsequent failure to identify his mistakes ….[.]" *Id.* In the referenced prior order of dismissal, the court dismissed plaintiffs' wage-related claims because the pleadings failed to identify the correct defendants and plaintiffs failed to timely seek leave to amend to correct the errors. *See* Brafford Decl. ¶ 46, Exh. G (Order of Aug. 18, 2009 at pp. 11-12, Case No. 2:07-cv-02778, Dckt. # 30, filed 8/19/09).

Here, at least some of Plaintiffs' conduct appears sanctionable under 28 U.S.C. § 1927. For example, as explained in detail in HP's Opposition to Plaintiffs' Motion to Amend, Plaintiffs knowingly failed to disclose the significant litigation history and prior rulings related to the definition of the term "OMEGA." *See* HP's Opposition to Plaintiffs' Motion to Amend at 14-15 (arguing that Plaintiffs' proposed amendment was made in bad faith, was delayed in a calculated effort to gain a tactical advantage, and lacked candor due to the failure to disclose prior significant rulings and claim that they "just recently realized" there was a dispute about the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 24552557.3

20

HP'S AMENDED MOTION FOR
ATTORNEYS' FEES
(C-09-03596 CRB)

1  meaning and scope of OMEGA) (Dckt. #194.).  The Court's Order addressing the Motion to

2  Amend acknowledged Plaintiffs' lack of candor.  *See* Order of Aug. 12, 2011 at 3 (three orders

3  clearly put plaintiffs on notice that their purported understanding of "Omega" was not the one

4  being used by the Court); *id.* at 3 n. 1 (plaintiff's assertion that they believed at the outset that

5  "Omega" referred only to HP's entire incentive pay compensation system "is belied by a January

6  22, 2010 Joint Case Management Statement"); *id.* at 8 (addressing, but not deciding, HP's

7  argument that Plaintiffs behaved in bad faith).  Plaintiffs' counsel's conduct required HP to spend

8  considerable time detailing the litigation history of the issue.  (*See* Dckt. #194-195.)  Such

9  conduct by Plaintiffs' counsel was at least reckless and should trigger liability for HP's attorneys'

10  fees.  *See U.S. v. Associated Convalescent Enters., Inc.,* 766 F.2d 1342, 1346-47 (9th Cir. 1985)

11  (ordering plaintiff's counsel to pay fees where counsel made a "calculated" decision not to

12  disclose a potential conflict to the court, which ran afoul of his "duty of good faith and candor in

13  dealing with the judiciary").   In addition, Plaintiffs filed Motions with both the Magistrate and

14  District Judges that purported to challenge DMO No. 9, in which the Discovery Referee ruled that

15  HP was entitled to redact information that did not relate to the functioning of OMEGA.  Although

16  Plaintiffs purported to challenge DMO No. 9, issued on April 21, 2011, the Motion actually was a

17  blatant attempt to assert an untimely challenge to DMO No. 3, issued on January 27, 2011.

18  Plaintiffs' challenge to DMO No. 3 was obviously time-barred.  Their decision to try to cast their

19  Motion as a challenge to DMO No. 9 was at least reckless.  *See Brooks v. City of Turlock*, 1993

20  U.S. App. LEXIS, at *4-5 (9th Cir. Dec. 30, 1993) (affirming district court's imposition of

21  sanctions under Section 1927 where plaintiff filed actions even though the actions were clearly

22  barred by statute of limitations).

23       Further, similar to *Villalobos*, Plaintiffs' counsel's pleading decisions and other strategic

24  judgments to focus on class action issues (in the hope of a big settlement pay-off) to the near

25  exclusion of their clients' individual claims significantly impacted the litigation. *See* Order of

26  Aug. 12, 2011 at 7 ("long before Plaintiffs sought amendment they should have been disabused of

27  any belief that their broad view as to the meaning of Omega and scope of this case was shared by

28  HP or the Court"); *id.* at 9 ("Plaintiffs either took a calculated risk by framing their case narrowly

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 24552557.3

21

HP'S AMENDED MOTION FOR
ATTORNEYS' FEES
(C-09-03596 CRB)

in the hopes that class certification would be appropriate or unreasonably failed to appreciate their broad understanding of the scope of their case was not being shared by HP or the Court.  In either case, now that the 'computer glitch' theory has not panned out, Plaintiffs are trying to refit a new theory within their existing Complaint.  But given the stage of this litigation and the extensive discovery already taken, this type of bait and switch tactic is not acceptable."). *See Larin Corp. v. Alltrade, Inc.*, 2008 WL 2745881, *5 (C.D. Cal. July 11, 2008) (granting defendant's motion for attorneys' fees under Section 1927 because plaintiff's "bait-and-switch" tactics directly prolonged litigation).

As in *Villalobos*, Plaintiffs should be ordered to pay all or part of HP's attorneys' fees under Section 218.5.[6]  This is particularly true for their continued efforts to argue that California law applied to employees that had no connection to California or whose claims otherwise obviously were barred.  *Cotterill v. City & Cnty. of San Francisco*, 2010 WL 1223146, *9 (N.D. Cal. Mar. 10, 2010) report and recommendation adopted, 2010 WL 1910528 (N.D. Cal. May 11, 2010) aff'd in part, remanded in part on irrelevant grounds, *Haynes v. City & Cnty. of San Francisco*, 474 F. App'x 689 (9th Cir. 2012) (imposing Section 1927 sanctions on plaintiff's attorney where plaintiff's unreasonable conduct included failure to observe court's order not to include certain claims and certain individuals in her amended complaint).  Based on the above, HP seeks fees against Plaintiffs' counsel at least in the amount of $141,613.53.  *See* Brafford Decl. ¶¶23, 27, Exhs. B, D.  This amount includes attorney work on HP's Opposition to Plaintiffs' Motion to Amend; opposition to Plaintiffs' challenge to DMO No. 9, which was clearly untimely; HP's Motions to Strike, which were necessitated by Plaintiffs' counsel's choice to argue that California law applied to all employees nation-wide, including Colorado plaintiffs who had never worked or resided in California; HP's Motion to Dismiss former California Plaintiff Kossick because he signed a full release of his claims and, therefore, clearly was barred from bringing a lawsuit against HP under California law; and HP's arguments against applying California law to the Colorado Plaintiffs in response to yet another argument in their Opposition

---

[6]    Courts have awarded fees against counsel in other contexts as well. *E.g., Hilmon Co. (V.I.) Inc. v. Hyatt Int'l*, 899 F.2d 250 (3d Cir. 1990) (collecting case that order counsel to pay fees awarded under Fed. R. App. P. 38, which is silent as to whether the party or counsel is responsible for paying a fee award).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 24552557.3

22

HP'S AMENDED MOTION FOR
ATTORNEYS' FEES
(C-09-03596 CRB)

to HP's Motions for Summary Judgment that California law applied to their claims. *Id.* ¶ 23. Under *Villalobos*, the Court also should order Plaintiffs' counsel to pay or participate in payment of the fee award against the individual Plaintiffs.

## VI.   **CONCLUSION.**

Based on the foregoing, HP respectfully requests that the Court award fees in the amount of $159,634.38 against all four Plaintiffs and their counsel.  HP also requests that the Court order Plaintiffs' counsel to separately pay HP fees in the amount of $141,613.53.

Dated:  December 6, 2013                              MORGAN, LEWIS & BOCKIUS LLP

                                                     By   /s/Anne M. Brafford
                                                         Anne M. Brafford
                                                         Attorneys for Defendant
                                                         HEWLETT-PACKARD COMPANY

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 24552557.3

23

HP'S AMENDED MOTION FOR
ATTORNEYS' FEES
(C-09-03596 CRB)