United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   JEFFERY JOHNSON, et al.,                    No. C 09-03596 CRB

12              Plaintiffs,                       **ORDER RE APPLICABILITY OF**
                                                  **AMENDED CAL. LABOR CODE**
13        v.                                      **§ 218.5**

14   HEWLETT-PACKARD COMPANY,

15              Defendant.
     _____/
16

17         In this putative class action, Jeffrey Johnson, Jennifer Riese, Shaun Simmons, and

18   James Purvis (collectively "Plaintiffs") brought suit against Hewlett-Packard ("Defendant" or

19   "HP"), claiming breach of employment contract, unjust enrichment, promissory estoppel,

20   violations of California Labor Code and wage orders, violations of the California Unfair

21   Business Practices Act, violations of the Colorado Wage Claim Act, and demanding an

22   accounting.  On August 12, 2011, the Court granted Defendant's motions for summary

23   judgment against all Plaintiffs and denied Plaintiffs' Motion to File a Fourth Amended

24   Complaint.  Now before the Court is Defendant's Amended Motion for Attorneys' Fees.  Per

25   the Court's order on December 20, 2013, the parties provided supplemental briefing on the

26   threshold issue of the effect of the amended California Labor Code § 218.5, effective January

27   1, 2014, on Defendant's claims for fees.  The Court will NOT APPLY the amended statute to

28

Defendant's Amended Motion for Attorneys' Fees.[1]  However, it is premature for the Court

to issue an order regarding fees because Plaintiffs have not yet filed an opposition to

Defendant's Amended Motion.  Accordingly, the Court ORDERS Plaintiffs to respond.

## I.   BACKGROUND

### A.   Procedural History

Plaintiffs initially sued Defendant for unpaid wages on August 6, 2009.  See generally
Complaint (dkt. 1).  After more than a year of litigation, and three amended complaints,
Defendant filed four motions for summary judgment as to all of Plaintiffs' claims on
February 4, 2011.  See generally Motions for Summary Judgment (dkts. 140, 147, 148, 153).
On August 12, 2011, the Court granted all four of Defendant's summary judgment motions.
See Order Denying Motion to Amend and Granting Motions for Summary Judgment at 2
(dkt. 240).  On September 5, 2013, the Ninth Circuit affirmed the Court's order granting
Defendant's motions for summary judgment.  See generally Ninth Circuit Order (dkt. 272).
Plaintiffs petitioned the Ninth Circuit for panel and en banc rehearing, but the court denied
this request on October 25, 2013.  See generally Ninth Circuit Mandate (dkt. 277).

### B.   Alleged Settlement Agreement

On August 20, 2013, Plaintiffs offered to withdraw their appeal before the Ninth
Circuit if Defendant agreed to withdraw all requests for fees and costs.  See Motion to
Enforce Settlement ("MES") at 1 (dkt. 280-1).  On August 29, 2013, Defendant asked
Plaintiffs to explain the bases for their petition for rehearing.  See Opposition to MES at 2
(dkt. 285).  On September 11, 2013, Plaintiffs again stated that they would withdraw their
appeal if Defendant withdrew its motion to recover costs.  See MES at 1.  Defendant never
responded to this offer, and Plaintiffs filed their petition for rehearing on September 19,
2013.  Id.  On September 25, 2013, Defendant offered to settle if Plaintiffs agreed to pay a
portion of the requested attorneys' fees and withdrew their appeal.  Id.  On October 22,

---

[1] At oral argument, the Court explained that the parties' briefing was limited to the sole issue
of the effect of the amendment and not subsequent issues like the reasonableness of fees.  See Transcript
at 29:4-6 (dkt. 305).  Accordingly, the Court limits its discussion to the threshold issue of whether the
amended Section 218.5 applies to this case.

United States District Court
For the Northern District of California

1  Plaintiffs rejected Defendant's offer to settle, stating that they "refuse to pay anything." Id.

2  at 3.

3        On October 25, Defendant emailed Plaintiffs at 9:00 am and stated that it would

4  "agree to the 'walk away' deal [Plaintiffs] proposed in which Plaintiffs will withdraw their

5  petition for rehearing and, in exchange, HP will withdraw its bill of costs and motion for

6  attorneys' fees." Id.  The offer requested "a prompt response." Id.  At 1:00 pm that same

7  day, the Ninth Circuit denied Plaintiffs' petition for rehearing, and at 1:23 pm, Defendant

8  revoked its offer via email, stating "given today's order, HP is not interested in a walk away

9  deal any longer." Id.  Defendant did not hear from Plaintiffs until the following Monday,

10  when it received a letter via U.S. Mail that stated: "We are in receipt of your agreement to

11  walk away.  We accept." Id.

12        Plaintiffs moved the Court to enforce the settlement agreement on November 21,

13  2013. See generally MES.  At oral argument on December 20, 2013, the Court denied

14  Plaintiffs' MES after finding that "it's clear[] that [Plaintiffs] accepted the offer after the

15  decision of the Court of Appeals . . . I think as a matter of basic contract law, you don't have

16  an agreement." See Transcript at 22:3-5, 24:21-22.  As there was no valid settlement

17  agreement between the parties, the Court now turns to the pending Amended Motion for

18  Attorneys' Fees.

19        **C.    Motions for Attorneys' Fees**

20         On September 1, 2011, Defendant filed a Bill of Costs.  See generally Bill of Costs

21  (dkt. 251).  Defendant filed its initial Motion for Attorneys' Fees on September 30, 2011.

22  See generally Motion for Attorneys' Fees (dkt. 260).  On October 25, 2011, the Court entered

23  an order granting the parties' request to defer briefing, hearing, and consideration of

24  Defendant's Motion for Attorneys' Fees and Bill of Costs until after the Ninth Circuit ruled

25  on appeal. See generally Order (dkt. 265).  On November 20, 2013, Defendant moved for

26  administrative relief seeking to resume briefing, consideration and hearing of its requests for

27  attorneys' fees and costs. See generally Motion for Administrative Relief (dkt. 279).  On

28  November, 25, 2013, the Court granted Defendant's Motion and ordered Defendant to file an

United States District Court
For the Northern District of California

1  amended Motion for Attorneys' Fees and, if necessary, an amended Bill of Costs.  See

2  generally Order (dkt. 282).  Defendant filed the pending Amended Motion for Attorneys'

3  Fees on December 6, 2013.  See generally Amended Motion (dkt. 284).  At the last hearing,

4  this Court ordered supplemental briefing on the effect of the amended Section 218.5 of the

5  California Labor Code ("Section 218.5"), effective January 1, 2014, on Defendant's claims

6  for fees and costs.  See Minute Entry (dkt. 301).

7  **II.    LEGAL STANDARD**

8  **A.    Attorneys' Fees**

9  In diversity cases involving state-law claims, federal courts apply the law of the forum

10  state.  See Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1047 (9th Cir. 2002); Kona

11  Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000).  California law

12  allows a party to recover attorneys' fees when authorized by statute or contract.  See Cal.

13  Code Civ. Proc. § 1033.5(a)(10).

14  Under Section 218.5, "[i]n any action brought for the nonpayment of wages, fringe

15  benefits, or health and welfare or pension fund contributions, the court shall award

16  reasonable attorney[s'] fees and costs to the prevailing party if any party to the action

17  requests attorney[s'] fees and costs upon the initiation of the action."  See Cal. Labor Code

18  § 218.5 (West 1986).  As of January 1, 2014, the amended Section 218.5 added that "if the

19  prevailing party in the court action is not an employee, attorney[s'] fees and costs shall be

20  awarded pursuant to this section only if the court finds that the employee brought the court

21  action in bad faith."  See Cal. Labor Code § 218.5 (West 2014) (emphasis added).

22  **B.    Retroactivity**

23  Generally, statutes operate prospectively only.  See McClung v. Employment Dev.

24  Dept., 34 Cal. 4th 467, 475 (2004).  The strong presumption against statutory retroactivity is

25  supported by "[e]lementary considerations of fairness" and the inequity in "imposing new

26  burdens on persons after the fact."  Id. (citing Landgraf v. USI Film Products, 511 U.S. 244,

27  280 (1994)).  However, the Supreme Court has explained that "[a] statute does not operate

28  'retrospectively' merely because it is applied in a case arising from conduct antedating the

4

**United States District Court**
For the Northern District of California

statute's enactment, or upsets expectations based in prior law.  Rather, the court must ask whether the new provision attaches new legal consequences to events completed before its enactment."  See Landgraf, 511 U.S. at 269-70.

The California Supreme Court has established a two-step analysis to determine whether an amended statute should apply to actions that occurred before its enactment.  See McClung, 34 Cal. 4th at 472.  First, courts must determine whether the amendment changes or merely clarifies the law.  Id.  If the amendment merely clarifies existing law, it is not retrospective "because the true meaning of the statute remains the same."  Id. (quoting Western Sec. Bank v. Superior Court, 15 Cal. 4th 232, 243 (1997)).  Second, if the amendment changes the law, then courts must assess whether the change operates retroactively or has a "retroactive effect" by hindering rights that a party obtained before the amendment's enactment.  Id.  In light of the strong presumption against retroactivity, "a statute that interferes with antecedent rights will not operate retroactively unless such retroactivity be the unequivocal and inflexible import of the terms, and the manifest intention of the legislature."  See id. at 475 (internal citations omitted); see also Landgraf, 511 U.S. at 270 ("Since the early days of this Court, we have declined to give retroactive effect to statutes burdening private rights unless Congress had made clear its intent.").

## III.   DISCUSSION

Plaintiffs do not dispute that Section 218.5 governs Defendant's request for fees as the prevailing party in an action for lost wages, but instead argue that the amended statute, requiring a finding of bad faith, should apply.  Defendant argues that the amended statute should not apply because it changes the law and has an impermissible retroactive effect by inhibiting Defendant's right to fees that Defendant accrued in August 2011.

### A.   The Amendment to Section 218.5 Changes the Law

Under the pre-amendment statute, a court "shall" award reasonable attorneys' fees and costs to the prevailing party in an action for unpaid wages if any party requested fees upon the initiation of the action.  See Cal. Labor Code § 218.5 (West 1986).  The statutory language demonstrates that once these conditions are satisfied, attorneys' fees are mandatory,

United States District Court
For the Northern District of California

regardless of whether the prevailing party is the employee or the employer.  See Cal. Labor Code § 15 (describing that "shall" is mandatory and "may" is permissive); see also Earley v. Superior Court, 79 Cal. App. 4th 1420, 1427 (2000) ("Section 218.5 entitles the prevailing party, in any action for 'wages,' to a mandatory award of costs and attorney[s'] fees if, as is the case here, any party requests costs and fees at the start of the case") (emphasis in original); Drumm v. Morningstar, Inc., 695 F. Supp. 2d 1014, 1018 (N.D. Cal. 2010) ("The awarding of attorney[s'] fees is 'mandatory' in unpaid wage claims"); Seymour v. McClane Co., Inc., No. 08-007, 2011 WL 165385, at *3 (C.D. Cal. Jan. 18, 2011) ("There appear to be no exceptions to this mandatory rule. . . .  Because the Court has found that Defendants are entitled to summary judgment against Plaintiffs[,] Defendants are entitled to costs and fees from them as well").

Conversely, the amended Section 218.5 adds a higher standard for prevailing employers which requires a finding of bad faith before a court may award fees.  See Cal. Labor Code § 218.5 (West 2014) (attorneys' fees shall be awarded to prevailing employers only if the court finds that the employee brought the action in bad faith) (emphasis added). The bill's author asserted that a recent court case "left open the attorney fee standard for these types of actions."  See SB 462 Senate Bill Analysis, July 13, 2013 (citing Kirby v. Immoos Fire Protection, Inc., 53 Cal. 4th 1244, 1248 (2012)).[2]  The bill's sponsor explained that the amendment's intent was to bring Section 218.5 "more in line with the Fair Employment and Housing Act" ("FEHA"), which allows prevailing employers to recover fees only if the underlying lawsuit was "frivolous, unreasonable, or without foundation."  See SB 462 Bill Analysis, June 26, 2013.

The legislative history of the amended Section 218.5 mirrors that of the amended statute at issue in McClung.  There, the California Supreme Court had interpreted FEHA in a prior case to not impose personal liability on non-supervisory coworkers.  See McClung, 34

---

[2]  In Kirby, the California Supreme Court reiterated that pre-amendment Section 218.5 "awards fees to the prevailing party whether it is the employee or the employer, it is a two-way fee shifting provision."  See 53 Cal. 4th at 1248.  The court held that "section 218.5's two-way fee shifting provision does not apply to" meal and rest period claims.  Id. at 1259.

United States District Court
For the Northern District of California

1    Cal. 4th at 471 (citing <u>Carrisales v. Dept. of Corrections</u>, 21 Cal. 4th 1132 (1999)).  Later, the

2    Legislature amended the FEHA provision interpreted in <u>Carrisales</u> to explicitly impose

3    personal liability on non-supervisory coworkers.  <u>Id.</u>  In determining whether the amendment

4    clarified or changed the law, the court  described that "although the Legislature may amend a

5    statute to overrule a judicial decision, doing so <u>changes</u> the law" and the separation of

6    powers supports California courts' refusal to apply such an amendment retroactively.  <u>Id.</u> at

7    473-74 (emphasis in original) (internal citations omitted).  Further, the court had "finally and

8    conclusively" interpreted FEHA, such that any legislative amendment "defines the law for

9    the future, but it cannot define the law for the past."  <u>Id.</u> at 474 (quoting <u>People v. Cuevas</u>,

10   111 Cal. App. 3d 189, 200 (1980)).

11        Similarly, the California Supreme Court had "finally and conclusively" interpreted the

12   former Section 218.5 to be a mandatory, two-way fee-shifting provision.  <u>See</u> <u>Kirby</u>, 53 Cal.

13   4th at 1248 (describing that Section 218.5 "requires the awarding of attorney[s'] fees to the

14   prevailing party . . . whether it is the employee or the employer").  While the Legislature's

15   amendment may have overruled <u>Kirby</u> by requiring prevailing employers to meet a higher

16   standard for a court to award fees, this amendment <u>changes</u> the law, and thus it "cannot

17   define the law for the past."  <u>See</u> <u>McClung</u>, 34 Cal. 4th at 473-74.

18        In support of their argument that the amendment merely clarifies existing law,

19   Plaintiffs cite to the July 2, 2013 Bill Analysis, which describes that the bill "clarifies the

20   standard" for recovering fees.  <u>See</u> Plaintiffs' Reply at 4 (dkt. 306) (citing SB 462 Bill

21   Analysis from the Assembly Committee on the Judiciary, July 2, 2013); <u>see also</u> Plaintiffs'

22   Reply at 5 (noting that "the legislative history demonstrates that the Legislature believed it

23   was only 'clarifying' the law").[3]  However, the <u>McClung</u> Court cautioned that "[a]

24   declaration that a statutory amendment merely clarified the law 'cannot be given an

25   obviously absurd effect, and the court cannot accept the Legislative statement that an

26   unmistakable change in the statute is nothing more than a clarification and restatement of its

27   _____

28        [3]  The most recent Bill Analysis from July 31, 2013 omits language on "clarif[ying] the standard," and more accurately describes that the bill "adds" to the existing attorney-fee provision.  <u>See</u> SB 462 Bill Analysis from the Senate Third Reading, July 31, 2013.

United States District Court
For the Northern District of California

1  original terms.'" See McClung, 34 Cal. 4th at 473 (quoting California Emp. etc. Com. v.

2  Payne, 31 Cal. 2d 210, 214 (1947)).  Because the amendment to Section 218.5 changed

3  rather than clarified the law, the Court now must determine whether the amendment applies

4  retroactively.  Id. at 474-75.

**B.   Plaintiffs Fail to Overcome the Strong Presumption Against Retroactivity**

6         A statute that attaches new legal consequences to events completed before its

7  enactment will not be applied unless retroactive application is the "unequivocal" intent of

8  Legislature.  See McClung, 34 Cal. 4th at 475; see also Landgraf, 511 U.S. at 270; Ctr. for

9  Biological Diversity v. U.S. Dep't of Agric., 626 F.3d 1113, 1117 (9th Cir. 2010) (explaining

10  that courts must determine whether the Legislature "has expressly prescribed the statute's

11  proper reach").  Here, the Legislature did not express an unequivocal intent to apply the

12  amended Section 218.5 retroactively, and applying the amendment would infringe on a right

13  to fees to which Defendant became entitled before the amendment's enactment.

14  Accordingly, Plaintiffs fail to overcome the strong presumption against retroactive

15  application.

**1. The Legislature Did Not Expressly Prescribe Retroactivity**

17         The Legislature has not expressly prescribed the temporal reach of the amended

18  Section 218.5.  In Landgraf, the Supreme Court suggested specific language that might

19  qualify as a clear intention to apply the statute retroactively: "[T]he new provisions shall

20  apply to all proceedings pending on or commenced after the date of enactment."  See 511

21  U.S. at 260; Martin v. Hadix, 527 U.S. 343, 354 (1999).  In the absence of analogous

22  language explicitly referencing the amendment's temporal reach, the Legislature has not

23  expressly prescribed the application of amended Section 218.5 to events preceding its

24  enactment.  See Hadix, 527 U.S. at 355.

25         Plaintiffs do not argue that the amended statute expressly prescribes retroactivity, but

26  state that "it cannot be seriously contested that the public policy and proper application of

27  § 218.5 is contained in the amended version."  See Plaintiffs' Brief at 4.  However, the public

28  policy rationale for the amendment itself cannot be sufficient to show that the legislature

United States District Court
For the Northern District of California

1  intended to apply it retroactively.  See Western Sec. Bank, 15 Cal. 4th at 250-51 (noting that

2  in all cases, "[w]e assume that the Legislature amends a statute for a purpose, but that

3  purpose need not necessarily be . . . to achieve a retrospective change").  Therefore, Plaintiffs

4  fail to demonstrate that the Legislature provided an "unambiguous directive" or "express

5  command" that the statute applies retroactively.  See Ctr. for Biological Diversity, 626 F.3d

6  at 1118 (quoting Hadix, 527 U.S. at 354).[4]

### 2. Applying the Amended Section 218.5 Would Have an Impermissible Retroactive Effect

8

9      Absent express language from the Legislature, courts must assess whether the

10  legislation would have an impermissible retroactive effect, "i.e., whether it would impair

11  rights a party possessed when he acted, increase a party's liability for past conduct, or impose

12  new duties with respect to transactions already completed."  See Ctr. for Biological

13  Diversity, 626 F.3d at 1117 (quoting Landgraf, 511 U.S. at 280); see also City of Monte

14  Sereno v. Padgett, 149 Cal. App. 4th 1530, 1538 (2007) (a statute has retroactive effect if it

15  "takes away or impairs vested rights acquired under existing laws    . . . or attaches a new

16  disability, in respect to transactions or considerations already past").  If the statute would

17  have such a retroactive effect, "it does not apply absent clear [legislative] intent favoring

18  such a result."  See Ctr. for Biological Diversity, 626 F.3d at 1117; see also McClung, 34

19  Cal. 4th at 475.

20      Plaintiffs argue that the new statute has no retroactive effect because Defendant has no

21  "vested right" to fees until this Court rules on Defendant's Motion.  See Plaintiffs' Brief at 7,

22  10; see also Plaintiffs' Reply at 2-3.  However, the "functional, commonsense approach" to

23  analyzing retroactivity asks whether a new law would "attach new consequences to

24  transactions that occurred pre-enactment."  See Landgraf, 511 U.S. at 269.  Under the pre-

25

26      [4] The Supreme Court has noted that even without explicit legislative authorization, "applications
27  of new statutes passed after the events in suit is unquestionably proper in many situations" that do not
    implicate retroactivity concerns.  See Landgraf, 511 U.S. at 273 (describing that an intervening statute
    does not raise retroactivity concerns when it: affects the propriety of prospective relief like injunctions;
28  confers or ousts jurisdiction; or changes procedural rules).  However, if the statute does have a
    retroactive effect by impeding antecedent rights, as here, it falls under the traditional presumption
    against retroactivity and does not govern.  Id. at 280.

United States District Court
For the Northern District of California

amendment Section 218.5, Defendant became entitled to attorneys' fees as soon as it prevailed on summary judgment in August 2011, and the only remaining issues involved the reasonableness of fees and who would pay.  This Court did not rule on Defendant's Motion in 2011 solely because Defendant agreed to defer the briefing schedule until after Plaintiffs' appeal.  Thus, the amended Section 218.5 attaches new consequences to Defendant's right to fees for services that occurred pre-enactment.

In addition, Plaintiffs contend that for pending fee determinations, the Court must enforce the law currently in effect.  See Plaintiffs' Brief at 5-6 (citing Bradley v. School Bd. of City of Richmond, 416 U.S. 696, 711 (1974) (describing that "a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice")).[5]  However, this principle from Bradley did not "displace the traditional presumption against applying statutes affecting substantive rights, liabilities, or duties to conduct arising before their enactment."  See Landgraf, 511 U.S. at 278.  Indeed, the Supreme Court has refused to apply a new law where it would limit attorneys' fees for work performed before the law's effective date and would upset the reasonable expectations of the parties.  See Hadix, 527 U.S. at 360.  Similarly, Plaintiffs seek to apply a new law that would deprive Defendant of a right to fees to which it became entitled when it prevailed on summary judgment in August 2011.  Unlike Bradley, applying the amended statute here would inhibit a party's right to fees instead of providing an alternative basis for an award, and therefore would upset the reasonable expectations of the parties.  See Landgraf, 511 U.S. at 265 (describing that "settled expectations should not be lightly disrupted").

Ultimately, Plaintiffs do not dispute that as the prevailing party in an action for unpaid wages, the Court would have been required to award fees and costs to Defendant at all times

---

[5] In Bradley, a district court awarded attorneys' fees to the plaintiffs in a desegregation lawsuit under its equitable powers. See 416 U.S. at 706.  On appeal, the Supreme Court applied a newly enacted statute providing for attorneys' fees and sustained the fee award because the statutory amendment "merely serve[d] to create an additional basis or source for the Board's potential obligation to pay attorney[s'] fees. It d[id] not impose an additional or unforeseeable obligation upon it." Id. at 721.  The Court found that applying the amendment to uphold a fee award for services rendered before its effective date, in light of the alternative bases for fees, would not cause "manifest injustice." Id. at 721.

**United States District Court**
For the Northern District of California

prior to January 1, 2014.  Now, if the amendment is applied, Defendant will have to meet a heightened burden of proving that Plaintiffs brought the suit in bad faith.[6]  Thus, the amended Section 218.5 "attaches a new consequence" to Defendant's claim under a formerly mandatory fee award for services rendered years before the amendment's effective date.  Id. As there is no clear legislative intent to apply the statute retroactively, Plaintiffs fail to overcome the presumption against retroactivity and the amended Section 218.5 does not apply.  Accordingly, the pre-amendment Section 218.5 governs Defendant's Amended Motion for Attorneys' Fees.

## IV.  CONCLUSION

For the foregoing reasons, the Court will NOT APPLY the amended Section 218.5 to Defendant's Amended Motion for Attorneys' Fees.  As Plaintiffs have not yet filed an opposition to Defendant's Amended Motion, the Court ORDERS Plaintiffs to respond within two weeks.

**IT IS SO ORDERED.**

Dated: March 10, 2014

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

---

[6] Plaintiffs briefed the issue of bad faith in their Supplemental Brief and argued that Defendant cannot meet its burden under the amended statute.  See Plaintiffs' Brief at 13.  The Court need not reach this issue as the amended Section 218.5 does not apply here.