FRANKLIN D. AZAR & ASSOCIATES, P.C.
FRANKLIN D. AZAR (*Pro Hac Vice*)
azarf@fdazar.com
BARRY DUNN (SBN 151340)
dunnb@fdazar.com
Keith R. Scranton (*Pro Hac Vice*)
Jonathan Parrott (*Pro Hac Vice*)
14426 East Evans Avenue
Aurora, Colorado 80014
Tel: (303) 757-3300
Fax: (303) 757-3206

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY JOHNSON, JENNIFER RIESE, SHAUN SIMMONS, and JAMES PURVIS, individually, and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HEWLETT-PACKARD COMPANY and DOES 1-25 Inclusive,<br><br>Defendants. | Case No. 3:09-cv-003596-CRB<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DATED MARCH 10, 2014**<br><br>Date: June 6, 2014<br>Time: 10:30 a.m.<br>Place: United States District Court for the Northern District of California, Courtroom 6, 450 Golden Gate Avenue, San Francisco, CA 94102 |

# MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

Pursuant to Local Rule 7-9, Plaintiffs, Jeffrey Johnson, Jennifer Riese, Shaun Simmons, and James Purvis ("Plaintiffs"), through counsel, on June 6, 2014, at 10:30 a.m. in Courtroom 6 of the above-entitled Court, will and hereby do move the Court for an order granting Plaintiffs leave to file a motion for reconsideration of the Court's Order dated March 10, 2014, concerning the application of the current, amended version of Cal. Labor Code Section 218.5, and in support thereof state as follows:

1.  On December 20, 2013, this Court ordered the parties to submit briefing on the issues of the application of the statute governing attorneys' fees in this matter, Cal. Labor Code Section 218.5, as amended by the Legislature, effective January 1, 2014 (*see* Minutes, Doc. No. 301).

2.  Pursuant to the Court's Order, the parties submitted briefs and replies on January 15, 2014, and January 22, 2014.

3.  On March 10, 2014, the Court entered its order regarding the effect of the California Legislature's amendment to Cal. Labor Code § 218.5 (Doc. No. 309). In that Order, the Court held that it would not apply the new statute, in part on the ground that HP "became entitled to attorneys' fees as soon as it prevailed on summary judgment in August 2011 . . ." Order, p. 10.

4.  When Plaintiffs filed their briefs on this issue, they did not have the benefit of recent California court decisions, including a recent ruling by a California trial court on virtually the precise issue that was before this Court.

5.  In *Zalua, et al. v. Tempo Research Corp., et al*., Los Angeles County Case No. BC319156, the trial court recently addressed nearly the precise issue addressed by the Court's Order of March 10, 2014: the application of the current, amended version of Section 218.5 to a motion for fees made after the amended statute became effective, but after the underlying case was decided. The trial court denied the motion for attorneys' fees based on Cal. Labor § 218.5. The parties' briefing on this issue and the trial court's order are attached as **Exhibits 1-4** to the

2

Plaintiffs' Motion for Leave to File Motion for Reconsideration
Case No. 3:09-cv-003596-CRB, *Johnson, et al., v. Hewlett-Packard Co.*

Declaration of Jonathan Parrott, filed concurrently herewith. The trial court denied the order by Minute Order dated April 14, 2014.

6. Because the basis for this Court's jurisdiction is diversity, and the statutory basis for HP's fee request is California law, the Court must apply California law in interpreting California law. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941).

7. Given the trial court's ruling in *Zalua*, there is a danger of inconsistent interpretations of the application of the amended version of Section 218.5. This Court of course did not have the benefit of the *Zalua* decision at the time it ruled, so there is a "material difference of fact or law . . . from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought" (Local Rule 7-9(b)(1)), and Plaintiffs thus request leave to file a motion for reconsideration of this Court's order pursuant to Local Rule 7-9, so the Court can consider the *Zalua* decision in its ruling.

8. Plaintiffs could not have known of the *Zalua* decision in the exercise of reasonable diligence, because the *Zalua* decision did not come down until April 14, 2014, months after Plaintiffs submitted their briefing on the issue. In addition, Plaintiffs' counsel only learned of the *Zalua* decision within the past few weeks, and filed this Motion as soon as practicable thereafter, so Plaintiffs have acted with reasonable diligence both in their original briefing on the issue and in seeking leave for reconsideration.

9. In addition, a recent published opinion of the California Court of Appeals, *City of Clovis v. County of Fresno*, 222 Cal.App.4th 1469, 1483 (2014), confirmed the principle that California law holds that "no one has a vested right in existing remedies." *Id*. at 1483. The *Clovis* court noted that the "application of new procedural or remedial statutes to cases still pending on appeal when they become effective is *deemed not to be retroactive*—even though the cause of action arose earlier—because the change in the law affects only the conduct of the litigation and the provision of a remedy going forward, not the rights and duties of the parties in the past." *Clovis, supra*, at 1484 (italics in original); *see also Kuykendall v. State Board of Equalization*, 22

3

Cal.App.4th 1194, 1207 (1994) ("California law is settled that *pending* appeal a trial court judgment is not final. If the judgment is not yet final because it is on appeal, the appellate court has a duty to apply the law as it exists when the appellate court renders its decision" (italics in original)(citations and internal punctuation omitted)). This principle of no-retroactivity applies to attorneys' fees. See e,g., *Hogan v. Ingold*, 38 Cal.2d 802 (1952) (noting "numerous illustrative cases" demonstrating that "statutes either increasing or decreasing the allowable costs, including attorney fees are consistently applied to litigation pending when such statutes become effective, unless a contrary intent appears from the statute"); *Rumford v. City of Berkeley*, 31 Cal.3d 545, 559 (1982)(holding that because new statute concerning attorneys' fees became effective while case pending on appeal, new statute applies); *Coast Bank v. Holmes*, 19 Cal.App.3d 581(1971); *American Airlines, Inc. v. Sheppard, Mullin, Richter & Hampton*, 96 Cal.App.4th 1017, 1057 (2002) (reiterating that "[s]tatutes increasing or decreasing litigation costs, even if silent on the issue of retroactivity, have consistently been applied to cases pending when they become effective" (citations and internal quotation marks omitted)).

10. Although the *Clovis* decision came down on January 16, 2014, Plaintiffs did not become aware of it until recently.

11. Plaintiffs seek to brief these issues more substantially so the Court will have the benefit of the most recent California decisions on the issue of the application of the amended version of Section 218.5.

ACCORDINGLY, Plaintiffs respectfully request the Court grant Plaintiffs leave to file a motion for reconsideration of its Order dated March 10, 2014.

Dated: May 6, 2014

                                                FRANKLIN D. AZAR &
                                                ASSOCIATES, P.C.

                                                 /s/ *Jonathan Parrott*
                                                Jonathan Parrott

                                                Counsel for Plaintiffs

4

Plaintiffs' Motion for Leave to File Motion for Reconsideration
Case No. 3:09-cv-003596-CRB, *Johnson, et al., v. Hewlett-Packard Co.*

**ORDER**

Having considered Plaintiffs' Motion for Leave to File a Motion for Reconsideration, IT IS HEREBY ORDERED that Plaintiffs' Motion is GRANTED. Plaintiffs shall have 30 days from the date of this Order to file their Motion for Reconsideration and any any paperwork, evidence, and argument in support thereof.

IT IS SO ORDERED.


Dated:_____            _____
                                                                                                       HON. CHARLES R. BREYER, USDJ

5

Plaintiffs' Motion for Leave to File Motion for Reconsideration
Case No. 3:09-cv-003596-CRB, *Johnson, et al., v. Hewlett-Packard Co.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2014, the CM/ECF system served Plaintiffs' Motion for Leave to File a Motion for Reconsideration on the following individuals:

Barbara I. Antonucci
Littler Mendelson, PC
650 California Street
20th Floor
San Francisco, CA 94105
415.288.6358
415.399.8490 (fax)
bantonucci@littler.com

Richard W. Black
Littler Mendelson, P.C.
1150 17th Street, N.W.
Washington, DC 20036
202-423-2151
202-403-3092 (fax)
rblack@littler.com

Melinda S. Riechert
Morgan Lewis & Bockius LLP
Two Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306
(650) 843-4000
(650) 843-4001 (fax)
mriechert@morganlewis.com

Robert J. Smith
Morgan Lewis & Bockius LLP
1111 Pensylvania Avenue
Washington, DC 20004
202-739-3001

Jennifer P. Svanfeldt
Morgan, Lewis & Bockius LLP
One Market Plaza
Spear Tower
San Francisco, CA 94105
415-442-1276
415-442-1001 (fax)
jsvanfeldt@morganlewis.com

6

Plaintiffs' Motion for Leave to File Motion for Reconsideration
Case No. 3:09-cv-003596-CRB, *Johnson, et al., v. Hewlett-Packard Co.*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: May 6, 2014

*/s/ Jonathan Parrott*
Jonathan Parrott