FILED

JUL 08 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEFFREY JOHNSON; JENNIFER RIESE; JAMES PURVIS; SHAUN SIMMONS, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> HEWLETT-PACKARD COMPANY, <br><br> Defendant - Appellee. | No. 11-17062 <br><br> D.C. No. 3:09-cv-03596-CRB Northern District of California, San Francisco <br><br> ORDER |

Before: W. FLETCHER, GOULD, and CHRISTEN, Circuit Judges.

Defendant-Appellee Hewlett-Packard Company requests attorneys' fees under California Labor Code section 218.5 because it was the prevailing party in this litigation and Plaintiffs-Appellants requested attorneys' fees in their complaint. Before January 1, 2014, California law provided: "In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action." Cal. Lab. Code § 218.5 (2013). The current version of section 218.5, which took effect on January 1, 2014, makes it more difficult for a prevailing employer to get fees, but that version is not retroactively applicable and

does not apply to this case, which began in 2009.[1]  *See McClung v. Emp't Dev. Dep't*, 99 P.3d 1015, 1021 (Cal. 2004).  And the California Supreme Court has held that section 218.5 "awards fees to the prevailing party whether it is the employee or the employer; it is a two-way fee-shifting provision." *Kirby v. Immoos Fire Prot., Inc.*, 274 P.3d 1160, 1162 (Cal. 2012).

Accordingly, we GRANT Hewlett-Packard's application for attorneys' fees.  However, we refer the consideration of an appropriate and reasonable fee award to the Court's special master, Appellate Commissioner Peter L. Shaw, who shall conduct whatever proceedings he deems appropriate, and who shall issue a recommendation to the panel concerning an award of appropriate fees and expenses.  *See* Ninth Cir. R. 39-1.9.

Although we conclude that Hewlett-Packard is entitled to fees, in at least some amount, we ask that the Appellate Commissioner consider the following factors in making his recommendation: (1) Plaintiffs-Appellants' ability to pay the requested fee award, *cf. In re Marriage of Sullivan*, 691 P.2d 1020, 1024 (Cal. 1984); (2) the relative size of the parties and the totality of the circumstances of

---

[1] The current version of section 218.5 states that "if the prevailing party in the court action is not an employee, attorney's fees and costs shall be awarded pursuant to this section *only if the court finds that the employee brought the court action in bad faith.*" Cal. Lab. Code § 218.5 (2014) (emphasis added).  The pre-2014 version applicable here, however, does not contain a bad faith requirement.

2

this appeal, *see Meister v. Regents of Univ. of Cal.*, 78 Cal. Rptr. 2d 913, 923 (Ct. App. 1998); (3) whether Hewlett-Packard overstaffed or overworked the case so as to render any part of its fees request unreasonable, *see Serrano v. Unruh*, 652 P.2d 985, 994 (Cal. 1982); (4) whether the fees requested are properly allocated only to wage claims on which Hewlett-Packard prevailed, *see Akins v. Enter. Rent-A-Car Co.*, 94 Cal. Rptr. 2d 448, 452 (Ct. App. 2000); and (5) the implications, if any, of the amendment to section 218.5, in cases where it is not retroactively applicable. Finally, we are "not bound by the amount sought by" Hewlett-Packard, and we have "discretion to award . . . a lesser sum." *Robertson v. Rodriguez*, 42 Cal. Rptr. 2d 464, 472 (Ct. App. 1995).

**IT IS SO ORDERED.**