IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY JOHNSON, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>　　　　Defendant.<br>_____ / | No. C 09-03596 CRB<br><br>**ORDER RE PLAINTIFFS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION, DEFENDANT'S MOTION FOR ATTORNEYS' FEES, AND DEFENDANT'S REQUEST FOR COSTS** |

　　　　Plaintiffs Jeffrey Johnson, Jennifer Riese, Shaun Simmons, and James Purvis brought suit against Hewlett-Packard, claiming breach of employment contract, unjust enrichment, promissory estoppel, and violations of California Labor Code and wage orders, the California Unfair Business Practices Act, and the Colorado Wage Claim Act. The Court granted Defendant's motions for summary judgment against all Plaintiffs and denied Plaintiffs' Motion to File a Fourth Amended Complaint. Before the Court is Plaintiffs' Motion for Leave to File a Motion for Reconsideration of this Court's prior order regarding California Labor Code section 218.5. Also before the Court is Defendant's Request for Costs and Amended Motion for Attorneys' Fees. The Court (1) DENIES Plaintiffs' Motion for Leave to File a Motion for Reconsideration; (2) DENIES Defendant's Motion for Attorneys' fees as to Plaintiffs Johnson, Riese, and Simmons; (3) GRANTS in part Defendant's Motion for Attorneys' fees as to Plaintiff Purvis; (4) DENIES the award of attorneys' fees against Plaintiffs' counsel; and (5) GRANTS in part Defendant's Request for Costs.

**I.　PROCEDURAL HISTORY**

　　　　Plaintiffs Jeffrey Johnson, Jennifer Riese, Shaun Simmons, and James Purvis (collectively, "Plaintiffs") brought this class action for unpaid bonuses and commissions (together, "wages") against their former employer, Hewlett-Packard Company ("HP" or "Defendant"). Originally, only Johnson, Riese, and Simmons, who are all residents of Colorado (hereinafter "Colorado Plaintiffs"), were named plaintiffs in the suit. See First Am.

Compl. ("FAC") (dkt. 8) ¶¶ 4-6. The Colorado Plaintiffs alleged five causes of action including (1) breach of contract, (2) unjust enrichment, (3) promissory estoppel, (4) violations of the California Labor Code, and (5) violations of the California Unfair Business Practices Act, and also demanded an accounting. Id. They made no claims under Colorado law. See id.

In January 2010, HP moved to dismiss the Colorado Plaintiffs' claims under the California Labor Code and California Business and Professions Code, arguing that those claims were "predicated on an unconstitutional application of California law to non-California residents." See Def.'s Mot. to Dismiss FAC (dkt. 20) ¶ 4. The Court denied the motion and allowed the Colorado Plaintiffs to amend their complaint. Minute Entry Mar. 5, 2010 (dkt. 43). They amended it with claims under the Colorado wage statute but maintained that California law applied to non-California employees. See Second Am. Compl. ("SAC") (dkt. 44) ¶¶ 94, 139-52.

In May 2010, HP moved to strike the Colorado Plaintiffs' California claims from the SAC, arguing that "[n]on-California Plaintiffs have no right to sue for violation of California law and such representation would result in an unconstitutional application of California law to non-California residents." See Def.'s Am. Mot. to Strike (dkt. 52) ¶ 1. Finding "no authority for the proposition that workers who never set foot in California are protected by California employment law," the Court granted HP's motion to strike those claims as to the non-California employees. Order on Mot. to Strike (dkt. 62) at 7-8. The Court instructed the Colorado Plaintiffs to amend their complaint, clarifying "that only those employees who worked for some period in California are suing under California employment law." Id. at 2-3. Plaintiffs filed a Third Amended Complaint ("TAC")—the operative complaint—adding California Plaintiff James Purvis to represent the putative subclass of California employees and indicating that only Purvis and HP's California employees would pursue claims under California law. See TAC (dkt. 69) ¶¶ 8, 94.

In February 2011, HP filed a separate motion for summary judgment directed at each of the named Plaintiffs and all of their claims. Mot. for Summ. J. re Johnson (dkt. 147); Mot.

2

for Summ. J. re Riese (dkt. 140); Mot. for Summ. J. re Simmons (dkt. 153); Mot. for Summ. J. re Purvis (dkt. 148). HP argued, inter alia, that none of the Plaintiffs had any evidence that they actually earned specific bonuses and commissions that were never paid. See Mem. P. & A. re Johnson Summ. J. (dkt. 151) at 7-8, 10-16, 20-23; Mem. P. & A. re Riese Summ. J. (dkt. 141) at 9-10, 13-18, 22-25; Mem. P. & A. re Simmons Summ. J. (dkt. 150) at 8-10, 12-17, 21-24; Mem. P. & A. re Purvis Summ. J. (dkt. 160), Ex. A. at 8-17, 21-24. Plaintiffs filed oppositions for Purvis and the Colorado Plaintiffs. Dkt. 191. In opposition, Plaintiffs relied heavily on evidence of general problems with HP's Omega pay system. See Order Granting Summ. J. (dkt. 240) at 17. Notwithstanding the evidence that HP's Omega software tool was deeply flawed, the Court ruled that none of the Plaintiffs had linked "HP's problems with actual failure to pay them what they were owed under the sales contracts." Id. The Court granted all four summary judgment motions in their entirety. Id. at 34.

Plaintiffs filed a notice of appeal from the judgment on August 26, 2011. Dkt. 247. The Ninth Circuit affirmed this Court's rulings on September 5, 2013. USCA Mem. (dkt. 271). Plaintiffs petitioned for panel and en banc rehearing, and the Ninth Circuit denied the petition on October 25, 2013. See USCA Order (dkt. 275).

While Plaintiffs' appeal was pending, HP filed a bill of costs (dkt. 251) and a motion for attorneys' fees (dkt. 260). After deferring briefing pending the appeal, the Court granted HP's motion to resume briefing on fees and costs and instructed HP to file an amended motion for fees. See Order Deferring Briefing (dkt. 265); Order Resuming Briefing (dkt. 282). HP filed the pending motion for fees on December 6, 2013. Am. Mot. for Attorneys' Fees (dkt. 284).

## II. PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION

HP moved for attorneys' fees pursuant to California Labor Code section 218.5.[1] Am. Mot. for Attorneys' Fees. In 2013, the California legislature amended section 218.5,

---

[1] Except where otherwise noted, henceforth all statutory references are to the California Labor Code.

3

effective January 1, 2014.  See Cal. Lab. Code § 218.5 (2014).  On March 10, 2014, the Court ruled that the amended version of section 218.5 is not retroactively applicable to HP's Motion for Attorneys' Fees.  Order re Am. Section 218.5 (dkt. 309).  On May 6, 2014, Plaintiffs filed their pending Motion for Leave to File a Motion for Reconsideration of that ruling.  Mot. for Leave (dkt. 317).

On July 8, 2014, the Ninth Circuit issued an order awarding HP attorneys fees on appeal, pursuant to section 218.5.  COA Fees Order (appellate dkt. 81).  The Ninth Circuit ruled that the amended version of section 218.5 is not retroactively applicable to this case.  Id.  Consistent with the Ninth Circuit's ruling, the Court DENIES Plaintiffs' Motion for Leave to File a Motion for Reconsideration.

### III.   DEFENDANT'S MOTION FOR ATTORNEYS' FEES

#### A.   Legal Standard

A federal court sitting in diversity applies the law of the forum state to a motion for attorneys' fees.  Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000).  Likewise, a federal court sitting in diversity applies the conflict-of-law principles of the forum state.  S.A. Empresa De Viacao Aerea Rio Grandense v. Boeing Co. ("Boeing"), 641 F.2d 746, 749 (9th Cir. 1981); see also Cutler v. Bank of Am. Nat'l Trust & Sav. Ass'n, 441 F. Supp. 863, 865 (N.D. Cal. 1977) ("Where the forum state would look to another state's law on that issue, the federal court must do likewise.").  Furthermore, "[a] separate choice of law inquiry must be made with respect to each issue in a case."  Boeing, 641 F.2d at 749.

California law allows a party to recover attorneys' fees only when provided for by contract or statute.  Cal. Code Civ. Proc. §§ 1021, 1033.5(a)(10).  Under California Labor Code section 218.5,[2] attorneys' fees "shall" be awarded to the prevailing party in "any action brought for the nonpayment of wages."  Cal. Lab. Code § 218.5; see also Earley v. Super. Ct., 79 Cal. App. 4th 1420, 1427 (2000) ("Section 218.5 entitles the prevailing party, in any action for 'wages,' to a mandatory award of costs and attorney's fees.").

---

[2] Henceforth, all references to section 218.5 will be to the pre-amendment version, consistent with this Court's March 10, 2014 order .  See Cal. Lab. Code § 218.5 (1986); Order re Am. Section 218.5.

4

### B. HP's Motion for Attorneys' Fees Is Granted in Part As to James Purvis, but Denied As to the Colorado Plaintiffs

As the prevailing party, HP moves the Court to award $159,634.38 in attorneys' fees under section 218.5.[3] Am. Mot. for Attorneys' Fees at 23; Brafford Decl. (dkt. 284-1), Ex. C. Although HP seeks fees only for work related to defending Purvis's California claims, HP asks the Court to enter the fees award against all four Plaintiffs. See Am. Mot. for Attorneys' Fees at 8, 17; Brafford Decl. ¶ 19. Plaintiffs do not contest that section 218.5 authorizes an award of fees against Purvis. See generally id.

Using the Lodestar method, HP requests $159,634.38 in fees. Am. Mot. for Attorneys' Fees at 23. "[A] court assessing attorney fees begins with a touchstone or lodestar figure, based on the 'careful compilation of the time spent and reasonable hourly compensation of each attorney . . . involved in the presentation of the case." Ketchum v. Moses, 24 Cal. 4th 1122, 1131-32 (2001). Although the lodestar figure is presumptively reasonable, see Morales v. City of San Rafael, 96 F.3d 359, 363 n.8 (9th Cir. 1996), the Court is "not bound by the amount sought by defendants and ha[s] discretion to award them a lesser sum." Robertson v. Rodriguez, 36 Cal. App. 4th 347, 362 (1995); see also Thayer v. Wells Fargo Bank, N.A., 92 Cal. App. 4th 819, 834 (2001) ("There is no hard-and-fast rule limiting the factors that may justify an exercise of judicial discretion to increase or decrease a lodestar calculation.").

Plaintiffs do not dispute the reasonableness of the billing rates, but object that (1) HP's record-keeping is deficient and contains "block billing," and (2) the hours billed are excessive and duplicative. See Response. First, Plaintiffs object that "HP has not made any effort to demonstrate how many of the entries were directly related solely to the California Labor Claims of James Purvis." See id. at 28. However, HP need only demonstrate that the entries relate to Purvis's claims for unpaid wages under any legal theory. See Lutz v.

---

[3] A party can move for fees under section 218.5 if they are (1) the prevailing party in (2) a wage claim, and (3) at least one party "request[ed] attorneys' fees and costs upon initiation of the action." Cal. Lab. Code § 218.5. Plaintiffs' complaints and HP's answer requested fees, satisfying this final requirement of section 218.5. See FAC; SAC; TAC; Answer to TAC (dkt. 71).

United States District Court
For the Northern District of California

Sortwell, 2011 WL 3241626, at *9 (Cal. Ct. App. July 29, 2011) (section 218.5 is a source of fees for unpaid wage claim under partnership theory). HP has already attempted to separate entries pertaining to Purvis from those pertaining to the Colorado Plaintiffs. See Brafford Decl., Ex. A.

Plaintiffs next argue that HP's records are insufficient because of "block billing," or billing for multiple tasks in a single entry and masking the time spent on specific tasks. Response at 25, 27-28. HP has chosen to account for the "block billing" by reducing those entries to a fraction that represents only work connected to Purvis's claims. Brafford Decl. ¶ 23. Given HP's success in this Court and on appeal, HP's billings are presumptively reasonable, and so the "block billing" is less problematic where HP has clearly made an effort to apportion its block entries. See Hensley v. Eckerhard, 461 U.S. 424, 435 (1983) (degree of success is critical in determining reasonable fee and attorneys are normally compensated for all hours reasonably expended). The Court finds that HP's record-keeping is sufficient to support its motion.

Plaintiffs also argue that HP's time entries suggest excessive and duplicative work. Response at 24-27. HP requests fees for 488.94 hours billed by eighteen attorneys and three paralegals for defending Purvis's claims. See Brafford Decl., Exs. A, C. After evaluating the specific entries that Plaintiffs challenge, the Court finds that the below categories of work are duplicative or excessive. The Court reduces HP's award from $159,634.38 as requested to $79,315.85. The Court arrives at this reduced figure after deducting $80,318.53 for excessive hours in the following categories:

- Eight attorneys and one paralegal collectively billed over 36 hours to prepare HP's answer to the TAC and nearly 9 hours for HP's amended answer. The charges for this work totaled $16,989.02. See Brafford Decl., Exs. A, C. Finding the number of individuals involved to be excessive and duplicative, the Court reduces this group of billings and awards $5,850.

- Three attorneys and two paralegals billed at least 104.6 hours and $28,150.50 solely in preparing for the deposition of James Purvis. See Brafford Decl., Exs. A, C. Finding the hours spent to be excessive and duplicative, the Court reduces this group of billings and awards $9,000.

- Two attorneys billed a total of 17.7 hours and $9,544.50 to take James Purvis's deposition. See Brafford Decl., Exs. A, C. Finding the hours spent to be

6

      excessive and duplicative, the Court reduces this group of billings and awards $2,607.00.

- One attorney billed 3.2 hours and $1,024 to prepare a two-page notice of motion for summary judgment. <u>See</u> Brafford Decl., Exs. A, C; Notice of Summ J. Mot. (dkt. 148). The Court declines to award these fees.

- Eight attorneys and one paralegal collectively billed at least 208.5 hours and $78,756.01 to research and prepare the motion for summary judgment and reply against James Purvis. <u>See</u> Brafford Decl., Exs. A, C. This figure includes over $6,000 billed for preparing an amended summary judgment motion because HP chose to file its original motion before deposing Purvis. <u>Id.</u> Finding the number of individuals and hours expended to be excessive and likely inefficient, the Court reduces this group of billings and awards $36,688.50.

      The total reductions made by the Court for these categories of work equal $80,318.53. Apart from the above categories of work, HP's hours are presumptively reasonable. <u>See</u> <u>Morales</u>, 96 F.3d at 363 n.8; <u>Hensley</u>, 461 U.S. at 435. Accordingly, HP's motion for fees is GRANTED in part. The Court deducts $80,318.53 from HP's request of $159,634.38 and awards $79,315.85 against Purvis.

      Had HP sought an award of fees against Colorado Plaintiffs for the work required to defend against the Colorado Plaintiffs' section 218.5 claims, HP likely would have prevailed. Instead, HP specifically declined to seek fees for all work predating this Court's Order striking the Colorado Plaintiffs' section 218.5 claims. <u>See, e.g.</u>, Bradford Decl. Ex. A (billing for fees incurred from July 22, 2010 forward, the day after Plaintiffs added Purvis in the TAC, and weeks after this Court granted HP's motion to strike the Colorado Plaintiffs' section 218.5 claims). HP would have this Court order Colorado Plaintiffs to pay the fees accrued defending against Purvis' claims. HP's argument fails because it lacks mutuality. HP wants fees awarded against the Colorado Plaintiffs only for that portion of the litigation for which Colorado Plaintiffs, had they prevailed, would not have been able to recover fees from HP. That is, once the Court struck the Colorado Plaintiffs' section 218.5 claims, they would have been unable to recover fees from HP under that section. Therefore, while HP would have been entitled to recover fees incurred defending against the Colorado Plaintiffs' section 218.5 claims through the Motion to Strike, HP is not entitled to fees from the

Colorado Plaintiffs after the Order granting the Motion to Strike. The Court DENIES HP's motion as to the Colorado Plaintiffs.

## IV. MOTION FOR ATTORNEYS' FEES AGAINST PLAINTIFFS' COUNSEL

HP moves the Court to order Plaintiffs' counsel jointly liable for the award of attorneys' fees against Plaintiffs for engaging in "unduly aggressive litigation tactics." Am. Mot. for Attorneys' Fees at 3. HP has also asked the Court to grant a separate award of sanctions in the amount of $141,613.53 solely against Plaintiffs' counsel. Id. at 23.

### A. Legal Standard

Whenever an attorney "so multiplies the proceedings in any case unreasonably and vexatiously," the Court may award sanctions to compensate the opposing party for excess costs and fees reasonably incurred because of such conduct. 28 U.S.C. § 1927. However, "[t]he strong public policy in favor of the peaceful resolution of disputes in the courts requires that attorneys not be deterred from pursuing legal remedies because of a fear of personal liability. To decide otherwise 'would inject undesirable self-protective reservations into the attorney's counselling role,' and prevent counsel from devoting their entire energies to their clients' interests." See In Re Marriage of Flaherty, 31 Cal. 3d 637, 647 (1982). For this reason, courts award sanctions sparingly.

### B. Awarding Fees Against Plaintiffs' Counsel is Improper

HP relies on Villalobos v. Guertin, 2009 WL 4718721, at *5 for the proposition that Plaintiffs' counsel should participate in the award of attorneys fees against their clients, and relies on 28 U.S.C. § 1927 for its request that counsel be separately sanctioned. See Am. Mot. for Attorneys' Fees at 19-23. However, the kinds of conduct that would justify the two awards are characteristically different, and HP's motion muddles the distinction. See id. This case is unlike Villalobos and the Court finds no reason to order counsel to participate in the award of fees. The Court also finds insufficient grounds to separately sanction Plaintiffs' counsel.

### 1. It Would Be Improper to Order Counsel Liable for the Fees Awarded Against Plaintiffs

HP argues that, in certain circumstances, fees awarded under section 218.5 may be awarded against counsel. Am. Mot. for Attorneys' Fees at 19-23 (citing Villalobos, 2009 WL 4718721, at *5). In Villalobos, counsel failed to identify the correct defendants in the pleadings and subsequently failed to timely amend, resulting in dismissal of plaintiff's claims. 2009 WL 4718721, at *5. In light of counsel's failure to attentively prosecute the case, the court concluded that "equity demands that the award be paid by plaintiff's counsel." Id. Villalobos is a poor fit for this case. Here, HP's chief complaint that Plaintiffs used "unduly aggressive litigation tactics" is essentially the opposite of the situation presented in Villalobos. See Am. Mot. For Attorneys' Fees at 3. Counsel's prosecution of this case shares no resemblance to the ineptitude in Villalobos, and it is more appropriate to scrutinize Plaintiffs' allegedly "aggressive litigation tactics" under a motion for sanctions. Accordingly, the Court adheres to the "general rule" that fee awards are to be paid by the parties. See Villalobos, 2009 WL 4718721, at *5.

### 2. It Would Be Improper to Sanction Counsel Under 28 U.S.C. § 1927

HP also moves for sanctions and lists the following conduct to justify that award: (1) counsel's arguments in the FAC and SAC that the Colorado Plaintiffs had standing to pursue claims under California law; (2) the addition of Jeffrey Kossick—a plaintiff with no standing—to the SAC; (3) Plaintiffs' challenge to Discovery Magistrate Order No. 9 relating to the definition of "Omega;" and (4) Plaintiffs' motion to amend their TAC to expand the definition of "Omega." See Brafford Decl. ¶ 20.

Sanctions against an attorney are an extraordinary remedy that courts should resort to sparingly. See In Re Marriage of Flaherty, 31 Cal. 3d at 647. Here, Plaintiffs' counsel appears to have unnecessarily multiplied the proceedings in this litigation, but recognizing the undesirable chilling effect of sanctions, the Court is unconvinced that counsel's prosecution of this case rose to a sanctionable level of misconduct. HP's request for attorneys' fees against Plaintiffs' counsel is DENIED.

9

## V. REQUEST FOR COSTS

HP moves for costs pursuant to Federal Rule of Civil Procedure 54(d)(1). Rule 54(d)(1) creates a presumption in favor of awarding costs to a prevailing party but vests in the courts discretion to refuse to award costs. Ass'n of Mexican-American Educators v. State of Cal. ("AMAE") 231 F.3d 572, 592 (9th Cir. 2000); Fed. R. Civ. P. 54(d)(1). Here, HP seeks $695,536 in costs. See Bill of Costs. The Court GRANTS HP's request for costs but reduces the award to $86,317.60 as follows.

- HP requests $603,824.40 for electronic discovery processing and hosting fees. Bill of Costs at 5. The burden is on HP to "itemize its costs with enough detail to establish they are taxable." Petroliam Nasional Berhad v. GoDaddy.com, Inc., 2012 WL 1610979 (N.D. Ca. May 8, 2012) at*4. The invoices attached by HP are too vague for the Court to determine what charges are for allowable conversion costs and which are for unallowed processing costs. Therefore the Court declines to award these costs.

- HP requests $2,894 as a deposition airfare expense for John Oliver. Bill of Costs at 4. The Court finds that this expense was unnecessary and declines to award it.

- HP requests $56,937.12 in Special Master fees. Bill of Costs at 5. The Court awards these fees less the $2,500 in sanctions the Special Master ordered against HP and which has yet to be paid.

## VI. CONCLUSION

For the foregoing reasons, the Court (1) DENIES Plaintiffs' Motion for Leave to File a Motion for Reconsideration; (2) DENIES HP's Motion for Attorneys' fees as to Plaintiffs Johnson, Riese, and Simmons; (3) GRANTS in part HP's Motion for Attorneys' fees as to Plaintiff Purvis, reducing the award from $159,634.38 to $79,315.85; (4) DENIES HP's Motion for Attorneys' Fees as to Plaintiffs' counsel; and (5) GRANTS HP's Request for Costs, reducing the award from $695,536 to $86,317.60.

**IT IS SO ORDERED.**

Dated: July 24, 2014

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

10